# EXHIBIT D

**FILED** ᴹᵞ

**MAY 2 9 2020**

**BIG VALLEY RANCHERIA**

# ARTICLES OF ORGANIZATION

## of

## ZENRESOLVE, LLC

Peak Servicing, LLC ("Peak Servicing"), a wholly-owned limited liability company of the Big Valley Band of Pomo Indians of the Big Valley Rancheria, a federally recognized Indian tribe ("Tribe"), hereby authorizes these Articles of Organization to be filed with the Tribal Secretary pursuant to the Big Valley Band of Pomo Indians of the Big Valley Rancheria Business Ordinance ("Ordinance"), for the purpose of creating the Tribal subsidiary limited liability company called ZenResolve, LLC ("Company") described herein, as a subsidiary of Peak Servicing.

The Company described herein is to be a wholly-owned and operated economic arm of the Tribe, of which Peak Servicing is the sole member ("Member"). Management of the Company shall be vested in the Member, and the Company shall be Member-managed.

Section 1. Name. The name of the Company is:

ZenResolve, LLC

Section 2. Duration. The period of existence of the Company shall be perpetual, except that the Company may have these Articles of Organization amended or restated or the Company may be dissolved in accordance with the Ordinance.

Section 3. Purposes and Powers.

3.1. Purposes. The Company is formed pursuant to and shall be subject to the laws of the Tribe and shall at all times be a wholly-owned, separate limited liability entity acting as an economic arm of the Tribe. Peak Servicing, as the sole Member of the Company, shall have the sole proprietary interest in and shall have sole responsibility for the conduct of the activities of the Company. The purpose for which the Company is organized is to engage in all business activities allowable pursuant to applicable law, including but not limited to consumer finance, loan servicing and loan collection. The Company operates: (1) to serve the social, economic, educational and health needs of the Tribe; (2) to create and stimulate the economy of the Tribe, provide Tribal revenues and enhance the Tribe's economic self-sufficiency and efforts related to self-determination; (3) to provide positive, long-term social, environmental and economic benefits to Tribal members by enhancing the Tribe's business undertakings and prospects; (4) to generate revenues for the Company to utilize in furtherance of the purposes of the Company for the ultimate benefit of the Tribe and its members; (5) to engage in any lawful act or activity for which a limited liability company may be organized under the laws of the Tribe including creation of subordinate entities; and (6) to work cooperatively with other Tribal corporations, limited liability companies or entities of the Tribe and to chart and to fulfill the long-term and immediate business goals of the Tribe.

3.2. Powers. In order to effectuate the purposes set forth in Section 3.1, the Company has the power to engage, participate and provide any type of service in the consumer finance and loan servicing and loan collection sectors, and to engage in such business activity to generate additional revenues, enhance self-sufficiency and self-determination of the Tribe. In furtherance of the purposes set forth in Section 3.1, the Company shall have all of the rights, powers, privileges and federal immunities of the Tribe. The Company shall have the authority as an instrumentality and agency of the Tribe to carry out all responsibilities as necessary, suitable or proper for the accomplishment of any of its purposes consistent with Tribal law. Without in any way limiting the scope and generality of the foregoing, the Company shall have and may exercise all powers granted to limited liability companies as outlined in Chapter 3, Section 1.4 of the Ordinance, and as may be limited by the Operating Agreement.

3.3. Purposes and Powers Not Limited. The purposes and powers described herein shall not be held to limit or restrict the Company's general powers and privileges now or hereafter conferred by the laws of the Tribe upon limited liability companies formed under the Ordinance, or the accomplishment of any purpose now or hereafter permitted to the Company pursuant to these Articles of Organization.

Section 4. Immunities of the Company and Personnel.

4.1. Jurisdictional Immunity of the Company. The Company shall have all of the Tribe's rights, privileges and immunities concerning federal, state, and local taxes, regulation, and jurisdiction, to the same extent that the Tribe would have such rights, privileges, and immunities if it engaged in the activities undertaken by the Company.

