UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| LORI FITZGERALD, ET AL., | CASE NO. 3:20-cv-44 |
| *Plaintiffs*, | |
| v. | MEMORANDUM OPINION & ORDER |
| JOSEPH WILDCAT SR., ET AL., | |
| *Defendants*. | JUDGE NORMAN K. MOON |

This matter is before the Court on the defendants' Motion to Stay. Dkt. 61. The defendants seek a stay of the proceedings pending a decision of the United States Court of Appeals for the Fourth Circuit in *Hengle v. Treppa*, No. 20-1062. The motion has been fully briefed and is ripe for review. Pursuant to Federal Rule of Civil Procedure 78(b) and this Court's Local Rule 11(b), the Court concludes that a hearing is not necessary to resolve the motion.

### I. BACKGROUND

The case surrounds alleged violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–68. Compl. ¶ 5, Dkt. 1. Specifically, the Complaint alleges that an entity wholly owned by the Lac du Flambeau Band of Lake Superior Chippewa Indians, a federally recognized Native American tribe, has issued and collected upon predatory loans that violate Virginia and Georgia usury laws and thus constitute "unlawful debt" under RICO. *Id.* ¶¶ 1, 5, 122–23. Along with damages and costs, the Complaint seeks declaratory judgment and injunctive relief against defendant Joseph Wildcat, Sr., in his official capacity as President of the Lac du Flambeau Band. *Id.* ¶¶ 130, 143, 150, 158.

The defendants, however, argue that (1) tribal law governs the loans at issue pursuant to choice-of-law provisions in the loan agreements and (2) federal courts lack jurisdiction to issue injunctions against officials of federally-recognized Native American tribes in suits brought by private plaintiffs seeking compliance with state law. Defs.' Reply Br. at 4, 30–31, Dkt. 60; Defs.' Mem. Supp. Mot. Stay at 2, Dkt. 62. The defendants have also moved to compel arbitration of Plaintiff Kevin Williams' claims. *Id.* at 5.

On February 2, 2021, the defendants filed a motion to stay all proceedings pending the Fourth Circuit's decision in *Hengle v. Treppa*, No. 20-1062. The plaintiffs have opposed the motion and argue that a stay is not warranted at this time.

## II.   DISCUSSION

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). Courts adjudicating motions to stay balance three factors: (1) "the interests of judicial economy," (2) "the hardship and inequity to the moving party in the absence of a stay," and (3) "the potential prejudice to the non-moving party in the event of a stay." *Stinnie v. Holcomb*, 396 F. Supp. 3d 653, 658 (W.D. Va. 2019) (quoting *Crowell v. N.C.*, No. 1:17-cv-515, 2018 WL 6031190, at *4 (M.D.N.C. Nov. 16, 2018)).

In the instant matter, the Court concludes that the balance of the three above-mentioned factors supports entry of a stay pending the Fourth Circuit's decision in *Hengle*. First, *Hengle* involves several legal questions also at issue in the present case. Those common legal issues include (1) whether loan agreement choice-of-law provisions providing for tribal law to apply violate Virginia public policy, (2) whether private litigants can sue tribal officials in their official

capacities for injunctive relief for alleged violations of state law, and (3) the enforceability of certain arbitration provisions in loan agreements. *See* Brief of Appellants at 5, *Hengle v. Treppa*, No. 20-1062 (4th Cir. June 2, 2020). Indeed, the plaintiffs themselves acknowledge that the present case "is similar to *Hengle* in many respects . . . ." Pls.' Mem. Opp'n Mot. Stay at 2, Dkt. 63. Staying the case will therefore promote judicial economy, as the Fourth Circuit's *Hengle* decision could directly impact several key issues in this case. Moreover, given that the Fourth Circuit held oral argument in *Hengle* on January 26, 2021, a stay in this case would likely be relatively short, reducing the risk of prejudice to the plaintiffs. In sum, the Court finds that entry of a stay pending the Fourth Circuit's decision in *Hengle* is reasonable and would best promote the interests of judicial economy.

### III. CONCLUSION

For the reasons set out above, the Court will **GRANT** the plaintiffs' motion to stay. The case shall be held in **ABEYANCE** until the Fourth Circuit enters a mandate in *Hengle v. Treppa*. Upon the mandate's entry, the parties shall contact the Court to schedule a hearing on the pending motion to dismiss and motion to compel arbitration.

It is so **ORDERED**.

The Clerk of the Court is directed to send a copy of this Memorandum Opinion and Order to the parties.

Entered this __13th__ day of May, 2021.

*/s/ Norman K. Moon*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE