UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

LORI FITZGERALD, *et al.*,

    Plaintiffs,

v.                                                          Civil Action No. 3:20-cv-00044-NKM-JCH

JOSEPH WILDCAT SR., *et al.*,

    Defendants.

### DEFENDANT WILLIAM CHENEY PRUETT AND SKYTRAIL SERVICING GROUP, LLC'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Defendants William Cheney Pruett and Skytrail Servicing Group, LLC submit this Memorandum in Support of their Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) and 12(b)(2).[1]

### I. INTRODUCTION

This case involves a purported class action brought by five plaintiffs ("Plaintiffs") challenging certain loans made by entities that are arms of the Lac du Flambeau Band of Lake Superior Chippewa Indians, a federally recognized Indian Tribe (the "Tribe"). In an effort to avoid well-established sovereign immunity defenses that would be fatal to Plaintiffs' claims, Plaintiffs did not sue the Tribe or the Tribe's lending entities. Instead, Plaintiffs originally sued three individuals associated with the Tribe in their personal capacities and subsequently amended the complaint to add additional non-Tribe defendants, including William Cheney Pruett ("Pruett") and Skytrail Servicing Group, LLC ("Skytrail Servicing").

---

[1] Skytrail Servicing Group, LLC has separately filed a Motion to Compel Arbitration. Skytrail joins in this Motion in the alternative to the separately filed Motion to Compel Arbitration.

1

Pruett and Skytrail Servicing are only tangentially connected to the harm the Plaintiffs allege. Neither Pruett nor Skytrail Servicing made a loan to any of the Plaintiffs, nor did any of the Plaintiffs make payments to Pruett or Skytrail Servicing. Indeed, the only Plaintiff to assert a claim against Pruett and Skytrail Servicing, Angela Maville ("Plaintiff" or "Maville"),[2] alleges that she obtained a loan from Ningodwaaswi, LLC d/b/a Sky Trail Cash ("Sky Trail Cash"), a tribal entity not named as a defendant. She repaid a portion of her loan to Sky Trail Cash. She does not allege she made any payments to either Pruett or Skytrail Servicing or that she had any direct relationship with either Pruett or Skytrail Servicing.

Despite Pruett and Skytrail's tangential connection with Maville, she asserts a claim against each for violating the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1962(c) & (d), and under common law unjust enrichment. Her claims fail as a matter of law.

With respect to Plaintiff's RICO claims, each is inadequate because it fails to allege any specific predicate conduct that either Pruett or Skytrail Servicing undertook that gives rise to liability. The claims also fail because Plaintiff's allegations, even taken as true, are inadequate for the Court to find the existence of a RICO enterprise distinct from the defendants.

Plaintiff's unjust enrichment claims against Pruett and Skytrail Servicing must also be dismissed for failure to allege that she conferred any benefit upon Pruett or Skytrail Servicing directly.

Plaintiff's claims against Pruett and Skytrail Servicing can also be dismissed based on her failure to join the Tribe, which is a necessary party. Plaintiff entered into the challenged loan contract with Sky Trail Cash, an arm of the Tribe, received the requested loan from Sky Trail Cash,

---

[2] This Memorandum also refers to "Plaintiffs" collectively when addressing the claims asserted against all the named defendants.

and made her loan payments to Sky Trail Cash. As Plaintiff's pleadings acknowledge, Skytrail Servicing was a mere vendor of Sky Trail Cash. Pruett, as the owner of Skytrail Servicing, is even more remote to the loan.

Further, Pursuant to Fed. R. Civ. P. 10(c), Pruett and Skytrail Servicing incorporate by reference the arguments and legal authorities raised in Defendants Joseph Wildcat, Sr., Jessie Lorenzo and Nicole Reynold's Brief in Support of Motion to Compel Individual Arbitration of Plaintiffs Williams, Singleton, and Maville's Claims and Stay Plaintiffs' Claims Pending Arbitration (Dkt. No. 111), including with respect to the argument that the Tribe is the real party in interest and is entitled to sovereign immunity. (*Id.* at p. 18-26.)

