UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

LORI FITZGERALD, *et al.*,

    Plaintiffs,

v.	Civil Action No. 3:20-cv-00044-NKM-JCH

JOSEPH WILDCAT SR., *et al.*,

    Defendants.

**DEFENDANT SKY TRAIL SERVICING GROUP, LLC'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL INDIVIDUAL ARBITRATION OF PLAINTIFF MAVILLE'S CLAIMS AND STAY MAVILLE'S CLAIMS PENDING ARBITRATION**

Defendant Sky Trail Servicing Group, LLC, submits this Memorandum in Support of its Motion to Compel Individual Arbitration of Plaintiff Angela Maville's Claims and Stay Maville's Claims Pending Arbitration pursuant to Fed. R. Civ. P. 12(b)(3).

**I.   INTRODUCTION**

This case involves a purported class action brought by five plaintiffs ("Plaintiffs") challenging certain loans made by entities that are arms of the Lac du Flambeau Band of Lake Superior Chippewa Indians, a federally recognized Indian Tribe (the "Tribe"). Plaintiffs originally sued three individuals associated with the Tribe in their personal capacities and subsequently amended the complaint to add additional non-Tribe defendants, including William Cheney Pruett ("Pruett") and Skytrail Servicing Group, LLC ("Skytrail Servicing").

Skytrail Servicing is only tangentially connected to the harm the Plaintiffs allege. Skytrail Servicing did not make a loan to any of the Plaintiffs, nor did any of the Plaintiffs make payments to Skytrail Servicing. Indeed, the only Plaintiff to assert a claim against Skytrail Servicing, Angela Maville ("Plaintiff" or "Maville"), alleges that she obtained a loan from Ningodwaaswi, LLC d/b/a

137323714v2

Sky Trail Cash ("Sky Trail Cash"), a tribal entity not named as a defendant. She repaid a portion of her loan to Sky Trail Cash. She does not allege she made any payments to Skytrail Servicing or that she had any direct relationship with Skytrail Servicing.

Despite Maville's tangential connection with Skytrail Servicing, she now asserts claims against it for violating the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1962(c) and 1962(d), and under common law unjust enrichment. Maville's claims against Skytrail Servicing are subject to arbitration under the arbitration provision ("Arbitration Provision") in Maville's loan agreement with Sky Trail Cash ("Loan Agreement"). Therefore, the claims against Skytrail Servicing should be stayed pending arbitration.

## II.   LEGAL STANDARD

"Although no Federal Rule of Civil Procedure expressly addresses motions to dismiss or stay pending arbitration, the United States Supreme Court has described arbitration clauses as 'a specialized kind of forum-selection clause that posits not only the situs of suit but also the procedure to be used in resolving the dispute.'" *Enter. Info. Mgmt., Inc., v. SuperLetter.com, Inc.,* No. DKC 13-2131, 2013 WL 5964563, at *3 (D. Md. Nov. 7, 2013) (quoting *Scherk v. Alberto-Culver, Co.*, 417 U.S. 506, 519 (1974)). In the Fourth Circuit a motion to dismiss based on a forum-selection clause is treated as a motion to dismiss on the basis of improper venue under Rule 12(b)(3). *Aggarao v. MOL Ship Mgmt. Co.,* 675 F.3d 355, 366 (4th Cir. 2012). On a Rule 12(b)(3) motion, the Court views the facts in the light most favorable to the plaintiff, and the plaintiff need only make a prima facie showing of proper venue to survive the motion to dismiss. *Id.* at 366. The Court may consider evidence outside the pleadings on a motion to dismiss for improper venue. *Id.*

Skytrail Servicing joins in the arguments and legal support asserted in *Defendants Joseph Wildcat, Sr., Jessie Lorenzo and Nicole Reynold's Brief in Support of Motion to Compel Individual*

*Arbitration of Plaintiffs Williams, Singleton, and Maville's Claims and Stay Plaintiffs' Claims Pending Arbitration and Motion to Dismiss for Lack of Subject Matter Jurisdiction* (Dkt. No 111) (hereinafter referred to "Tribal Defendants' Motion to Compel Arbitration").

