Exhibit 2

# CONSTITUTION AND BYLAWS OF THE LAC DU FLAMBEAU BAND OF LAKE SUPERIOR CHIPPEWA INDIANS OF WISCONSIN

## PREAMBLE

We, the Lac du Flambeau Band of Lake Superior Chippewa Indians of Wisconsin, grateful to Almighty God for our freedom, in order to secure its blessings, to re-establish our tribal organization, to conserve and develop our common resources, to establish a credit system and to promote the welfare of ourselves and our descendants, hereby ordain and establish this Constitution.

## ARTICLE I - TERRITORY - JURISDICTION

Section 1.     The territory of the Lac du Flambeau Band of Lake Superior Chippewa Indians of Wisconsin shall be all the land and water within the original confines of the Lac du Flambeau Reservation as defined pursuant to the Treaty dated September 30, 1854 (10 Stat. 1109), and to such other lands and waters that have been added or may hereafter be added thereto under law of the United States, except as otherwise provided by Federal law.

Section 2.     The jurisdiction of the Lac du Flambeau Band of Lake Superior Chippewa Indians of Wisconsin shall extend to all the land and water areas within the territory of the Band, and further, for the purpose of exercising and regulating the exercise of rights to hunt, fish, trap, gather wild rice and other usual rights of occupancy, such jurisdiction shall extend to all lands and waters described in treaties to which the Band was a party, which treaties provide for such rights.

## ARTICLE II - MEMBERSHIP

Section 1.     (a)     All persons whose names appear on the official roll of the Lac du Flambeau Band of April 8, 1953, as approved by the Deputy Commissioner of Indian Affairs on November 13, 1964, shall be members of the Tribe.

(b)     All persons gaining membership subsequent to April 8, 1953, in accordance with ARTICLE II of the Constitution, as amended on September 10, 1982, and the June 9, 1969 Membership Ordinance shall be members of the Tribe.

Section 2.     (a)     Any child of one-fourth (1/4) degree or more Lac du Flambeau Chippewa Indian Blood born to any member of the Tribe shall be entitled to membership.

(b)     Application for membership shall be submitted by the applicant or his parent or guardian to a Committee on Membership, which shall pass upon them and present them to the Tribal Council for final action.

Section 3.    Any person enrolled in any other Indian Tribe shall not be a member of the Lac du Flambeau Band.

Section 4.    Any lineal descendent of a member of the Lac du Flambeau Band may be adopted as a member by the Tribal Council, provided that such person shall possess one-fourth (1/4) degree or more of Lake Superior Chippewa blood.

Section 5.    Vested property rights shall not be acquired or lost through membership in this organization except as provided herein.

## ARTICLE III - THE GOVERNING BODY

Section 1.    The governing body of the Lac du Flambeau Band of Lake Superior Chippewa Indians of Wisconsin shall be the Tribal Council.

Section 2.    The Council shall consist of a President, Vice-President, Secretary, Treasurer, and eight (8) additional members.  The officers and councilmen shall be nominated and elected by popular vote as provided in Article IV of this Constitution.

Section 3.    The President, Vice-President, Secretary, and Treasurer shall act as the Executive Council of the Tribal Council, to which the Tribal Council may delegate such administrative power as it shall see fit.

Section 4.    No person shall be a candidate for membership on the Tribal Council unless he/she shall be an enrolled member of the Lac du Flambeau Band of Lake Superior Chippewa Indians of Wisconsin, at least twenty-five (25) years of age, a resident of the reservation for at least one year preceding the date of the election and at least one-quarter (1/4) degree of Lac du Flambeau Chippewa Indian blood.

## ARTICLE IV - NOMINATIONS AND ELECTION

Section 1.    The first election of a Tribal Council of twelve members under this Constitution shall be called and supervised by the Constitution Committee as now constituted, within thirty (30) days after the ratification of this Constitution and Bylaws, and thereafter elections of six (6) councilmen shall be held every year on the first Tuesday in October.

Section 2.    Immediately after the first election the Council shall meet and choose by lot two officers and four councilmen who shall serve until the next annual election, the remaining officers and councilmen to serve until the second annual election. After the first election, officers and councilmen shall be elected for two years and serve until their successors are elected and qualified.

Section 3.    The Tribal Council shall determine rules and regulations governing all elections following the State of Wisconsin procedure as far as practicable.

Section 4.    Any qualified member of the Tribe may become a candidate for membership in the Council by notifying the Secretary of the Tribal Council in writing of his candidacy at least fifteen days prior to the election.  It shall be the duty of the Secretary of the Tribal Council to post at least ten (10) days before the election, the names of all candidates for the council.

Section 5.    The Tribal Council, or a board appointed by the Council, shall certify to the election of the members of the Council immediately after the election returns.

Section 6.    Any member of the Tribe who is eighteen (18) years of age or over and who presents himself at the polls on election day shall be entitled to vote.

## ARTICLE V - VACANCIES AND REMOVAL FROM OFFICE

Section 1.    If a councilman or official shall die, resign, permanently leave the reservation, or to be removed from office, the Council shall declare the position vacant and appoint a successor to fill the unexpired term, PROVIDED, that the person chosen to fill such vacancy shall be qualified.