4.2. Sovereign Immunity of the Company and Personnel. The Company shall have all of the rights and privileges afforded the Tribe, including but not limited to the fullest measure of the Tribe's sovereign immunity, which is extended to the Company as if the Tribe itself were engaged in the activities undertaken by the Company. It is the intention of the Tribe that, by conferring such privileges and immunities, sovereign immunity from unconsented suit shall also apply to the Company's managers, officers, subsidiaries, and employees acting on behalf of the Company. The Company shall have the power to sue and may consent to be sued in tribunals of competent jurisdiction (including arbitral forums), provided, however, that:

(a) No such consent to suit shall be effective against the Company in any manner and to any extent whatsoever unless such consent is:

(1) Explicit,

(2) Contained in a written contract or commercial document to which the Company is a party, and

(3) Approved by the Member;

(4) Limited in duration and to a particular forum; and

(5) Any recovery against such Company shall be limited to the assets of the Company and shall not provide recourse to any other assets of the Tribe or other Tribal entity, and shall be in the manner and to the extent as explicitly set forth in such consent.

Unless approved by resolution of the Business Committee, consent to suit by the Company shall in no way extend to an action against the Tribe, nor shall consent to suit by the Company in any way be deemed a waiver of any of the rights, privileges, or immunities of the Tribe. The Tribe shall not be liable for the payment or performance of any of the obligations of the Company, and no recourse shall be had against any assets or revenues of the Tribe, aside from those of the Company, in order to satisfy the obligations of the Company.

The sovereign immunity of the Company shall not extend to actions against the Company by the Tribe.

Section 5. <u>Principal Place of Business; Mailing Address; Registered Agent</u>.

5.1. <u>Principal Place of Business</u>. The Company shall be a resident of and maintain its corporate headquarters on the Tribe's Rancheria, but may conduct its business activities any place in or outside of the United States. The principal place of business of the Company shall initially be 2726 Mission Rancheria Rd., Lakeport, CA 95453. The Company may have such other offices, either within or without the Tribe's Rancheria as the business of the Company may require from time to time.

5.2. <u>Mailing Address and Registered Agent</u>. The mailing address of the Company's registered office is 2726 Mission Rancheria Rd., P.O. Box 102, Finley, CA 95435 and Ben Ray, III shall serve as the registered agent.

Section 6. <u>Members</u>. Peak Servicing is the sole Member of the Company.

Section 7. <u>Operational Requirements</u>.

7.1. <u>Operating Agreement</u>. The Member shall adopt an Operating Agreement containing such provisions as the Member may deem proper, not inconsistent with the Ordinance and other Tribal laws, or these Articles of Organization. The Operating Agreement and any amendment or modification thereto must be approved by the Member.

7.3 <u>Annual Report</u>. Not more than 150 days following the end of each fiscal year of the Company, the Company shall prepare and deliver an annual report in accordance with the Ordinance.

7.4. <u>Financial Report</u>. Not more than 120 days following the end of the fiscal year of the Company, the Company shall prepare and deliver to the Member an audited financial

3

statement, including a balance sheet and a statement of income and expenses, including comparative figures from the preceding fiscal year, if applicable.

Section 8. Management. Management of the Company shall be vested in the Member.

Section 9. Duties and Powers of Member.

>9.1. Duties and Powers. The Member is vested with all powers necessary to carry out the day-to-day business and activities of the Company and shall have control and management of the business and activities of the Company.

Section 10. Indemnification. The Company shall indemnify and hold harmless any Member, current or former executive employee, Manager, or officer, against all liability, loss and reasonable costs (including without limitation, attorney's fees) incurred by such person by reason of or arising from the fact that such person is or was a Member, executive employee, Manager or officer of the Company, or is or was serving at the request of the Company as an executive employee, manager, director, officer, partner, trustee, employee, or agent of another limited liability company, corporation, partnership, joint venture, trust, benefit plan, or other enterprise; provided, that, no Person named above shall be entitled to protection under this Section (i) when such Person acts recklessly or with gross negligence or with intent to defraud any person or for any fraudulent in carrying out the business of the Company;(ii) in respect of any fraudulent, negligent, default, breach of duty, or breach of trust which he or she may be guilty; or (iii) if the Person seeking indemnification acted beyond the scope of his or her employment or office. The indemnification provided in this Section shall not be exclusive of any other rights to which any person may be entitled under any statute, bylaw, agreement, resolution of Board of Managers or Member, contract, or otherwise.

Section 11. Amendments. The Member may amend the Articles of Organization from time to time as necessary and appropriate and upon delivery to the Tribal Secretary.

*[Remainder of Page Intentionally Left Blank]*

4

Dated: 5/29/2020                                     Organizer:

PEAK SERVICING, LLC, sole Member

Name: Ben G. Ray III
Manager

5/29/2020
Date

Name: Philip Gomez
Manager

5/29/2020
Date

Name: Aleah Lerma
Manager

5/29/2020
Date

Name: Brent McFarland
Manager

5/29/2020
Date

5