Finally, to the extent the Court grants Pruett and Skytrail Servicing's Motion to Dismiss Plaintiff's RICO claims, the Court should also dismiss the unjust enrichment claim under Rule 12(b)(2) because Pruett and Skytrail Servicing do not have minimum contacts with Virginia.

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff Maville is a resident of Florida who obtained a single loan from non-party Sky Trail Cash. Amended Complaint, Dkt. No. 99 ¶ 181. The loan agreement informed Plaintiff that Sky Trail Cash is an "economic development arm of, instrumentality of, and a limited liability company wholly-owned and controlled by, the Lac du Flambeau Band of Lake Superior Chippewa Indians." *See* Declaration of Geoffrey H. Kozen ("Kozen Decl."), Exh. A, attached as Exhibit 1. It further informed Plaintiff that the "Tribe is a federally-recognized Indian tribe." *Id.* In signing the loan contract, Plaintiff agreed that the contract and disputes related to it would be governed by Tribal law. *Id*.

Despite knowingly agreeing that the loan would be governed by Tribal law, Plaintiff nevertheless alleges that her loan is void and usurious under Florida law. Further, despite the crux of her argument being that the loan is illegal under Florida law, Plaintiff has not sued her lender–

3

–Sky Trail Cash—or the Tribe that created and owns Sky Trail Cash—the Lac du Flambeau Band of Lake Superior Chippewa Indians. Instead, she sued only Skytrail Servicing, a third-party service provider that provides Sky Trail Cash marketing, lead generation, technology platforms, payment processing, servicing, and collection services, and Skytrail Servicing's owner, Pruett. (Am. Compl. ¶ 103.)

## III. LEGAL STANDARD

To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). But while the Court must accept factual allegations as true at this stage, it need not accept as true "a legal conclusion couched as a factual allegation," *Papasan v. Allain,* 478 U.S. 265, 286 (1986); conclusory allegations devoid of any reference to actual events, *United Black Firefighters of Norfolk v. Hirst,* 604 F.2d 844, 847 (4th Cir. 1979); or "allegations that are merely conclusory, unwarranted deductions of fact or unreasonable inferences." *Veney v. Wyche,* 293 F.3d 726, 730 (4th Cir. 2002); *see also Doe v. Va. Polytechnic Inst. & State Univ.,* No. 7:21-cv-00378, 2022 U.S. Dist. LEXIS 134267, at *8 (W.D. Va. July 28, 2022). In addition, a heightened pleading standard applies where the plaintiff's claim sounds in fraud. *Spaulding v. Wells Fargo Bank, N.A.*, 714 F.3d 769, 781 (4th Cir. 2013).

The Court may consider "documents attached to the complaint," *see* Fed. R. Civ. P. 10(c), as well as those that are not attached, but "integral to the complaint." *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). "If a conflict exists 'between the bare allegations of the complaint and any exhibit attached,' then the 'exhibit prevails.'" *David v. Winchester Med. Ctr.*, 759 F. App'x 166, 168 (4th Cir. 2019) (quoting *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016)).

4

IV. ARGUMENT

    A. **All claims against Pruett and Skytrail Servicing must be dismissed under Rule 19 because the Tribe and Sky Trail Cash are indispensable parties that cannot be joined.**

In the interest of preserving judicial economy, and as permitted by Fed. R. Civ. P. 10(c), Pruett and Skytrail Servicing adopt and incorporate by reference as if set forth in full herein Tribal Defendants' Memorandum of Law in Support of their Motion to Compel Arbitration. (Dkt. No. 111, at 18-26.)

    B. **Plaintiffs' RICO claims are inadequately pleaded as to Pruett and Skytrail Servicing.**

        1. **Maville impermissibly fails to specify which complained-of conduct was undertaken by Skytrail Servicing or Pruett.**

Maville's § 1962(c) RICO claim lumps all Defendants together without articulating what specific misconduct each is alleged to have engaged in. As set forth more fully in the Tribal Defendants' Brief in Support of their Motion to Dismiss (Dkt. No. 113), that alone is sufficient grounds to dismiss the claim. *See Hill v. Stryker Sales Corp.,* No. 4:13-cv-0786-BHH, 2014 WL 4198906, at *2 (D.S.C. Aug. 20, 2014); *McCrea v. Wells Fargo,* No. CV RDB-18-2490, 2019 WL 2513770, at *7 (D. Md. June 17, 2019), *motion for relief from judgment denied,* No. CV RDB-18-2409, 2019 WL 4962022 (D. Md. Oct. 8, 2019); *Hirsch v. Ensurety Ventures, LLC,* No. 3:17-cv-1215-J-39JBT, 2019 WL 8370863 (M.D. Fla. Aug. 6, 2019), *aff'd,* 805 F. App'x 987 (11th Cir. 2020).