### III.     ARGUMENT

#### A.     Maville's claims against Skytrail Servicing are subject to individual, binding arbitration.

Whether the Court should compel arbitration raises four important issues, all of which weigh in Skytrail Servicing's favor. First, the dispute that Maville alleges against Skytrail falls under the broad language of the Loan Agreement's Arbitration Provision. Second, the Loan Agreement contains a valid Arbitration Provision, which includes referring the question of arbitrability to arbitration. Third, the clause delegating the question of arbitrability to arbitration—the "delegation clause"—and the Loan Agreement's governing law do not prospectively waive Maville's right to pursue any federal statutory claim. Fourth, because the Court should compel arbitration, the Court should also stay Maville's claims against Skytrail Servicing pending arbitration.

#### 1.     Skytrail Servicing has standing to enforce the Arbitration Provision.

Where an arbitration provision is drafted broadly, there is a heightened presumption of arbitrability so that "in the absence of any express provision excluding a particular grievance from arbitration, we think only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail." *United Steelworkers of Am. v. Warrior & Gulf Nay. Co.,* 363 U.S. 574, 584-85 (1960). "An order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation

3

that covers the asserted dispute." *Id.* at 582-83; *see also AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986).

In deciding whether a dispute falls within the scope of an arbitration agreement, state law principles are used to determine whether a party that was not a signatory to the contract may invoke an arbitration provision in the contract. *Barber v. Charlotte Motor Speedway, LLC*, No. 1:13CV99, 2014 WL 6686730, at *2 (M.D.N.C. Nov. 26, 2014) (citing *Long v. Silver*, 248 F.3d 309, 320 (4th Cir. 2001)). "[T]he Supreme Court has noted that 'traditional principles of state law allow a contract to be enforced by or against nonparties to the contract through assumption, piercing the corporate veil, alter ago, incorporation by reference, third-party beneficiary theories, waiver or estoppel.'" *Id.* (quoting *Arthur Anderson LLP v. Carlisle*, 556 U.S. 624, 630-31 (2009)). The Fourth Circuit has recognized that, under "contract law generally," a third party beneficiary if the third party is an intended beneficiary—that is, "the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance." *BIS Computer Solutions, Inc. v. City of Richmond*, 122 Fed. App'x 608, 611 (4th Cir. 2005) (quoting Restatement (Second) of Contracts § 302(1) (1981)).

Here, the Arbitration Provision in the Loan Agreement broadly covers "all U.S. federal or state law claims" and "all claims asserted by you individually or on behalf of another person arising out of the loan agreement against the Tribe, us and/or any of our employees, agents, directors, officers, governors, managers, members, parent company or affiliated entities." *See* Declaration of Geoffrey H. Kozen ("Kozen Decl.), Exhibit A, attached hereto as <u>Exhibit 1</u>. Such broad language, and the absence of any explicit exclusion, unquestionably provides for arbitration of any claims related to the Loan Agreement. And there is no question that Skytrail Servicing is an "affiliated entity" or "agent" of the Tribe. *See, e.g.,* Am. Compl., ¶ 101 ("[T]he Tribe's lending businesses have entered

4

into similar servicing agreements, including an agreement with Defendants Pruett and Skytrail Servicing Group . . . ."). The Lending Agreement states that the agreement is made between Maville and Sky Trail Cash, including any "agent" or "affiliate" of Sky Trail Cash. And the Arbitration Provision states that the parties will arbitrate all disputes, including claims against any agent or affiliated entities of Sky Trail Cash. Skytrail Servicing is the exclusive servicing agent of Sky Trail Cash. Kozen Decl., Exh. B at ¶ 1.6. Therefore, Skytrail Servicing is an agent of Sky Trail Cash and an intended beneficiary of the Loan Agreement. Skytrail Servicing has standing to enforce the Loan Agreement including the Arbitration Provision, and Maville's claims against Skytrail Servicing must be arbitrated.