Section 2.    Members of the Tribal Council or other elected officials of this organization may be removed from office for improper conduct or gross neglect of duty upon petition signed by twenty-five (25) or more members of the organization, stating their reasons for such removal.  The Tribal Council shall consider such complaint and if deemed sufficient for removal, the Council shall appoint an impartial committee composed of five (5) members of the Tribe, none of whom shall be a member of the Council or one of the signers of the petition, who shall immediately proceed to investigate and report to the Council.  The Tribal Council, shall, upon receipt of such report, grant a hearing, hear testimony and determine the action to be taken, and if such investigation shall merit removal, it shall be ordered by a majority vote of the Council. And it is further provided that such removed official shall have the right of appeal to the whole Tribe at an annual or special election.

## ARTICLE VI - POWERS AND DUTIES OF THE TRIBAL COUNCIL

Section 1.    The Tribal Council shall have the power, subject to any limitations imposed by the statutes or the Constitution of the United States, and subject to all express restrictions upon such powers contained in this Constitution and Bylaws:

(a)    To regulate the use and disposition of tribal property to protect and preserve the tribal property, wild life and natural resources of the Lac du Flambeau Band of Lake Superior Chippewa Indians, to cultivate Indian arts, crafts, and culture, to administer charity, to protect the health, security, and general welfare of the Tribe.

(b)    To employ legal counsel for the protection and advancement of the rights of the Lac du Flambeau Band of Lake Superior Chippewa Indians and its members.

*Amendment approved by Secretarial Election on June 11, 2002, approved by the Bureau of Indian Affairs on July 22, 2002, Effective date: July 22, 2002.*

(c)     To negotiate with the Federal, State, and local governments, on behalf of the Lac du Flambeau Band of Lake Superior Chippewa Indians and to advise and consult with the representatives of the Department of the Government of the United States on all matters affecting the affairs of the Tribe.

(d)     To approve or veto any sale, disposition, lease or encumbrance of tribal lands and assets which may be authorized or executed by the Secretary of the Interior or any other agency of the Government, PROVIDED THAT, no tribal lands shall be sold or encumbered nor shall they be leased for a period in excess of twenty-five (25) years, EXCEPT THAT, leases may be renewed for up to twenty-five (25) years.

(e)     To advise with the Secretary of the Interior, with regard to all appropriation estimates, or Federal projects, for the benefit of the Tribe, prior to the submission of such estimates to the Bureau of the Budget and to Congress.

(f)     To manage all economic affairs and enterprises of the Tribe in accordance with the terms of a charter to be issued by the Secretary of the Interior.

(g)     To make assignments of tribal lands to members of the Tribe in conformity with Article VII of this Constitution.

(h)     To appropriate for Tribal use any funds held in trust for the Tribe by the United States of America which are available for appropriation; provided, that if any appropriations for any fiscal year amounting to more than $10,000.00 from Tribal trust funds, such appropriation shall not be effective until approved by popular referendum.

(i)     To promulgate legislation, statutes, codes and ordinances, which provide for taxes, assessments, or license fees, or obtaining special rights or privileges, and the same, PROVIDED, such legislative enactments governing the activity of all persons within the Reservation boundaries have been approved by a popular referendum of the Tribe delegating enforcement of these legislative actions to the Tribal Council. *Amendment adopted by Secretarial Election on June 11, 2002, approved by Bureau of Indian Affairs on July 22, 2002, effective date July 22, 2002.*

(j)     To exclude from the restricted lands of the reservation persons not legally entitled to reside thereon, under ordinances which shall be subject to review by the Secretary of the Interior.

(k)     To enact resolutions or ordinances in accordance with Article II of this Constitution governing adoptions and abandonment of membership, PROVIDED, that such adoption shall require the approval of the Secretary of the Interior for each applicant unless he is a person of Indian descent and related by marriage or descent to a member of the Tribe.

(l)     To promulgate and enforce ordinances which shall be subject to review by the Secretary of the Interior, governing the conduct of members of the Tribe and providing for maintenance of law and order and the administration of justice by the establishment of an Indian court, and defining its powers and duties.

(m)     To promulgate legislation, statutes, codes and ordinances, to purchase land for the Tribe for public purpose under condemnation proceedings delegating such power of condemnation to the Tribal Council; PROVIDED, that each decision to purchase land under condemnation proceedings shall be based on a public purpose and shall be necessary to protect the political integrity, economic security, or health and welfare of the Tribe; and FURTHER PROVIDED, that allotted lands shall not be available for purchase under this section.     *Amendment adopted by Secretarial Election on June 11, 2002, approved by Bureau of Indian Affairs on July 22, 2002, effective date July 22, 2002.*

(n)     To promulgate legislation, statutes, codes and ordinances, intended to safeguard and promote peace, safety, morals, and the general welfare of the Tribe by regulating the conduct of trade and the use and disposition of property within the territory of the Lac du Flambeau Band of Lake Superior Chippewa Indians, as defined in Article I - Territory-Jurisdiction, including the conduct, the use, and the creation of a land and title office, and the conveyance of property upon the Reservation, delegating the enforcement of these legislative actions to the Tribal Council.     *Amendment adopted by Secretarial Election on June 11, 2002, approved by Bureau of Indian Affairs on July 22, 2002, effective date July 22, 2002.*

(o)     To charter subordinate organizations for economic purposes and to regulate the activities of all cooperative and other associations which may be organized under any charter issued under this Constitution.