While the Amended Complaint includes 208 paragraphs, a close review reveals that the factual allegations specific to Pruett and Skytrail Servicing are sparse. Instead, Plaintiffs lean on

general allegations as to how the "Defendants" operated and what "Defendants" knew.[3] For example, Maville alleges that:

- Defendants, together with others not yet known to Plaintiffs, marketed, initiated, and collected usurious loans throughout the country, including in Virginia, Georgia, Maryland, Florida, as well as other states with similar law." (Am. Compl. ¶ 141.)

- "Defendants knew the loans were illegal . . . ." (*Id.* at ¶ 142.)

- "They" allegedly "charged astronomical interest rates that far exceeded the rates allowed by applicable state laws." (*Id.* at ¶ 143.)

None of these are specific to either Pruett or Skytrail Servicing. Indeed, it is clear that Pruett did not market, initiate, or collect loans throughout the country, and Pruett certainly did not individually charge any interest rate. He also did not collect or receive the principal, interest, or charges from any loan, including any amount paid by Maville or any other named Plaintiff. Because the facts on which Plaintiffs base their RICO claims unquestionably do not apply to Pruett, and because Plaintiffs fail to plead any other specific conduct by Pruett on which those claims could rest, dismissal is appropriate. *See Jackson v. Warning,* No. CVV PJM 15-1233, 2016 WL 7228866, at *4 (D. Md. Dec. 13, 2016) (quoting *Iqbal,* 556 U.S. at 663).

Similarly, Plaintiffs allege that Sky Trail Cash made the loan and received the principal, interest, and charges from the loan—not Skytrail Servicing. Am. Compl. ¶¶ 181-82. Skytrail Servicing is not alleged to have either charged an interest rate or received payments from any loan, including any amount paid by Maville or any other named Plaintiff. Although Skytrail Servicing may have provided administrative services to Sky Trail Cash related to Sky Trail Cash's loan business, the allegations of wrongdoing that substantiate the RICO claim are not alleged to apply

---

[3] Pruett incorporates the Tribal Defendants' bullet point summary of the Amended Complaint's allegations. (*See* Dkt. No. 113, at p. 6.)

to Skytrail Servicing. As Plaintiffs have offered no allegations specific to Skytrail Servicing, the RICO claims against it must also be dismissed.

### 2. Maville fails to sufficiently allege the existence of a RICO enterprise.

Maville's RICO claims against Pruett and Skytrail Servicing also fail for the independent reason that Maville has not adequately alleged the existence of a RICO enterprise, a required element of the claim. *Myers v. Lee,* No. 1:10-cv-131 (AJT) (JFA), 2010 WL 3745632, at *3 (E.D. Va. Sept. 21, 2010). To plead a claim under RICO, a plaintiff must allege the existence of an enterprise (known as the "RICO enterprise") that is corrupted by the wrongful conduct of defendants (known as "RICO persons."). A "RICO person must be distinct from the RICO enterprise." *Myers,* 2010 WL 3745632, at *3. "[R]ote allegations that Defendants 'operated' and 'conducted the business of the enterprise' . . . unsupported by any specific fact[,]" and "mere conclusory language that Defendants and supposed enterprise participants operated as a RICO enterprise" fails to satisfy Rule 12(b)(6) pleading standards. *Nunes v. Fusion GPS,* 531 F. Supp. 3d 993, 1007 (E.D. Va. 2021)