## 2. The Arbitration Provision is enforceable.

Maville's claims against Skytrail Servicing are subject to individual, binding arbitration pursuant to the Federal Arbitration Act ("FAA"). The FAA "embodies the national policy favoring arbitration." *Buckeye Check Cashing, Inc. v. Cardegna$_i$* 546 U.S. 440, 443 (2006).

"When faced with a motion to compel arbitration, the court does not review the contract as a whole. Rather, the court reviews the arbitration agreement as if it were a free-standing contract, with an eye toward two gateway issues." *Davis v. BSH Home Appliances Corp.,* No. 4:15-CV-103-FL, 2016 WL 2901741, at *3 (E.D.N.C. May 18, 2016) (citing *Buckeye Check Cashing, Inc. v. Cardenga*, 546 U.S. 440, 444-46 (2006)). These gateway issues are (1) whether there is a valid agreement between the parties to arbitrate, and, if there is a valid agreement, (2) whether the "specific dispute falls within the substantive scope of that agreement." *Id.* (quoting *Hooters of Am. Inc. v. Phillips*, 173 F.3d 933, 938 (4th Cir. 1999)).

Critically, however, when parties have agreed to arbitrate these gateway issues, then the question of "arbitrability" is within the arbitrator's purview, not the Court's. *See Rent-A-Ctr., W.,*

5

*Inc. v. Jackson,* 561 U.S. 63, 68-69 (2010); *see also Novic v. Credit One Bank, Nat'l Ass'n,* 757 F. App'x 263, 266 (4th Cir. 2019) ("As part of their agreement to arbitrate, parties may consent to arbitrate the "gateway" issue of arbitrability[.]"); *Gibbs v. Sequoia Capital Operations, LLC*, 966 F.3d 286, 291 (4th Cir. 2020).

Here, the Loan Agreement clearly and unambiguously indicates that the parties intended that the gateway issues would be decided by an arbitrator, not a court. *See* Kozen Decl., Exh. A. The Loan Agreement states that any "dispute" between the parties that is not resolved by the informal dispute resolution procedure described therein is subject to the Arbitration Provision. Under the Arbitration Provision, "dispute" is "given the broadest possible meaning" and includes "all claims, disputes, or controversies arising from or relating directly or indirectly to this Dispute Resolution Procedure and Arbitration Provision . . . , *the validity and scope of this Provision* and any claim or attempt to set aside this Provision." *Id.* (emphasis added). That language expresses a "clear and unmistakable" intent to arbitrate the question of arbitrability. Courts in this circuit routinely find that identical or near-identical language offers an unambiguous intent to send the question of arbitrability to the arbitrator. *See e.g., Novic,* 757 F. App'x at 266-67 (citing cases). This Court should do the same.

### 3. The delegation clause and Arbitration Provision do not prospectively waive Maville's rights.

As set forth in the Tribal Defendants' Motion to Compel Arbitration, Maville will likely argue that the entire Arbitration Provision—including the delegation clause—is unenforceable because it contains a "prospective waiver" of Maville's claims. This argument fails. Maville's loan agreement is governed by the "laws of the Tribe and applicable federal law, without regard to the laws of any state or other jurisdiction . . . ." Kozen Decl., Exh. A. The Arbitration Provision

6

also permits Maville to bring common law claims as well as claims under state and federal law. *See* Kozen Decl., Exh. A. The Arbitration Provision does not waive any substantive claims.

"The Supreme Court has recognized that arbitration agreements that operate 'as a prospective waiver of a party's right to pursue statutory remedies' are not enforceable because they are in violation of public policy." *Gibbs v. Haynes Invs., LLC*, 967 F.3d 332, 340 (4th Cir. 2020) (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 637 n.19 (1985)). Courts will therefore not enforce an arbitration agreement if the agreement "prevents a litigant from vindicating federal substantive statutory rights." *Id.* (quoting *Mitsubishi*, 473 U.S. at 637). But that doctrine is inapplicable when a litigant is able to pursue their federal statutory rights in arbitration. *Id.* (citing *Mitsubishi*, 473 U.S. at 637).