(p)     To regulate the inheritance of real and personal property, other than allotted lands, within the Lac du Flambeau Reservation, subject to review by the Secretary of the Interior.

(q)     To regulate the domestic relations of members of the Tribe.

(r)     To recommend and provide for the appointment of guardians for orphans, minor members of the Tribe, and mental incompetents, subject to the approval of the Secretary of the Interior, and to administer tribal and other funds or property which may be transferred or entrusted to the Tribe or Tribal Council for this purpose.

(s)     To appropriate for Tribal use and expend general Tribal funds in accordance with the budget therefore adopted pursuant to Article IX hereof.

(t)     To delegate to subordinate boards or to cooperative associations which are open to all members of the Tribe, any of the foregoing powers, reserving the right to review any action taken by virtue of such delegated power.

(u)     To adopt resolutions or ordinances to effectuate any of the foregoing powers.

(v)     To pledge tribal assets, except tribal lands, as collateral to secure loans but only with the approval of a referendum vote of the members of the Tribe and with the approval of the Secretary of the Interior.

(w)     To adopt resolutions, ordinances and a code, subject to the review of the Secretary of the Interior, providing for the licensing, regulation and control of non-band members coming upon or being within the territory or jurisdiction of the Band, as described in Article I - Territory - Jurisdiction of this Constitution, for the purpose of recreational boating, hunting, fishing, trapping, gathering wild rice or other fruits of the earth.

(x)     To adopt resolutions, ordinances and a code, subject to the approval by a majority vote of the qualified voters of the Band at an election called for by the Tribal Council and also subject to review of the Secretary of the Interior, providing, for the regulation and control of Band members who hunt, fish, trap, or gather wild rice upon or within the territory or jurisdiction of the Band as described in Article I - Territory - Jurisdiction, of this Constitution.

(y)     To authorize the Tribal Council to bring suit in any State or Federal court to enforce any of its enactments.

Section 2.     Any resolution or ordinance, which by the terms of this Constitution, is subject to review by the Secretary of the Interior, shall be presented to the Superintendent of the Reservation, who shall, within ten (10) days thereafter, approve or disapprove the same, and if such ordinance or resolution is approved, it shall thereupon become effective, but the Superintendent shall transmit a copy of the same, bearing his endorsement, to the Secretary of the Interior, who may, within ninety (90) days from the date of enactment, rescind said ordinance or resolution for any cause, by notifying the council of such action:  PROVIDED, that if the Superintendent shall refuse to approve any resolution or ordinance submitted to him, within ten (10) days after its enactment, he shall advise the council of his reasons therefore, and the council, if such reasons appear to be insufficient, may refer it to the Secretary of the Interior, who may pass upon same and either approve or disapprove it within (90) days from its enactment.

Section 3.     The Council of the Lac du Flambeau Band of Lake Superior Chippewa Indians of Wisconsin may exercise such further powers as may in the future be delegated to it by the Federal Government, either through order of the Secretary of the Interior or by Congress, or by the State Government or by members of the Tribe.

Section 4.     Any rights and powers heretofore vested in the Lac du Flambeau Band of Lake Superior Chippewa Indians of Wisconsin but not expressly referred to in this Constitution shall not be abridged by this article, but may be exercised by the

members of the Tribe through the adoption of appropriate bylaws and constitutional amendments.

# ARTICLE VII - LAND

Section 1.    Allotted Lands.    Allotted lands, including heirship lands, within the Lac du Flambeau Reservation shall continue to be held as heretofore by their present owners.   It is recognized that under such existing law such lands may be condemned for public purposes, such as roads, public building, or other public improvements, upon payment of adequate compensation, by any agency of the Federal Government, or by the Tribe itself.  It is further recognized that under existing law such lands may be inherited by the heirs of the present owner, whether or not they are members of the Lac du Flambeau Band of Lake Superior Chippewa Indians of Wisconsin.  Likewise, it is recognized that under existing law the Secretary of the Interior may, in his discretion, remove restrictions upon such land, upon application by the Indian owners, whereupon the land will become subject to State taxes and may then be mortgaged or sold.  The right of the individual Indian to hold or to part with his land, as under existing law, shall not be abrogated by anything contained in this Constitution, but the owner of restricted land may, with the approval of the Secretary of the Interior, voluntarily convey his land to the Tribe either in exchange for a money payment or in exchange for an assignment covering the same land or other land, as hereinafter provided.

Section 2.    Tribal Lands. The unallotted lands of the Lac du Flambeau Reservation, and all lands which may hereafter be acquired by the Lac du Flambeau Band of Lake Superior Chippewa Indians of Wisconsin or by the United States in trust for the said Tribe shall be held as tribal lands, and no part of such land shall be mortgaged or sold.  Tribal lands shall not be allotted to individual Indians, but may be assigned to members of the Tribe, or leased, or otherwise used by the Tribe, as hereinafter provided.

Section 3.    Leasing of Tribal Lands.    Tribal lands may be leased by the Tribal Council, with the approval of the Secretary of the Interior, for such periods of time as are permitted by law.