Here, Maville alleges that all the named Defendants formed an "association in fact" enterprise, which the Supreme Court has recognized as "a group of persons associated together for a common purpose of engaging in a course of conduct." *Boyle v. United States*, 556 U.S. 938, 946 (2009). An association-in-fact enterprise "must have at least three structural features: a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose." *Id.*

But Maville fails to allege those fundamental elements to show an enterprise existed. Instead, she alleges only that "*[a]s detailed above*, Defendants created an array of different companies for the purpose of making usurious loans" (Am. Compl. ¶ 118 (emphasis added).) But

7

contrary to the emphasized text, there are no other details in the Complaint, above or below the quoted text, about the manner in which the Tribe in *this case* organized its lending operation. In fact, Plaintiffs do not allege any of the three core structural features identified by the Supreme Court. With regard to the relevant relationships, Plaintiffs offer a lengthy exposition about *other* tribal lending "schemes" that did not involve Pruett, Skytrail Servicing, the Tribe, or any other Defendant named in this case. (*See, e.g.,* Am. Compl. ¶¶ 61-97.) Plaintiff cannot simply rely on allegations about the structure of other tribal lending businesses and ask the Court to assume that the Tribe utilized the same business structure. Plaintiff similarly relies on recitations of why other tribes, rather than the Tribe here, engage in lending activities in their attempt to allege a common purpose between the Tribe and Defendants here.

Because Plaintiffs do not offer factual allegations related to the structure of the RICO enterprise they claim exists *in this case*, and because they utilize impermissible group pleading, as detailed above, they necessarily fail to allege what roles each individual played in the claimed enterprise. That, too, renders their pleadings inadequate as a matter of law. *See Manago v. Cane Bay Partners VI, LLLP,* No. 20-CV-0945-LKG, 2022 WL 4017299, at *6 (D. Md. Sept. 2, 2022) ("[T]here are no facts in the amended complaint to show . . . what 'roles and responsibilities' the Cane Bay Defendants had in maintaining the alleged RICO enterprise."); *Adolphe v. Option One Mortg. Corp.,* No. 3:11-cv-418, 2012 WL 5873308, at *5 (W.D.N.C. Nov. 20, 2012) ("Plaintiff failed to aver any factual allegations that demonstrate the individual roles played by each Defendant, much less how those roles combined to form a continuing unit, or 'enterprise'").

To the extent Plaintiffs' pleading nods toward the existence of a RICO enterprise, they fail to allege that it is distinct from the Defendants themselves. "The distinctiveness requirement may not be avoided by alleging a RICO enterprise that consists merely of a corporation defendant

associated with its own employees or agents carrying on the regular affairs of the defendants." *Khurana v. Innovative Health Care Sys.*, 130 F.3d 143, 155 (5th Cir. 1997), *vacated on other grounds*, *Teel v. Khurana*, 525 U.S. 979 (1998); *see also Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340, 1357 (11th Cir. 2016) (no distinctiveness where the enterprise is comprised of "a corporate defendant and its agents or employees acting *within the scope of their roles for the corporation*") (emphasis added). Thus, "liability depends on showing that the defendants conducted or participated in the conduct of the 'enterprise's affairs,' not just their own affairs." *Id.* (citing *Reves v. Ernst & Young,* 507 U.S. 170, 185 (1993)).

Maville has failed to allege facts sufficient to make that showing. *Id.* As set forth in the Tribal Defendants' Motion to Dismiss, (Dkt. No. 113) Plaintiffs allege that the Tribal Council has the power to manage lending activities for the Tribe, and that the purportedly illegal enterprise was merely the delegated agents of the Tribe managing those lending activities. (Am. Compl. ¶¶ 123-29.) Plaintiffs also allege that the Tribal Defendants delegated agents or entities to manage those lending businesses, including the marketing, underwriting, origination, financing, and collection of the loans. (Am. Compl. ¶ 102.) In other words, there is a "complete overlap between the defendants, their alleged agents, and the enterprise." *Myers,* 2010 WL 3745632, at *4. And each of the alleged RICO persons—the Band, its Tribal Council, its subsidiaries, and non-tribal agents Pruett and Skytrail Servicing—has done anything other than conduct their normal business functions. Ultimately, the relevant allegations are nothing more than a claim "that the defendants associated with themselves for the purpose of conducting [their] business affairs through entities created for that purpose." Those allegations are insufficient to satisfy the distinctiveness requirement and, therefore, fatal to their RICO claims. *Id.* at *5. The Amended Complaint fails to

sufficiently allege any distinction between the RICO persons and the RICO enterprise, and so must be dismissed.