Here, the Loan Agreement explicitly allows Maville to do so. It expressly provides that the laws of the Tribe and applicable federal law govern the agreement. Furthermore, as set forth above, Maville's Loan Agreement does not waive state law substantive rights. In fact, it expressly *allows* Maville to bring "*all state law claims*" and "all claims based upon *a violation of any state statute*." *See* Kozen Decl., Exh. A. While Maville's Loan Agreement is governed by Tribal and federal law, it allows application of *all* applicable substantive law consistent with governing Tribal and federal law. This language does not prevent the arbitrator from considering Maville's state law claim for unjust enrichment. Instead, it simply directs the arbitrator to look to Tribal and federal case law when analyzing that claim.[1] Nothing in the Loan Agreement therefore prevents Maville

---

[1] This is not a new or extreme concept. In fact, the majority of federal tribal lending cases also look to and apply applicable state law. *See, e.g., MacDonald v. CashCall, Inc,* 2017 WL 1536427 at *8 (looking to and applying New Jersey state law); *Gibbs v. Stinson,* 421 F. Supp. 3d at 308 (looking to and applying Virginia state law); *Dunn v. Glob. Tr. Mgmt., LLC,* 506 F.Supp.3d at 1237 (looking to and applying Florida law); *Hengle v. Treppa,* 19 F.4th at 351 (looking to and applying Virginia law). Arbitration would be no different.

7

from vindicating her federal statutory rights in arbitration, or indeed any other rights, and the Arbitration Provision therefore falls outside the prohibition outlined in *Gibbs v. Haynes Invs., LLC*.

And while Skytrail Servicing recognizes that certain other courts have held that other tribal lending agreements run afoul of the prospective waiver requirement, the agreements in those cases were materially different than the Arbitration Provision here. In those cases, the loan agreements required the exclusive application of tribal law, foreclosing any statutory claims. *See, e.g.*, *Haynes Invs.*, 967 F.3d at 341 (discussing cases exclusively applying tribal law and waiving federal statutory claims). In contrast, the Arbitration Provision here details which claims a consumer may bring in arbitration and how the Arbitrator will consider these claims. This includes, in relevant part:

> (a) all claims, disputes or controversies arising from or relating directly or indirectly to this Dispute Resolution Procedure and Arbitration Provision ("this Provision"), the validity and scope of this Provision and any claim or attempt to set aside this Provision (b) *all U.S. federal or state law claims,* disputes or controversies, arising from or relating directly or indirectly to this Agreement . . . (d) *all common law claims,* based upon contract, tort, fraud, or other intentional torts *(e) all claims based upon a violation of any state or federal constitution, statute or regulation . . . .*
>
> The Arbitrator shall apply *applicable substantive law consistent with the Governing Law set forth above,* and the Federal Arbitration Act, 9 U.S.0 §§ 1-16 ("FAA") and applicable statutes of limitation, and shall honor claims of privilege recognized at law.

*See* Kozen Decl., Exh. A. Further, as mentioned above, the Governing Law in the Loan Agreement is the "laws of the Tribe and applicable federal law." *Id.* Therefore, Maville may bring *all claims* related to the loan at issue in arbitration. No claim under federal law is precluded by the Loan Agreement, and Maville is able to vindicate any federal statutory remedy of her choosing. Maville's argument that the Loan Agreement contains a prospective waiver therefore fails.

Sky Trail Servicing further incorporates the Tribal Defendants' analysis of the Fourth Circuit's decision in *Hengle v. Treppa,* 19 F.4th 324 (4th Cir. 2021). In their brief, the Tribal Defendants raise the following arguments, which equally apply to Skytrail Servicing:

- The loan agreements in *Hengle* contained the following governing law: <u>Dispute[s] will be governed by the laws of the [Tribe]</u> and such rules and procedures used by the applicable arbitration organization applicable to consumer disputes, to the extent those rules and procedures do not contradict the express terms of this Arbitration Provision or the law of the [Tribe], including the limitations on the arbitrator below. *Id.* at 332.