In the leasing of tribal lands preference shall be given, first, to cooperative associations of members of the Tribe, and, secondly, to individual Indians who are members of the Tribe.  No lease of tribal lands to a non-member shall be made by the Tribal Council unless it shall appear that no cooperative association of members of the Tribe or individual member of the Tribe is able and willing to use the land and to pay a reasonable fee for such use.

Grazing permits covering tribal lands may be issued by the Tribal Council in conformity with Departmental Regulations for the protection of Indian range and timber resources authorized by Section 6 of the Act of June 18, 1934.

Section 4.    Grant of "Standard" Assignments.    In any assignment of tribal lands which are now owned by the Tribe or which may be acquired hereafter for the

Tribe by the United States or purchased by the Tribe out of tribal funds, preference shall be given, first, to heads of families which are entirely landless, and secondly, to heads of families which have no allotted lands, or interests in allotted lands, but shall have already received assignments consisting of less than an economic unit of agricultural land, or other land or interests in land of equal value, such economic unit to be determined from time to time by the Tribal Council.

No allotted member of the Tribe who may hereafter have the restrictions upon his land removed and whose land may hereafter be alienated, except to the Tribe, shall be entitled to receive an assignment of land as a landless Indian.

The Tribal Council, may, if it sees fit, charge a fee of not to exceed five dollars ($5) on approval of an assignment made under this section.

Assignments made under this section shall be for the primary purpose of establishing homes for landless members and shall be known as "standard" assignments.

Section 5. Tenure of "Standard" Assignments. If any member of the Tribe holding a "standard" assignment of land shall, for a period of one year fail to use the land so assigned or shall use such land for any unlawful purpose such assignment may be canceled by the Tribal Council after due notice and an opportunity to be heard, and the said land may be reassigned in accordance with provisions of Section 4 of this Article.

Upon the death of any Indian holding a "standard" assignment, his heirs or other individuals designated by him, by will or written request shall have a preference in the reassignment of the land, provided such persons are members of the Tribe who would be eligible to receive a "standard" assignment.

Section 6. Grant of "Exchange" Assignments. Any members of the Tribe who owns an allotment or any share or heirship land may voluntarily convey his interest in such land to the Tribe in exchange for an assignment to the same land or other land of equal value. If the assignee prefers, he may receive, in lieu of a specific tract of land, a proportionate share in a larger unit of land or other interest.

Assignments under this section shall be known as "exchange" assignments.

Section 7. Inheritance of Improvements. Improvements of any character made upon assigned land may be bequeathed to and inherited by members of the Lac du Flambeau Band of Lake Superior Chippewa Indians of Wisconsin or otherwise disposed of under such regulations as the Tribal Council shall provide. No permanent improvements shall be removed from the land without the consent of the Tribal Council.

Section 8. Exchange of Assignments. Assignments may be exchanged between members of the Lac du Flambeau Band of Lake Superior Chippewa Indians of Wisconsin by common consent in such a manner as the Tribal Council shall designate.

Section 9.    Purchase of Land by Tribe.    Tribal funds may be used to acquire land under the following circumstances:

(a)    Land within or without the Lac du Flambeau Reservation which is not now in trust or restricted Indian ownership may be purchased by or for the Lac du Flambeau Band of Lake Superior Chippewa Indians, either with funds under control of the Tribal Council, or, if the Secretary of the Interior consents, with other tribal funds.

(b)    Restricted or trust lands, including land in heirship status, may be purchased with funds under the control of the Tribal Council, or; if the Secretary of the Interior consents; with other tribal funds.

Section 10.    Method of Making Assignments.    Applications for assignments shall be filed with the Secretary of the Council, and shall be in writing, setting forth the name of the person or persons applying for the land and as accurate a description of the land desired as the circumstances shall permit.

Notices of all applications received by the Secretary shall be posted by him in the Agency office and in at least three other conspicuous places in the district in which the land is located for not less than twenty (20) days before action is taken by the Council. Any member of the Tribe wishing to oppose the granting of an assignment shall do so in writing, setting forth his objections to be filed with the Secretary of the Council, and may if he so desires appear before the Council to present evidence.  The Secretary of the Council shall furnish the Superintendent or other officers-in-charge of the Agency a complete record of all actions taken by the council on applications for assignments of land, and a complete record of assignment shall be kept in the Agency office and shall be open for inspection by members of the Tribe.

The Council shall draw up one or more forms for "standard" and "exchange" assignments, which shall be subject to the approval of the Secretary of the Interior.

## ARTICLE VIII - AMENDMENTS

Amendments to this Constitution and Bylaws may be ratified and approved in the same manner as this Constitution and Bylaws.  Whenever the Tribal Council by a vote of eight (8) members shall consider an amendment necessary such amendment shall be sent to the Secretary of the Interior.  It shall then be the duty of the Secretary of the Interior to call an election.  If at such election the amendment is adopted by a majority vote of the adult members of the Tribe, residing on the reservation at least one (1) year prior to the date of the election, voting thereon in an election in which at least thirty (30) percent of those entitled to vote shall vote, such amendment shall be  submitted to the Secretary of the Interior and if approved by him shall thereupon become effective.