### 3. Maville does not plausibly allege that Pruett or Skytrail Servicing conducted or controlled the affairs of any enterprise.

The Supreme Court has held that "[m]ere participation in the activity of [an] enterprise is insufficient" to impose liability under Section 1962. *Reves v. Ernst & Young*, 507 U.S. 170, 179 (1993). Similarly, liability will not attach based on a defendant's "mere participation in a racketeering act." *D'Addario v. D'Addario*, 901 F.3d 80, 103 (2d Cir. 2018). And "[a] defendant does not 'direct' an enterprise's affairs under § 1962(c) merely by engaging in wrongful conduct that assists the enterprise." *Redtail Leasing, Inc. v. Bellezza*, No. 95-5191, 1997 WL 603496, at *5 (S.D.N.Y. Sept. 30, 1997)). For example, performing "consulting services," and providing "important and indispensable . . . services," does not result in RICO liability. *University of Maryland at Baltimore v. Peat, Marwick, Main & Co.,* 996 F.2d 1534, 1539 (3d Cir.1993). Evidence showing that a defendant provided advice to the enterprise, performed services, and specifically failed to stop illegal activity is also insufficient to impose liability. *Walter v. Drayson*, 538 F.3d 1244, 1248-49 (9th Cir. 2008). Even a defendant's "substantial persuasive power to induce the alleged enterprise to take certain actions" is insufficient. *Morin v. Trupin*, 835 F. Supp. 126, 135–36 (S.D.N.Y. 1993). As is perhaps most relevant here, "simply performing services for an enterprise, even with knowledge of the enterprise's illicit nature, is not enough to subject an individual to RICO liability under § 1962(c); instead, the individual must have participated in the operation and management of the enterprise itself." *Goren v. New Vision Int'l*, 156 F.3d 721, 728 (7th Cir. 1998).

The Amended Complaint does not include any allegations that either Pruett or Skytrail Servicing took any action to operate or manage any enterprise. Indeed, the Amended Complaint

10

alleges only that Pruett and Skytrail Servicing provided services as an agent for Sky Trail Cash, and that each profited indirectly from the enterprise. Neither constitutes the type of control necessary to impose civil liability under Section 1962(c). The Section 1962(c) claims must therefore be dismissed.

> **4. Maville's RICO conspiracy claim is barred under the intra-corporate conspiracy doctrine and because Plaintiff fails to plausibly allege Pruett or Skytrail Servicing acted knowingly.**

RICO's conspiracy provision, 18 U.S.C. § 1962(d), makes it unlawful to conspire with others to violate any substantive provision of the RICO statute. To adequately allege a conspiracy under § 1962(d) the plaintiff must allege facts showing "(1) that two or more people agreed to commit a substantive RICO offense and (2) that the defendant knew of and agreed to the overall objective of the RICO offense." *Solomon v. Am. Web Loan*, No. 4:17-cv-145, 2019 WL 1320790, at *11 (E.D. Va. Mar. 22, 2019) (citing *United States v. Posada-Rios,* 158 F.3d 832, 857 (5th Cir. 1998); *see also Hecht v. Commerce Clearing House, Inc.,* 897 F.2d 21, 25 (2d Cir. 1990) ("Because the core of a RICO civil conspiracy is an agreement to commit predicate acts, a RICO civil conspiracy complaint must, at the very least, allege specifically such an agreement."); *Walters v. McMahen,* 795 F. Supp. 2d 350, 355 (D. Md. 2011); *Proctor v. Metro. Money Store Corp., et al.,* 645 F. Supp. 2d 464, 477 (D. Md. 2009) (quoting *United States v. Pryba,* 900 F.2d 748, 760 (4th Cir. 1990)).