- The Fourth Circuit's analysis focused on its prior decisions related to prospective waiver language in tribal lending agreements, and each required "<u>application of tribal law</u> to the practical exclusion of other law." *Id.*[2]; Relying on the above federal precedent that found arbitration agreements requiring *exclusive application of Tribal law* unenforceable, the *Hengle* Court concluded that the arbitration agreement before it contained a prospective waiver.

Docket 111 at 18-20. But, once again, the Loan Agreement here plainly does not make tribal law the exclusive governing law. It explicitly includes the application of federal law, state law, and common law. It is different in kind. To the extent Maville would argue that her Loan Agreement waives all procedural and substantive rights, including federal rights, that argument fails.

---

[2] *See also Hayes*, 811 F.3d at 675 (finding prospective waiver in loan agreement that required the arbitrator to apply "the laws of the [tribe]" but not "any law other than the law of the [tribe]" no matter where the arbitration occurred); *Dillon*, 856 F.3d at 332 (finding prospective waiver in loan agreement that required "any dispute . . . be resolved by arbitration in accordance with the law of the [tribe]."); *Haynes Investments, LLC,* 967 F.3d at 340 (4th Cir. 2020) (finding prospective waiver in loan agreement that "shall be governed by tribal law," required the arbitrator to "apply Tribal law and the terms of this Agreement."); *Gibbs v. Sequoia Capital Operations, LLC,* 966 F.3d 286 (4th Cir. 2020) (same).

9

### 4. The claims against Skytrail Servicing should be stayed pending arbitration.

Finally, as discussed above, the Arbitration Provision is to be interpreted according to the FAA, which reflects a liberal federal policy favoring arbitration. To that end, Section 3 of the FAA provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3. The Supreme Court has explained that this requires "stays of proceedings in federal district courts when an issue in the proceeding is referable to arbitration, and for orders compelling arbitration when one party has failed or refused to comply with an arbitration agreement." *EEOC v. Waffle House, Inc.,* 534 U.S. 279, 289 (2002).

This Court has previously recognized that a stay is appropriate in light of the uncertainty in the Fourth Circuit as to whether a district court has discretion to dismiss rather than stay an action subject to arbitration. *Green v. Zachry Industrial, Inc.,* 36 F.3d 669, 678-79 (W.D. Va. 2014). Accordingly, Skytrail Servicing requests that an order be entered, pursuant to Section 3 of the FAA, staying all proceedings until arbitration has been ordered as provided for in the Arbitration Provision.

## IV. CONCLUSION

Skytrail Servicing asks that the Court compel arbitration of Maville's claims against Skytrail Servicing and stay these proceedings as to Skytrail Servicing pending that arbitration.

**WILLIAM CHENEY PRUETT and**
**SKY TRAIL SERVICING GROUP, LLC**


By: */s/David N. Anthony*
    David N. Anthony
    Virginia State Bar No. 31696
    *Counsel for William Cheney Pruett and Sky Trail*
    *Servicing Group, LLC*
    TROUTMAN PEPPER HAMILTON SANDERS LLP
    1001 Haxall Point
    Richmond, VA 23219
    Telephone: (804) 697-5410
    Facsimile: (804) 698-5118
    Email: david.anthony@troutman.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of December 2022, I caused the foregoing document to be filed with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

/s/ David N. Anthony
David N. Anthony
Virginia State Bar No. 31696
*Counsel for William Cheney Pruett and Sky Trail Servicing Group, LLC*
TROUTMAN PEPPER HAMILTON SANDERS LLP
1001 Haxall Point
Richmond, VA 23219
Telephone: (804) 697-5410
Facsimile: (804) 698-5118
Email: david.anthony@troutman.com

137323714