## ARTICLE IX - TRIBAL GENERAL FUND BUDGET

Section 1.    For the purposes of this Article, the Tribal General Fund includes all funds received by the Tribe, from income of Tribal enterprises, donations, unrestricted

grants, or other sources which are not held in trust for the Tribe by the United States of America, and which are not restricted as to use.

Section 2. No later than 90 days prior to the end of the current fiscal year, the Tribal Administrator shall prepare and submit to the Tribal Council a projection of Tribal General Fund revenues for the next year and a proposed budget for expenditures of such funds. The Tribal Council shall post notice and hold a public informational session on proposed budget. The Tribal Council shall then set and hold a public hearing on the proposed budget no later than 60 days prior to the end of the fiscal year. No later than 45 days prior to the end of the fiscal year the Tribal Council shall adopt a proposed Tribal General Fund budget and conduct a popular referendum on the budget as a whole.

Section 3. If the Tribal General Fund budget is approved by a vote of a majority of Tribal members voting at the popular referendum, such budget shall govern Tribal General Fund expenditures for the next fiscal year. If the General Fund budget is disapproved, the Tribal Council shall hold an additional public hearing, adopt a new proposed Tribal General Fund budget, and conduct a popular referendum on such budget. If this revised budget is disapproved, the Tribal Council may, in its discretion, present further proposed budgets for referendum or follow the Tribal General Fund budget for the preceding year. Until a Tribal General Fund budget is approved by referendum, expenditure of the Tribal General Fund shall be made in accordance with the approved budget for the preceding year. Such approved budget shall not be increased beyond fifteen percent (15%).

Section 4. The Tribal Council shall appropriate and expend the Tribal General Fund in accordance with the budget approved by referendum. The Tribal Council may, by resolution, increase or decrease expenditures provided that no such change shall exceed fifteen percentum (15%) of each approved budget line item involved in the change. Any budget modification which results in a change of any budget line item in excess of fifteen percentum (15%) shall not be effective until approved by popular referendum.

# ARTICLE X - JUDICIARY

Section 1. Composition. There shall be a Tribal Trial Court and an Appeals Court of the Lac du Flambeau Band of Lake Superior Ojibwe Indians and such other court of special jurisdiction and other forums of special jurisdiction for traditional dispute resolution as deemed necessary and appointed by the Tribal Council.

(a)        The Tribal Trial Court shall consist of one Chief Trial Judge and such number of Associate Trial Judges as the Tribal council shall deem necessary and appropriate.

(b)        The Appeals Court shall consist of a panel of three judges.

Section 2.    Judicial Powers.  The judicial power of the Lac du Flambeau Band of Lake Superior Ojibwe Indians shall be vested in the Judiciary.  The Judiciary shall have the powers to interpret and apply the Constitution and laws of the Lac du Flambeau Band of Lake Superior Ojibwe Indians.

Section 3.    Jurisdiction.   The Tribal Trial Court shall have the original jurisdiction over all cases and controversies, both criminal and civil, in law or in equity, arising under the Constitution, laws, customs, and traditions of the Lac du Flambeau Band of Lake Superior Ojibwe, including all actions in which the provisions of the Indian Child Welfare Act of 1978 , 25 U.S.C., sec. 1901, et.seq., are applicable and cases in which the Tribe, or its officials and employees shall be a party.  This grant of jurisdiction shall not be construed as a waiver of the Tribe's sovereign immunity.

Section 4.    Powers of the Courts.

(a)      The Tribal Trial Court shall have the power to make findings of fact and conclusions of law.  The Trial Court shall have the power to issue all remedies in law and in equity including injunctive and declarative relief and all writs including attachment and mandamus.

(b)      The Tribal Trial Court shall have the power to declare the laws of the Lac du Flambeau Band of Lake Superior Ojibwe Indians void if such laws are not consistent with the Tribe's Constitution.

(c)      The Appeals Court shall hear appeals allowed by the Tribal Court Code, Chapter 80.   The jurisdiction shall be limited to a review of final order, sentences, and judgment of the trial court.

Section 5.    Qualifications.  No person shall be eligible for selection as a judge unless he or she:

(a)      is at least 30 years of age;

(b)      is of good moral character and integrity;

(c)      has never been convicted of an offense termed a felony by the laws of the Lac du Flambeau Band of Lake Superior Ojibwe Indians, the State of Wisconsin, an Indian Tribe, or the United States;

(d)      has not been convicted of any other crime involving dishonesty or moral turpitude;

(e)      is capable of preparing papers and conducting hearings incident to the offices of the Judge;

LDF0011

(f)         has demonstrated knowledge of the Lac du Flambeau Tribal Code and Ordinances and an understanding of the federal and state laws.

Section 6.      Term.  Each judge shall hold office for a period of three (3) years unless sooner removed for cause, as defined in the Judicial Code of Ethics and/or Chapter 80, or by reason of resignation, death, or incapacitation.  Judges shall be eligible for reappointment, subject to the eligibility requirements pursuant to Section 5 herein.

Section 7.      Appointment of Judges.

(a)         The Tribal Council shall select, by majority vote, Tribal Trial Court and Appeals Court Judges from eligible candidates, as defined in Section 5 herein and in Chapter 80, at Tribal Council meetings in which a quorum is present.