The first element requires that the agreement must be between "two or more people." *Solomon*, 2019 WL 1320790, at *11. However, longstanding RICO jurisprudence holds that a business entity "cannot conspire with its employees — and employees, when acting within the scope of their employment, cannot conspire amongst themselves." *Walters,* 795 F. Supp. 2d at 358. In other words, if the alleged RICO agreement is intra-corporate, the agreement requirement

cannot be met because the corporation is considered a single entity. The doctrine applies here because Plaintiffs allege that the Tribe conspired only with its own lending arm and vendor agents acting on behalf of that lending entity. There are no allegations that Pruett or Skytrail Servicing acted outside the scope of that agency relationship—which requires dismissal of the conspiracy claim.

Second, "Liability [under § 1962(d)] only attaches to 'the knowing agreement to participate in an endeavor which, if completed, would constitute a violation of the substantive statute.'" *United States v. Mouzone,* 687 F.3d 207, 218 (4th Cir. 2012). Plaintiff's allegations are devoid of facts as to Pruett or Skytail Servicing's knowledge. Instead of pointing to a specific agreement between Defendants, Plaintiffs instead only offer the conclusory allegation that the harm they allege was "facilitate[ed] [by] a series of agreements" between Defendants. (Am. Compl. ¶ 223.) As set forth by the Tribal Defendants' Motion to Dismiss, that is not enough. (Dkt. No. 113, at 12.) "Plaintiffs do not explain how, when, or where an agreement was reached (or even that an agreement was reached), nor do Plaintiffs explain what it means to facilitate an agreement 'designed to' violate other sections of the RICO statute." *Id.*

    **C.**    **Maville's unjust enrichment claim fails because she conferred no direct benefit on either Pruett or Skytrail Servicing.**

To state a claim for unjust enrichment under Florida law, a plaintiff must plead facts sufficient to show "a benefit conferred upon a defendant by the plaintiff, the defendant's appreciation of the benefit, and the defendant's acceptance and retention of the benefit under circumstances that make it inequitable for him to retain it without paying the value thereof." *Fla. Power Corp. v. City of Winter Park,* 887 So. 2d 1237, 1241 n.4 (Fla. 2004) (citing *Ruck Bros. Brick, Inc. v. Kellogg & Kimsey, Inc.,* 668 So. 2d 205, 207 (Fla. 2d DCA 1995)). In addition, Florida requires that, in order to recover, the plaintiff must have conferred the benefit on the defendant

137022980v3

directly. *Pain Clinic of Northwest Fl. v. Allscripts Healthcare Solutions,* No. 12-4937I-CA-40, 2014 Fla. Cir. LEXIS 52409, at *2 (Fla. Cir. Ct. July 28, 2014); *CFLB P'ship, LLC v. Diamond Blue Int'l, Inc.,* 47 Fla. L. Weekly 1812 (Dist. Ct. App. 2022); *see also, Johnson v. Catamaran Health Sols., LLC,* 687 F. App'x 825, 830 (11th Cir. 2017) (dismissing unjust enrichment claim under Florida law because membership fees paid to one entity did not constitute a direct benefit to another entity even though they accrued to the second entity's benefit).

Maville's unjust enrichment claim fails to allege that she *directly* conferred any benefits on either Pruett or Skytrail Servicing. Maville alleges that she took out a loan from Sky Trail Cash, and paid interest and fees to Sky Trail Cash. Am. Compl. ¶¶ 181-82; *see also* Kozen Decl., Exh. A. She does not allege that she ever transacted directly with either Skytrail Servicing or Pruett.

Those allegations are akin to the circumstances in *Extraordinary Title Servs., LLC v. Fla. Power & Light Co.,* 1 So. 3d 400, 404 (Fla. Dist. Ct. App. 2009). In that case, the plaintiff transacted with the Florida Power and Light Co. However, it also brought an unjust enrichment claim against Florida Power and Light Group, the parent company of Florida Power and Light Co. The court dismissed that claim on the grounds that the plaintiff had contracted with Florida Power and Light and paid Florida Power and Light. It had "absolutely no relationship with [Florida Power and Light] Group" and had "not conferred a direct benefit upon Group." *Id.* Absent a direct relationship, Florida's "direct benefit" requirement could not be met. *Id.* So too here. Maville does not allege any direct relationship with Pruett or Skytrail Servicing—merely that they provided services to Sky Trail Cash and profited indirectly from the loan she received from Sky Trail Cash. In fact, the Amended Complaint and Maville's loan agreement make clear that the deficiency is not merely a failure of pleading. Rather, no direct relationship existed.