(b)         Each judge selected by a majority vote shall then be appointed by the Tribal Council to a term of service.

Section 8.      Disqualification and Removal of Judges.

(a)         Disqualifications.

(1)         A Trial judge shall be disqualified to sit on any case in which he or she has any direct interest, is or has been a pre-trial witness, or is so related to a party as to render it improper for him or her to preside at the trial proceedings.  Upon disqualification, an alternate trial judge shall sit on the case.

(2)         An appellant judge shall be disqualified to hear the appeal in any case in which he or she has any direct interest, or has been a witness at trial, or is so related to a party as to render it improper for him or her to hear the appeal.  Upon disqualification, the position of the appellate judge will be filed for the purpose of hearing the particular case by the other judges of the Court of Appeals.

(b)         Suspension and Removal.

(1)         A judge may be suspended from office upon written charges brought for his or her removal which recite good cause as defined by the Judicial Code of Ethics and/or Chapter 80.  A hearing shall be held before the Lac du Flambeau Judicial Committee within ten (10) working days of the judge's receipt of written notice of the charges, at which time the judge shall be provided with the opportunity to respond to the charges against him or her, including the presentation of the testimony of witnesses in his or her behalf.

LDF0012

A judge may be removed only for good cause shown at the hearing, and;

(a)     a vote taken by secret ballot of a two-thirds (2/3) majority of the Judicial Committee recommending removal, at which at least four (4) members are present, and;

(b)     a vote taken by secret ballot of a two-thirds (2/3) majority of the Tribal Council at a meeting held for that purpose at which at least eight (8) members are present.

(2)     Upon resignation, death, removal, or physical or mental incapacitation of a judge, the Lac du Flambeau Judicial Committee shall recommend a replacement to the Tribal Council. The Tribal Council shall vote by majority on such individual who shall serve the remainder of that term.

*Amendment adopted by Secretarial Election on July 26, 2005, approved by Bureau of Indian Affairs on September 9, 2005, effective date September 9, 2005.*

# BYLAWS OF THE LAC DU FLAMBEAU BAND OF LAKE SUPERIOR
## CHIPPEWA INDIANS OF WISCONSIN

## ARTICLE I - DUTIES OF OFFICERS

Section 1.     The President of the Tribal Council shall preside at all meetings of the Council. He shall at all times have general supervision of the affairs of the Tribal Council and such matters as naturally pertain to the general welfare of the community. It shall also be the duty of the President to countersign all checks drawn against funds of the Tribe by the Treasurer. He shall vote only in case of a tie. The President shall be ex-officio member of all subordinate boards and committees.

Section 2.     In the absence of the President, the Vice-President shall preside at all meetings of the Tribal Council and shall act in his stead in all matters pertaining to the office of the President.

Section 3.     The Secretary shall keep an accurate record of all proceedings of the Tribal Council and furnish copies thereof to the Superintendent of the jurisdiction. He shall attend to the keeping of the official records of the Tribal Council and shall be responsible for the prompt and efficient handling of all correspondence pertaining to the business of the Tribal Council. All official records of the Tribal Secretary shall be open to inspection by the members of the Tribe at all times. The Secretary shall be ex-officio member of all subordinate boards and committees.

Section 4. The Treasurer shall be the custodian of all funds in possession of the Tribe from any source. He shall be bonded by a surety company of recognized standing in an amount to be determined by the Tribal Council, such surety company and bond to be approved by the Commissioner of Indian Affairs. He shall keep an accurate record of all such funds and shall disburse the same in accordance with the vote of the Tribal Council and as designated by this Constitution and Bylaws. The books shall be open to audit and examination by the duly authorized officers of the Secretary of the Interior at all times.

The records of the Treasurer shall be open to inspection by members of the Tribe, members of the Tribal Council and its officers.

Section 5. The subordinate officers, boards, and committees of the Tribal Council shall perform such duties as the Tribal Council shall, by resolution, from time to time provide.

# ARTICLE II - OATH

All officers when elected shall be duly installed and subscribe to an oath of office to support the Constitution of the United States and this Constitution. Such officers may be sworn in by any officer qualified to administer an oath.

# ARTICLE III - MEETINGS

Section 1. Regular meetings of the Tribal Council shall be held on the first Friday of January, April, July and October, and at such other times as the Council shall designate. Special meetings shall be held at the discretion of the president, or upon request of three (3) members of the Tribal Council. Five (5) days written notice shall be given to all Council members.

Section 2. Seven (7) members shall constitute a quorum.

Section 3. The Tribal Council shall prescribe such rules of order for its meetings as it desires.

Section 4. The meetings of the Tribal Council except executive sessions shall be public to the Tribe.

# ARTICLE IV - ADOPTION OF CONSTITUTION AND BYLAWS

This Constitution and Bylaws, when ratified by a majority of vote of the adult members of the Lac Du Flambeau Band of Lake Superior Chippewa Indians of Wisconsin voting at a special election called for the purpose by the Secretary of the Interior, PROVIDED, that at least thirty (30) percent of those entitled to vote shall vote in such election, shall be submitted to the Secretary of the Interior, and, if approved, shall be effective from the date of approval.