Alternatively, if Plaintiff's RICO claims are dismissed their state law unjust enrichment

13

claim should also be dismissed for lack of pendent jurisdiction. *See, e.g., Alexandria Resident Council, Inc. v. Alexandria Redevelopment & Hous. Auth.,* 11 F. App'x, 283, 287 (4th Cir. 2001).

> **D. If the Court dismisses Plaintiffs' RICO claims, Plaintiffs' state law claims against Pruett and Skytrail Servicing should also be dismissed for want of personal jurisdiction over Pruett and Skytrail Servicing.**

If this Court dismisses the RICO claims against Pruett and Skytrail Servicing, the unjust enrichment claim should also be dismissed pursuant to Fed. R. Civ. P. 12(b)(2) as neither Pruett nor Skytrail Servicing are subject to this Court's personal jurisdiction for the purposes of that claim.[4]

"Under Rule 12(b)(2), a defendant must affirmatively raise a personal jurisdiction challenge, but the plaintiff bears the burden of demonstrating personal jurisdiction at every stage following such a challenge." *Grayson v. Anderson*, 816 F.3d 262, 267 (4th Cir. 2016) (citation omitted). The Due Process Clause of the Fourteenth Amendment requires a defendant to "have certain minimum contacts with [the forum] such that the maintenance of a suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945).[5] Those minimum contacts vary based on the type of personal jurisdiction that plaintiffs seek to impose over a defendant: general or specific.

---

[4] Pruett and Skytrail Servicing do not concede that they have sufficient minimum contacts with Virginia with respect to any of the pending claims. However, anticipating that Plaintiffs will rely on the nationwide service of process rules for a RICO claim, Pruett and Skytrail do not challenge personal jurisdiction with respect to the pending RICO claims. This argument is asserted in the alternative and, to the extent, the RICO claims are dismissed.

[5] Determining whether a court may exercise personal jurisdiction generally requires a court to determine if jurisdiction comports with the state's long-arm statute, and only if it answers in the affirmative does the court undertake the constitutional analysis. *See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.,* 484 U.S. 97, 105 (1987). However, Virginia's long-arm statute extends personal jurisdiction to the maximum extent permitted by the Fourteenth Amendment Due Process Clause. As such "the statutory inquiry necessarily merges with the constitutional inquiry, and the two inquiries become one." *Stover v. O'Connell Assocs.,* 84 F.3d 132, 135-36 (4th Cir. 1996).

137022980v3

*Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414-15 (1984). General personal jurisdiction exists when a defendant has "continuous and systematic contacts with the forum state, such that a defendant may be sued in that state for any reason, regardless of where the relevant conduct occurred." *CFA Inst. v. Inst. of Chartered Fin. Analysts of India,* 551 F.3d 285, 292 n.15 (4th Cir. 2009). Specific personal jurisdiction exists if a defendant's minimum contacts with the forum state form the basis for the claims in question. *Mitrano v. Hawes,* 377 F.3d 402, 406 (4th Cir. 2004).

Here, Plaintiffs have alleged no facts to support either general or specific personal jurisdiction over either Pruett or Skytrail Servicing. The Supreme Court has explained that a defendant must be effectively at home in a jurisdiction to be subjected to general personal jurisdiction. *Daimler AG v. Bauman,* 134 S. Ct. 746, 762 (2014); *see also ESAB Group, Inc. v. Centricut, Inc.*, 126 F.3d 617, 623-24 (4th Cir. 1997) (citing 4 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1067, at 295-98 (1987)); *Sportrust Assocs., Int'l, Inc. v. The Sports Corp.*, 304 F. Supp. 2d 789, 792 (E.D. Va. 2004) ("courts typically exercise general jurisdiction only over nonresidents who are essentially domiciled within the forum state."). Maville does not allege any facts supporting a claim that Pruett or Skytrail Servicing are effectively domiciled in Virginia, nor could they. Pruett is a resident of Texas and Skytrail Servicing is a limited liability formed under the laws of Texas. Neither is alleged to be a resident of Virginia, neither is alleged to conduct business in Virginia, Skytrail is not alleged to have an office in Virginia, and Skytrail is not alleged to have any employees in Virginia. There is therefore no general jurisdiction over Pruett or Skytrial Servicing.