Includes Amendments:

I - Approved June 25, 1943
II - Approved June 2, 1945
III - Approved June 25, 1943
IV - Approved June 21, 1953
V - Approved June 19, 1959
VI - Approved November 13, 1961
VII, VIII, IX, X, XI - Approved August 19, 1974
XII, XIII, XIV - Approved September 10, 1982
XV - Approved June 22, 1983
XVI - Approved November 5, 1985
XVII - Approved November 5, 1985
XVIII - Approved February 28, 1995
Attachment:
XIX - Approved July 22, 2002
XX - Approved July 22, 2002
XXI - Approved July 22, 2002
XXII - Approved July 22, 2002
XXIII - Approved September 9, 2005

AMENDMENT XIX
CONSTITUTION AND BY LAWS
OF THE
LAC DU FLAMBEAU BAND OF
LAKE SUPERIOR CHIPPEWA INDIANS
OF WISCONSIN

ARTICLE VI - POWERS AND DUTIES OF THE TRIBAL COUNCIL, Subsection 1(b) shall be amended to remove Secretary of Interior approval of attorney contracts and the fixing of fees. Subsection 1(b) shall be amended to read as follows:

(b)     To employ legal counsel for the protection and advancement of the rights of the Lac du Flambeau Band of Lake Superior Chippewa Indians and its members.


Adopted by Secretarial election:     June 11, 2002

Approved:     July 22, 2002

Effective date: July 22, 2002

LDF0016

AMENDMENT XX
CONSTITUTION AND BY LAWS
OF THE
LAC DU FLAMBEAU BAND OF
LAKE SUPERIOR CHIPPEWA INDIANS
OF WISCONSIN

ARTICLE VI - POWERS AND DUTIES OF THE TRIBAL COUNCIL, Subsection 1(i) shall be amended to remove Secretary of Interior review of ordinances directly relating to non-members of the Tribe and to grant the approval of such ordinances to the Tribe by popular referendum.  Subsection 1(i) shall be amended to read as follows:

(i)      To promulgate legislation, statutes, codes and ordinances, which provide for taxes, assessments, or license fees, or obtaining special rights or privileges, and the same, PROVIDED, such legislative enactments governing the activity of all persons within the Reservation boundaries have been approved by a popular referendum of the Tribe delegating enforcement of these legislative actions to the Tribal Council.

Adopted by Secretarial election:      June 11, 2002
Approved:      July 22, 2002
Effective date: July 22, 2002

AMENDMENT XXI
CONSTITUTION AND BY LAWS
OF THE
LAC DU FLAMBEAU BAND OF
LAKE SUPERIOR CHIPPEWA INDIANS
OF WISCONSIN

ARTICLE VI - POWERS AND DUTIES OF THE TRIBAL COUNCIL, Subsection 1(m) shall be amended to authorize the promulgation of legislation, statutes, codes and ordinances allowing for the purchase of land through condemnation proceedings, and delegating the power of condemnation to the Tribal Council. Subsection 1(m) shall be amended to read as follows:

(m) To promulgate legislation, statutes, codes and ordinances, to purchase land for the Tribe for public purpose under condemnation proceedings delegating such power of condemnation to the Tribal Council; PROVIDED, that each decision to purchase land under condemnation proceedings shall be based on a public purpose and shall be necessary to protect the political integrity, economic security, or health and welfare of the Tribe; and FURTHER PROVIDED, that allotted lands shall not be available for purchase under this section.

Adopted by Secretarial election: June 11, 2002

Approved: July 22, 2002

Effective date: July 22, 2002

LDF0018

AMENDMENT XXII
CONSTITUTION AND BY LAWS
OF THE
LAC DU FLAMBEAU BAND OF
LAKE SUPERIOR CHIPPEWA INDIANS
OF WISCONSIN

ARTICLE VI - POWERS AND DUTIES OF THE TRIBAL COUNCIL, Subsection 1(n) shall be amended to remove Secretary of Interior review of ordinances directly relating to non-members of the Tribe intending to regulate the conduct of trade and the use and disposition of property within the territory of the Tribe. Subsection 1(n) shall be amended to read as follows:

     (n)    To promulgate legislation, statutes, codes and ordinances, intended to safeguard and promote peace, safety, morals, and the general welfare of the Tribe by regulating the conduct of trade and the use and disposition of property within the territory of the Lac du Flambeau Band of Lake Superior Chippewa Indians, as defined in Article I - Territory-Jurisdiction, including the conduct, the use, and the creation of a land and title office, and the conveyance of property upon the Reservation, delegating the enforcement of these legislative actions to the Tribal Council.

Adopted by Secretarial election:     June 11, 2002
Approved:     July 22, 2002
Effective date: July 22, 2002

LDF0019

AMENDMENT XXIII
CONSTITUTION AND BY LAWS
OF THE
LAC DU FLAMBEAU BAND OF
LAKE SUPERIOR CHIPPEWA INDIANS
OF WISCONSIN

ARTICLE X -JUDICIARY SHALL BE ADDED TO PROVIDE FOR A TWO TIERED JUDICIARY SYSTEM CONSISTING OF A TRIBAL TRIAL COURT AND AN APPEALS COURT AND SHALL READ AS FOLLOWS:

Section 1.     Composition.