Specific jurisdiction is far more limited. A Court may exercise specific jurisdiction over a defendant only if: (1) the defendant purposefully availed itself of the privileges of conducting

15

137022980v3

activities in the forum, thereby invoking the benefits and protections of its laws, or purposely directed conduct at the forum that has effects in the forum; (2) the claim arises out of the defendant's forum-related activities; and (3) the exercise of jurisdiction comports with fair play and substantial justice. *See Mitrano v. Hawes*, 377 F.3d 402, 406-07 (4th Cir. 2004); *see also Burger King, Corp. v. Rudzewicz*, 471 U.S. 462, 472-76 (U.S. 1985).

Plaintiffs have not alleged facts that meet any of those required prongs. There are simply no facts alleged in the Amended Complaint connecting either Pruett, Skytrail Servicing, or the loan in question to Virginia in any way. Rather, Maville alleges only that:

- Pruett is resident of Texas. (Am. Compl. ¶ 30.)
- Skytrail Servicing is a limited liability formed under the laws of Texas. (*Id.* at ¶ 31.)
- "Upon information and belief, the money loaned to borrowers (including Plaintiff Maville) was transferred from a bank account owned and operated or controlled by Defendants Skytrail Servicing Group and Pruett . . . ." (*Id.* at ¶ 109).
- "Upon information and belief, Defendants Pruett and Skytrail Servicing Group provided millions of dollars in capital to fund loans, and entered into an agreement with the Tribe . . . ." (*Id.* at ¶ 110).
- "Defendants, together with others not yet known to Plaintiffs, marketed, initiated, and collected usurious loans throughout the country, including in Virginia, Georgia, Maryland, Florida, as well as other states with similar laws." (*Id.* at ¶ 141.)

None of these allegations point to any activity or contact that Pruett or Skytrail Servicing, rather than other Defendants, had with Virginia in relation to the Maville loan, or indeed any other loans. And, once again, Maville could not do so, because Pruett and Skytrail have not marketed any loan anywhere, nor have they ever done any business in Virginia. There is simply no nexus,

alleged or otherwise, between Pruett and Skytrail Servicing, on the one hand, and Virginia, on the other. Plaintiff's unjust enrichment claim should therefore be dismissed for lack of personal jurisdiction.

## IV. CONCLUSION

For the reasons set forth above, Defendants William Cheney Pruett and Skytrail Servicing Group LLC ask that Plaintiffs' Amended Complaint be dismissed for failure to state a claim as to them and for lack of personal jurisdiction, to the extent the RICO claims are dismissed.

        **WILLIAM CHENEY PRUETT and**
        **SKYTRAIL SERVICING GROUP, LLC**

By: */s/David N. Anthony*
    David N. Anthony
    Virginia State Bar No. 31696
    *Counsel for William Cheney Pruett and Skytrail Servicing Group, LLC*
    TROUTMAN PEPPER HAMILTON SANDERS LLP
    1001 Haxall Point
    Richmond, VA 23219
    Telephone: (804) 697-5410
    Facsimile: (804) 698-5118
    Email: david.anthony@troutman.com

137022980v3

**CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of December 2022, I caused the foregoing document to be filed with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

>*/s/ David N. Anthony*
>David N. Anthony
>Virginia State Bar No. 31696
>*Counsel for William Cheney Pruett and Skytrail Servicing Group, LLC*
>TROUTMAN PEPPER HAMILTON SANDERS LLP
>1001 Haxall Point
>Richmond, VA 23219
>Telephone: (804) 697-5410
>Facsimile: (804) 698-5118
>Email: david.anthony@troutman.com

137022980v3