There shall be a Tribal Trial Court and an Appeals Court of the Lac du Flambeau Band of Lake Superior Ojibwe Indians and such other court of special jurisdiction and other forums of special jurisdiction for traditional dispute resolution as deemed necessary and appointed by the Tribal Council.

(c)          The Tribal Trial Court shall consist of one Chief Trial Judge and such number of Associate Trial Judges as the Tribal council shall deem necessary and appropriate.

(d)          The Appeals Court shall consist of a panel of three judges.

Section 2.     Judicial Powers.

The judicial power of the Lac du Flambeau Band of Lake Superior Ojibwe Indians shall be vested in the Judiciary. The Judiciary shall have the powers to interpret and apply the Constitution and laws of the Lac du Flambeau Band of Lake Superior Ojibwe Indians.

Section 3.     Jurisdiction.

The Tribal Trial Court shall have the original jurisdiction over all cases and controversies, both criminal and civil, in law or in equity, arising under the Constitution, laws, customs, and traditions of the Lac du Flambeau Band of Lake Superior Ojibwe, including all actions in which the provisions of the Indian Child Welfare Act of 1978 , 25 U.S.C., sec. 1901, et.seq., are applicable and cases in which the Tribe, or its officials and employees shall be a party. This grant of jurisdiction shall not be construed as a waiver of the Tribe's sovereign immunity.

Section 4.     Powers of the Courts.

(a)     The Tribal Trial Court shall have the power to make findings of fact and conclusions of law.  The Trial Court shall have the power to issue all remedies in law and in equity including injunctive and declarative relief and all writs including attachment and mandamus.

(b)     The Tribal Trial Court shall have the power to declare the laws of the Lac du Flambeau Band of Lake Superior Ojibwe Indians void if such laws are not consistent with the Tribe's Constitution.

(c)     The Appeals Court shall hear appeals allowed by the Tribal Court Code, Chapter 80.    The jurisdiction shall be limited to a review of final order, sentences, and judgment of the trial court.

Section 5.     Qualifications.

No person shall be eligible for selection as a judge unless he or she:

(a)     is at least 30 years of age;

(b)     is of good moral character and integrity;

(c)     has never been convicted of an offense termed a felony by the laws of the Lac du Flambeau Band of Lake Superior Ojibwe Indians, the State of Wisconsin, an Indian Tribe, or the United States;

(d)     has not been convicted of any other crime involving dishonesty or moral turpitude;

(e)     is capable of preparing papers and conducting hearings incident to the offices of the Judge;

(f)     has demonstrated knowledge of the Lac du Flambeau Tribal Code and Ordinances and an understanding of the federal and state laws.

Section 6.     Term.

Each judge shall hold office for a period of three (3) years unless sooner removed for cause, as defined in the Judicial Code of Ethics and/or Chapter 80, or by reason of resignation, death, or incapacitation.  Judges shall be eligible for reappointment, subject to the eligibility requirements pursuant to Section 5 herein.

Section 7.     Appointment of Judges.

(a)        The Tribal Council shall select, by majority vote, Tribal Trial Court and Appeals Court Judges from eligible candidates, as defined in Section 5 herein and in Chapter 80, at Tribal Council meetings in which a quorum is present.

(b)        Each judge selected by a majority vote shall then be appointed by the Tribal Council to a term of service.

Section 8.        <u>Disqualification and Removal of Judges</u>.

(a)        Disqualifications.

(1)        A Trial judge shall be disqualified to sit on any case in which he or she has any direct interest, is or has been a pre-trial witness, or is so related to a party as to render it improper for him or her to preside at the trial proceedings.  Upon disqualification, an alternate trial judge shall sit on the case.

(2)        An appellant judge shall be disqualified to hear the appeal in any case in which he or she has any direct interest, or has been a witness at trial, or is so related to a party as to render it improper for him or her to hear the appeal.  Upon disqualification, the position of the appellate judge will be filed for the purpose of hearing the particular case by the other judges of the Court of Appeals.

(b)        Suspension and Removal.

(1)        A judge may be suspended from office upon written charges brought for his or her removal which recite good cause as defined by the Judicial Code of Ethics and/or Chapter 80.  A hearing shall be held before the Lac du Flambeau Judicial Committee within ten (10) working days of the judge's receipt of written notice of the charges, at which time the judge shall be provided with the opportunity to respond to the charges against him or her, including the presentation of the testimony of witnesses in his or her behalf.  A judge may be removed only for good cause shown at the hearing, and;

(a)        a vote taken by secret ballot of a two-thirds (2/3) majority of the Judicial Committee recommending removal, at which at least four (4) members are present, and;

(b)        a vote taken by secret ballot of a two-thirds (2/3) majority of the Tribal Council at a meeting held for that purpose at which at least eight (8) members are present.

     (2)        Upon resignation, death, removal, or physical or mental incapacitation of a judge, the Lac du Flambeau Judicial Committee shall recommend a replacement to the Tribal Council. The Tribal Council shall vote by majority on such individual who shall serve the remainder of that term.

Adopted by Secretarial election:    July 26, 2005
Approved:    September 9, 2005
Effective date: September 9, 2005