**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**Charlottesville Division**

| | |
|---|---|
| LORI FITZGERALD, AARON FITZGERALD, KEVIN WILLIAMS, JADE SINGLETON and ANGELA MAVILLE, *on behalf of themselves and all individuals similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>JOSEPH WILDCAT SR., *in his official and individual capacities*; NICOLE CHAPMAN-REYNOLDS, *in her individual capacity*; JESSI PHILLIPS LORENZO, *in her individual capacity*; JOHN JOHNSON, *in his official and individual capacities*; GEORGE THOMPSON, *in his official and individual capacities*; JAMIE ANN ALLEN, *in her official and individual capacities*; JEFFREY BAUMAN, SR., *in his official and individual capacities*; LOUIS ST. GERMAINE, *in his official and individual capacities*; ERIC CHAMPAN SR., *in his official and individual capacities*; RACQUEL BELL, *in her official and individual capacities*; GLORIA COBB, *in her official and individual capacities*; WILLIAM GRAVEEN, *in his official and individual capacities*; SARAH PYAWASIT, *in her official and individual capacities*; WILLIAM CHENEY PRUETT; SKYTRAIL SERVICING GROUP, LLC; and JOHN DOES NOS. 1-20.<br><br>Defendants. | Civil Action No. 3:20-cv-00044-NKM-JCH |

---

**ANSWER TO SECOND AMENDED COMPLAINT BY SKYTRAIL SERVICING**
**GROUP, LLC AND WILLIAM CHENEY PRUETT**

Defendants Skytrail Servicing Group, LLC and William Cheney Pruett (collectively, the

"Skytrail Defendants"), by and through undersigned counsel, provide the following answer to

Plaintiffs' Second Amended Complaint. Skytrail Defendants deny each and every allegation unless specifically admitted herein.

## INTRODUCTION

1.    Skytrail Defendants deny Plaintiffs' characterization of this case and the lending operation at issue. Skytrail Defendants expressly deny that they are subject to the laws of the states of Virginia, Georgia, Maryland, or Florida. As to whether the loans are "illegal in many states," Skytrail Defendants are without sufficient information to admit or deny the same, and therefore deny the allegation. Skytrail Defendants deny the remaining allegations in Paragraph 1.

2.    Skytrail Defendants deny that there is a single "tribal lending business model," and specifically deny that their relationship with the Lac du Flambeau Band of Lake Superior Chippewa Indians resembles the model described in the article cited in Paragraph 2. Skytrail Defendants are without sufficient information to admit or deny how other tribal lending is organized or the subjective beliefs of other lenders, and therefore deny the remaining allegations in Paragraph 2.

3.    Skytrail Defendants deny that they are a payday lender, and further deny that they were motivated in any way to use the Tribe as a tool to "shroud" illegal loans. Skytrial Defendants state that Exhibit 1 speaks for itself and no further responsive pleading is required. Skytrail Defendants are without sufficient information to admit or deny the remaining allegations in Paragraph 3 and therefore deny the same.

4.    Skytrial Defendants state that Exhibit 2 speaks for itself and no further responsive pleading is required. Skytrail Defendants are without information sufficient to admit or deny allegations regarding how the Tribe has implemented its bylaws, and therefore deny the same.

5. Skytrail Defendants admit that Nicole Chapman-Reynolds and Jessi Phillips Lorenzo are named as Defendants in this action. Skytrail Defendants are without information sufficient to admit or deny the remaining allegations in Paragraph 5, and therefore deny the same.

6. Skytrail Defendants admit that Skytrail Servicing Group is owned and operated by William Cheney Pruett. Skytrail Defendants specifically deny that they own or operate Ningodwaaswi, LLC d/b/a Sky Trail Cash. Skytrail Defendants admit that Nicole Chapman-Reynolds and Jessi Phillips Lorenzo work with them on behalf of the Tribe. Skytrail Defendants deny the remaining allegations in Paragraph 6.

7. Skytrail Defendants admit that Ningodwaaswi and Skytrail Servicing Group entered into a "Servicing Agreement" on June 18, 2014. Skytrail Defendants state that Exhibit 3 speaks for itself and no further responsive pleading is required. Skytrail Defenedants deny that the purpose of the contract was to "carry [out]" a "scheme" or to "disguise" anyone's role.

8. Skytrail Defendants state that Exhibit 3 speaks for itself and no further responsive pleading is required. Skytrail Defendants deny that there is any "kickback" involved in the Lac du Flambeau Band of Lake Superior Chippewa Indians's lending operation. Skytrail Defendants deny that the Tribe received only a flat-fee of $3.50 per originated loan. Skytrail Defendants are without information sufficient to admit or deny the remaining allegations in Paragraph 8, and therefore deny the same.

9. Skytrail Defendants state that cited statutes speak for themselves, and no responsive pleading is required. Further answering, Skytrail Defendants state that the allegations of Paragraph 9 contain legal conclusions to which no responsive pleading is required. Skytrail Defendants deny all remaining allegations in Paragraph 9.

10. Skytrail Defendants deny that Plaintiffs are entitled to any relief.

**JURISDICTION**

11.     Paragraph 11 contains legal conclusions to which no responsive pleading is required. Skytrail Defendants deny that this Court has personal jurisdiction over them.

12.     Paragraph 12 contains legal conclusions to which no responsive pleading is required. Skytrail Defendants deny that this Court is the proper venue for any claims against them, and deny that they have transacted any affairs in this district.

**PARTIES**

13.     Skytrail Defendants are without information sufficient to admit or deny the allegations in Paragraph 13, and therefore deny the same.

14.     Skytrail Defendants are without information sufficient to admit or deny the allegations in Paragraph 14, and therefore deny the same.

15.     Skytrail Defendants are without information sufficient to admit or deny the allegations in Paragraph 15, and therefore deny the same.

16.     Skytrail Defendants are without information sufficient to admit or deny the allegations in Paragraph 16, and therefore deny the same.

17.     Skytrail Defendants are without information sufficient to admit or deny the allegations in Paragraph 17, and therefore deny the same.

18.     Skytrail Defendants are without information sufficient to admit or deny the allegations in Paragraph 18, and therefore deny the same. Answering further Skytrail Defendants state that Exhibit 2 speaks for itself.

19.     Skytrail Defendants are without information sufficient to admit or deny the allegations in Paragraph 19, and therefore deny the same. Answering further Skytrail Defendants state that Exhibit 2 speaks for itself.

20.     Skytrail Defendants are without information sufficient to admit or deny the allegations in Paragraph 20, and therefore deny the same. Answering further Skytrail Defendants state that Exhibit 2 speaks for itself.

21.     Skytrail Defendants are without information sufficient to admit or deny the allegations in Paragraph 21, and therefore deny the same. Answering further Skytrail Defendants state that Exhibit 2 speaks for itself.

22.     Skytrail Defendants are without information sufficient to admit or deny the allegations in Paragraph 22, and therefore deny the same. Answering further Skytrail Defendants state that Exhibit 2 speaks for itself.

23.     Skytrail Defendants are without information sufficient to admit or deny the allegations in Paragraph 23, and therefore deny the same. Answering further Skytrail Defendants state that Exhibit 2 speaks for itself.

24.     Skytrail Defendants are without information sufficient to admit or deny the allegations in Paragraph 24, and therefore deny the same. Answering further Skytrail Defendants state that Exhibit 2 speaks for itself.

25.     Skytrail Defendants are without information sufficient to admit or deny the allegations in Paragraph 25, and therefore deny the same. Answering further Skytrail Defendants state that Exhibit 2 speaks for itself.

26.     Skytrail Defendants are without information sufficient to admit or deny the allegations in Paragraph 26, and therefore deny the same. Answering further Skytrail Defendants state that Exhibit 2 speaks for itself.

27.     Skytrail Defendants are without information sufficient to admit or deny the allegations in Paragraph 27, and therefore deny the same. Answering further Skytrail Defendants state that Exhibit 2 speaks for itself.

28.     Skytrail Defendants are without information sufficient to admit or deny the allegations in Paragraph 28, and therefore deny the same. Answering further Skytrail Defendants state that Exhibit 2 speaks for itself.

29.     Skytrail Defendants are without information sufficient to admit or deny the allegations in Paragraph 29, and therefore deny the same. Answering further Skytrail Defendants state that Exhibit 2 speaks for itself.

30.     Skytrail Defendants are without information sufficient to admit or deny the allegations in Paragraph 30, and therefore deny the same.

31.     Skytrail Defendants are without information sufficient to admit or deny the allegations in Paragraph 31, and therefore deny the same.

32.     Skytrail Defendants admit that William Cheney Pruett is a resident of Texas, has been providing services to lenders since 1996, and that the Servicing Agreement dated June 18, 2014 was signed by William Cheney Pruett. Skytrail Defendants specifically deny that Mr. Pruett partnered with the Tribe due to "regulatory crackdowns," that Ningodwaaswi is a continuation of Mr. Pruett's lending business, or that Ningodwaaswi is in any way a front for Mr. Pruett or companies owned and operated by him. Skytrail Defendants deny the remaining allegations in Paragraph 32.

33.     Skytrial Defendants admit that Skytrail Servicing Group, LLC is a limited liability company formed under the laws of Texas and is in the loan servicing business. Skytrail Defendants specifically deny that it was or is the "de facto lender of loans originated in the name of Sky Trail

Cash," or that Sky Trail Cash is "nothing more than a front." Skytrail Defendants deny the remaining allegations in Paragraph 33.

## FACTUAL BACKGROUND

**A.      Statutory and Regulatory Background**

34.      Skytrail Defendants state that the decision cited in Paragraph 34 speaks for itself, and no further response is required.

35.      Paragraph 35 does not contain factual allegations directed at Skytrail Defendants, and no further response is required. To the extent a response is required the Skytrail Defendants expressly deny that they are subject to the laws of the state of Virginia, Georgia, Maryland, or Florida. Skytrail Defendants are without information sufficient to admit or deny the allegations in Paragraph 35, and therefore deny the same.

36.      Skytrail Defendants state that the cited decision in Paragraph 36 speaks for itself, and no further response is required. Skytrail Defendants are without information sufficient to admit or deny the allegations in Paragraph 36, and therefore deny the same.

**i.      Virginia**

37.      Skytrail Defendants state that the cited decisions speak for themselves. The Skytrail Defendants expressly deny that they are subject to the laws of the state of Virginia.

38.      Skytrail Defendants state that the cited statute speaks for itself, and no further response is required. The Skytrail Defendants expressly deny that they are subject to the laws of the state of Virginia.

39.      Skytrail Defendants state that the cited decision speaks for itself, and no further response is required. Skytrail Defendants expressly deny that they are subject to the laws of the state of Virginia.

40.     Skytrail Defendants state that the cited decision speaks for itself, and no further response is required. Skytrail Defendants expressly deny that they are subject to the laws of the state of Virginia.

41.     Skytrail Defendants state that the cited decision speaks for itself, and no further response is required. Skytrail Defendants expressly deny that they are subject to the laws of the state of Virginia.

42.     Skytrail Defendants state that the cited decision speaks for itself, and no further response is required. Skytrail Defendants expressly deny that they are subject to the laws of the state of Virginia.

43.     Skytrail Defendants state that the cited decision speaks for itself, and no further response is required. Skytrail Defendants expressly deny that they are subject to the laws of the state of Virginia.

44.     Skytrail Defendants state that the cited statutes speak for themselves, and no further response is required. Skytrail Defendants expressly deny that they are subject to the laws of the state of Virginia.

**ii.    Georgia**

45.     Skytrail Defendants state that the cited statute speaks for itself, and no further response is required. Skytrail Defendants expressly deny that they are subject to the laws of the state of Georgia.

46.     Skytrail Defendants state that the cited decision speaks for itself, and no further response is required. Skytrail Defendants expressly deny that they are subject to the laws of the state of Georgia.

47.      Skytrail Defendants state that the cited statute speaks for itself, and no further response is required. Skytrail Defendants expressly deny that they are subject to the laws of the state of Georgia.

48.      Skytrail Defendants state that the cited statute speaks for itself, and no further response is required. Skytrail Defendants expressly deny that they are subject to the laws of the state of Georgia.

49.      Skytrail Defendants state that the cited statute speaks for itself, and no further response is required. Skytrail Defendants expressly deny that they are subject to the laws of the state of Georgia.

50.      Skytrail Defendants state that the cited statute speaks for itself, and no further response is required. Skytrail Defendants expressly deny that they are subject to the laws of the state of Georgia.

51.      Skytrail Defendants state that the cited statute speaks for itself, and no further response is required. Skytrail Defendants expressly deny that they are subject to the laws of the state of Georgia.

**iii.    Maryland**

52.      Skytrail Defendants state that the cited statute speaks for itself, and no further response is required. Skytrail Defendants expressly deny that they are subject to the laws of the state of Maryland.

53.      Skytrail Defendants state that the cited statute speaks for itself, and no further response is required. Skytrail Defendants expressly deny that they are subject to the laws of the state of Maryland or licensing requirements of the state of Maryland.

54.      Skytrail Defendants state that the cited statute speaks for itself, and no further response is required. Skytrail Defendants state that the allegations of Paragraph 54 contain legal conclusions to which no responsive pleading is required and expressly deny that they are subject to the laws of the state of Maryland.

55.      Skytrail Defendants state that the cited statute speaks for itself, and no further response is required. Skytrail Defendants state that the allegations of Paragraph 55 contain legal conclusions to which no responsive pleading is required and expressly deny that they are subject to the laws of the state of Maryland.

**iv.   Florida**

56.      Skytrail Defendants admit that the state of Florida has enacted usury laws. Skytrail Defendants further state that the application of those laws is a legal conclusions to which no responsive pleading is required. Skytrail Defendants expressly deny that they are subject to the laws of the state of Florida.

57.      Skytrail Defendants state that the cited statute and decision speak for themselves, and no further response is required. Skytrail Defendants expressly deny that they are subject to the laws of the state of Florida.

58.      Skytrail Defendants state that the cited statute speaks for itself, and no further response is required. Skytrail Defendants expressly deny that they are subject to the laws of the state of Florida.

59.      Skytrail Defendants state that the cited statutes speak for themselves, and no further response is required. Skytrail Defendants expressly deny that they are subject to the laws of the state of Florida or licensing requirements of the state of Florida.

60.     Skytrail Defendants state that the cited statute speaks for itself, and no further response is required. Skytrail Defendants expressly deny that they are subject to the laws of the state of Florida.

61.     Skytrail Defendants state that the cited decision and statute speak for themselves, and no further response is required. Skytrail Defendants expressly deny that they are subject to the laws of the state of Florida.

62.     Skytrail Defendants state that the cited statute speaks for itself, and no further response is required. Skytrail Defendants expressly deny that they are subject to the laws of the state of Florida.

**B.      Overview of tribal lending.**

63.     Skytrail Defendants state that the cited decision speaks for itself, and no further response is required. To the extent a response is required, Skytrail Defendants are without sufficient information to admit or deny the allegation in Paragraph 63, and therefore deny the same.

64.     Paragraph 64 does not contain factual allegations directed at Skytrail Defendants, and no further response is required. Further, Skytrail Defendants deny the any implication that they are a "lender," much less an "illegal lender[ ] . . . willing to take the significant risk of litigation and liability for . . . violations of state and federal law." Skytrail Defendants are without sufficient information to admit or deny the remainder of the allegations in Paragraph 64 and therefore deny the same.

65.     Paragraph 65 does not contain factual allegations directed at Skytrail Defendants, and no further response is required. Skytrail Defendants further state that the quoted article speaks for itself. To the extent a response is required, Skytrail Defendants are without sufficient information to admit or deny the allegations in Paragraph 65 and therefore deny the same.

66.     Paragraph 66 does not contain factual allegations directed at Skytrail Defendants, and no further response is required. Skytrail Defendants further state that the quoted articles speaks for themselves. To the extent a response is required, Skytrail Defendants are without sufficient information to admit or deny the allegations in Paragraph 66 and therefore deny the same.

67.     Paragraph 67 does not contain factual allegations directed at Skytrail Defendants, and no further response is required. Skytrail Defendants deny the allegation and characterization that Ningodwaaswi operated under a "rent-a-tribe business model." Answering further Skytrail Defendants are without sufficient information to admit or deny the allegations in Paragraph 67 and therefore deny the same.

68.     Paragraph 68 does not contain factual allegations directed at Skytrail Defendants, and no further response is required. Skytrail Defendants state that the article speaks for itself and deny the allegation and characterization of a "lending model through association[ ] with Native American tribes to avoid state laws."  Answering further Skytrail Defendants are without sufficient information to admit or deny the allegations in Paragraph 68 and therefore deny the same.

69.     Paragraph 69 does not contain factual allegations directed at Skytrail Defendants, and no further response is required. Skytrail Defendants further state that the cited decision speaks for itself. To the extent a response is required, Skytrail Defendants are without sufficient information to admit or deny the allegations in Paragraph 69 and therefore deny the same.

70.     Paragraph 70 does not contain factual allegations directed at Skytrail Defendants, and no further response is required. Skytrail Defendants further state that the cited decision speaks for itself. To the extent a response is required, Skytrail Defendants are without sufficient information to admit or deny allegations regarding what an unrelated individual advised unrelated entities, and therefore deny the same.

71.     Paragraph 71 does not contain factual allegations directed at Skytrail Defendants, and no further response is required. Skytrail Defendants further state that the cited decision speaks for itself. To the extent a response is required, Skytrail Defendants are without sufficient information to admit or deny allegations regarding what an unrelated individual claimed when advising unrelated entities, and therefore deny the same.

72.     Paragraph 72 does not contain factual allegations directed at Skytrail Defendants, and no further response is required. Skytrail Defendants further state that the cited decision and article speak for themselves. To the extent a response is required, Skytrail Defendants are without sufficient information regarding whether or how frequently unrelated entities retained a specific law firm to admit or deny the allegations in Paragraph 72 and therefore deny the same.

73.     Paragraph 73 does not contain factual allegations directed at Skytrail Defendants and contains a conclusion of law that does not require a response. To the extent a response is required, Skytrail Defendants are without sufficient information regarding the legal advice offered by a law firm they have not retained to admit or deny the allegations in Paragraph 73 and therefore deny the same.

74.     Paragraph 74 does not contain factual allegations directed at Skytrail Defendants. To the extent a response is required, Skytrail Defendants are without sufficient information to admit or deny the allegations in Paragraph 74 and therefore deny the same.

75.     Skytrail Defendants state that the cited decision speaks for itself, and no further response is required. To the extent a response is required, Skytrail Defendants are without sufficient information to admit or deny the allegations in Paragraph 75 and therefore deny the same.

76.     Skytrail Defendants state that the cited decisions speaks for themselves, and no further response is required. To the extent a response is required, Skytrail Defendants are without sufficient information to admit or deny the allegations in Paragraph 76 and therefore deny the same.

77.     Paragraph 77 does not contain factual allegations directed at Skytrail Defendants, and no further response is required. Skytrail Defendants further state that the cited decisions speak for themselves. To the extent a response is required, Skytrail Defendants are without sufficient information to admit or deny the allegations in Paragraph 77 and therefore deny the same.

78.     Paragraph 78 does not contain factual allegations directed at Skytrail Defendants, and no further response is required. Skytrail Defendants further state that the cited decisions speak for themselves. To the extent a response is required, Skytrail Defendants are without sufficient information to admit or deny the allegations in Paragraph 78 and therefore deny the same.

79.     Skytrail Defendants admit that they provided certain services to the Lac du Flambeau Band of Lake Superior Chippewa Indians in support of their lending operations. Skytrail Defendants deny that the lending operations of the Lac du Flambeau Band of Lake Superior Chippewa Indians constitute a "usurious lending scheme." Skytrail Defendants deny the remaining allegations contained in Paragraph 79.

**C.     The Basic Structure of the Tribe's Lending Operation**

80.     Skytrail Defendants deny that there exists a single "tribal lending model."

81.     Skytrail Defendants deny that there exists a single "tribal lending model." As relevant here, Skytrail Defendants state that Exhibit 3 speaks for itself, and no further answer is required. Skytrail Defendants deny that the Servicing agreement is "dubiously labeled."

82.     Paragraph 82 does not contain factual allegations directed at Skytrail Defendants, and no further response is required. Skytrail Defendants are without information sufficient to admit or deny the allegations regarding a deal negotiated between a law firm and a client unrelated to this litigation, and therefore deny the same.

83.     Paragraph 83 does not contain factual allegations directed at Skytrail Defendants, and no further response is required. Skytrail Defendants further state that that Exhibit 4 speaks for itself and no further responsive pleading is required. To the extent a response is required, Skytrail Defendants are without sufficient information to admit or deny the allegations in Paragraph 83 and therefore deny the same.

84.     Paragraph 84 does not contain factual allegations directed at Skytrail Defendants, and no further response is required. Skytrail Defendants further state that that Exhibit 4 speaks for itself and no further responsive pleading is required. To the extent a response is required, Skytrail Defendants are without sufficient information to admit or deny the allegations in Paragraph 84 and therefore deny the same.

85.     Paragraph 85 does not contain factual allegations directed at Skytrail Defendants, and no further response is required. Skytrail Defendants further state that that Exhibit 4 speaks for itself and no further responsive pleading is required.  To the extent a response is required, Skytrail Defendants are without sufficient information to admit or deny the allegations in Paragraph 85 and therefore deny the same.

86.     Paragraph 86 does not contain factual allegations directed at Skytrail Defendants, and no further response is required. Skytrail Defendants further state that that Exhibit 4 speaks for itself and no further responsive pleading is required. To the extent a response is required, Skytrail

Defendants are without sufficient information to admit or deny the allegations in Paragraph 86 and therefore deny the same..

87.     Paragraph 87 does not contain factual allegations directed at Skytrail Defendants, and no further response is required. Skytrail Defendants further state that that Exhibit 4 speaks for itself and no further responsive pleading is required. To the extent a response is required, Skytrail Defendants are without sufficient information to admit or deny the allegations in Paragraph 87 and therefore deny the same.

88.     Paragraph 88 does not contain factual allegations directed at Skytrail Defendants, and no further response is required. Skytrail Defendants further state that that Exhibit 5 speaks for itself and no further responsive pleading is required. To the extent a response is required, Skytrail Defendants are without sufficient information to any purported understanding between two entities unrelated to this litigation to admit or deny the allegations in Paragraph 88 and therefore deny the same.

89.     Paragraph 89 does not contain factual allegations directed at Skytrail Defendants, and no further response is required. Skytrail Defendants further state that that Exhibit 5 speaks for itself and no further responsive pleading is required. To the extent a response is required, Skytrail Defendants are without sufficient information to any purported understanding between two entities unrelated to this litigation to admit or deny the allegations in Paragraph 89 and therefore deny the same.

90.     Paragraph 90 does not contain factual allegations directed at Skytrail Defendants, and no further response is required. To the extent a response is required, the Skytrail Defendants are without sufficient information to admit or deny the allegations in Paragraph 90 and therefore deny the same.

91.     Paragraph 91 does not contain factual allegations directed at Skytrail Defendants, and no further response is required. Skytrail Defendants further state that that Exhibit 6 speaks for itself and no further responsive pleading is required. To the extent a response is required, Skytrail Defendants are without sufficient information to admit or deny the allegations in Paragraph 91 and therefore deny the same.

92.     Paragraph 92 does not contain factual allegations directed at Skytrail Defendants, and no further response is required. Skytrail Defendants further state that that Exhibit 6 speaks for itself and no further responsive pleading is required. To the extent a response is required, Skytrail Defendants are without sufficient information to admit or deny the allegations in Paragraph 92 and therefore deny the same.

93.     Paragraph 93 does not contain factual allegations directed at Skytrail Defendants, and no further response is required. Skytrail Defendants further state that that Exhibit 7 speaks for itself and no further responsive pleading is required. To the extent that a response is required, Skytrail Defendants are without sufficient information to admit or deny the allegation in Paragraph 93 and therefore deny the same.

94.     Paragraph 94 does not contain factual allegations directed at Skytrail Defendants, and no further response is required. To the extent that a response is required, Skytrail Defendants are without sufficient information regarding the lending model employed by entities unrelated to this litigation to admit or deny the allegation in Paragraph 94 and therefore deny the same.

95.     Paragraph 95 does not contain factual allegations directed at Skytrail Defendants, and no further response is required. Skytrail Defendants further state that that Exhibit 8 speaks for itself and no further responsive pleading is required. To the extent a response is required, Skytrail

Defendants are without sufficient information to admit or deny the allegations in Paragraph 95 and therefore deny the same.

96.     Skytrail Defendants deny that there exists a single "tribal lending model."

97.     Skytrail Defendants deny the implication in Paragraph 97 that the loans at issue in this suit were "illegal." Skytrail Defendants further state that that Exhibit 9 speaks for itself and no further responsive pleading is required. Skytrail Defendants are without sufficient information to admit or deny the remainder of allegations in Paragraph 97 and therefore deny the same.

98.     Paragraph 95 does not contain factual allegations directed at Skytrail Defendants, and no further response is required. Skytrail Defendants further state that that the cited decision speaks for itself and no further responsive pleading is required. To the extent a response is required, Skytrail Defendants are without sufficient information to admit or deny the allegations in Paragraph 98 and therefore deny the same.

99.     Paragraph 99 does not contain factual allegations directed at the Skytrail Defendants, and no further response is required. To the extent a response is required, Skytrail Defendants are without sufficient information to admit or deny the allegations in Paragraph 99 and therefore deny the same.

**D.     The Skytrail Defendants Partnership with the Tribe.**

100.     Skytrail Defendants admit that Defendant William Pruett has worked in the lending industry for more than 20 years, founded CashMax. Skytrail Defendants further state that that the cited article speaks for itself and no further responsive pleading is required.

101.     Skytrail Defendants deny the characterization and allegation that Pruett faced scrutiny, and state that cited article speaks for itself. Skytrail Defendants deny the remaining allegations in Paragraph 101.

102.    Skytrail Defendants deny that they began working with the Lac du Flambeau Band of Lake Superior Chippewa Indians to avoid regulatory scrutiny. Skytrail Defendants admit that an agreement was signed between Ningodwaaswi and Skytrail Servicing Group on June 18, 2014. Skytrail Defendants deny the characterization and allegation that Mr. Pruett engaged or engages in lending, or that the Tribe's lending was or is "usurious" and the remainder of the allegations in Paragraph 102.

103.    Skytrail Defendants deny the characterization that the Servicing Agreement to which Mr. Pruett was not a party was "Pruett's arrangement," that the Servicing Agreement, to which Mr. Pruett is not a party, provides Mr. Pruett with any authority or responsibility whatsoever, and otherwise state that Exhibit 3 speaks for itself.

104.    Skytrial Defendants admit that Skytrail Servicing Group is a party to the Servicing Agreement and state that Exhibit 3 speaks for itself.

105.    Skytrial Defendants deny the characterization that the Servicing Agreement allows Skytrail Servicing Group to "operate the lending business, including the marketing, underwriting, origination, funding, and collection of the loans." Answering further, Skytrial Defendants state that Exhibit 3 speaks for itself.

106.    Skytrail Defendants deny the characterization and allegation that Skytrail Servicing Group "runs the business" and allows it to retain almost all of the revenue associated with the loans. The Skytrial Defendants state that Exhibit 3 speaks for itself.

107.    Skytrial Defendants admit that Skytrail Servicing Group is paid in accordance with the Servicing Agreement. Skytrail Defendants further state that Exhibit 3 speaks for itself.

108.    Skytrial Defendants deny that STC Finance, LLC is wholly owned by Mr. Pruett. Skytrail Defendants further state that Exhibit 3 speaks for itself.

109.     Skytrail Defendants specifically deny the allegation that the loans were or are illegal. Skytrial Defendants deny the remaining allegations contained in Paragraph 109.

110.     Skytrail Defendants deny the allegation in Paragraph 110 that the Band "is merely a front" and that Skytrail Servicing Group is the actual lender. Skytrial Defendants further state that Exhibit 3 speaks for itself. Skytrial Defendants deny that STC Finance, LLC is wholly owned by Mr. Pruett.

111.     Skytrail Defendants deny the allegation in Paragraph 111 that the Band allows Pruett and Skytrail Servicing Group as a front. Skytrail Defendants further state that Exhibit 3 speaks for itself.

112.     Skytrail Defendants state that the Servicing Agreement and Loan Agreement speak for themselves.

113.     Skytrail Defendants deny the allegations in Paragraph 113 that the Band has no control over the income or expenses of Ningodwaaswi. Skytrail Defendants are without sufficient information to admit or deny the remaining allegations in Paragraph 113 and therefore deny the same.

114.     Skytrail Defendants deny the allegations in Paragraph 114 that tribal members did not participate in day-to-day operations of Ningodwaaswi.

115.     Skytrail Defendants deny the allegations in Paragraph 115 that call center, payment processing, and servicing activities predominantly took place in Texas.

116.     Skytrail Defendants admit that their offices are not located on tribal lands. The Skytrail Defendants deny that nearly all activities performed on behalf of Ningodwaaswi were performed by non-tribal officers and employees of Defendant Skytrail Servicing Group.

117.    Skytrail Defendants deny that payments were made to bank accounts they control on behalf of Ms. Maville and deny the remaining allegations in Paragraph 117.

118.    Skytrail Defendants deny that Mr. Pruett provided millions of dollars in capital to fund any loans or entered into any agreement with the Tribe. Skytrail Defendants are without sufficient information to admit or deny the remaining allegations in Paragraph 118 and therefore deny the same.

119.    Skytrail Defendants are without sufficient information to admit or deny the allegations in Paragraph 119, and therefore deny the same.

**E.    RICO Allegations.**

120.    Paragraph 120 does not contain factual allegations directed at Skytrail Defendants, and no further response is required. Skytrail Defendants further state that that the cited statute speaks for itself and no further responsive pleading is required. To the extent a response is required, the Skytrail Defendants are without sufficient information to admit or deny the allegations in Paragraph 120, and therefore deny the same.

121.    Paragraph 121 does not contain factual allegations directed at Skytrail Defendants, and no further response is required. Skytrail Defendants further state that that the cited decision speaks for itself and constitutes a legal conclusion to which no responsive pleading is required. To the extent a response is required, Skytrail Defendants are without sufficient information to admit or deny the allegations in Paragraph 121, and therefore deny the same.

122.    Paragraph 122 does not contain factual allegations directed at Skytrail Defendants, and no further response is required. Skytrail Defendants further state that that the cited decision speaks for itself and constitutes a legal conclusion to which no responsive pleading is required. To the extent a response is required, Skytrail Defendants deny the allegations in Paragraph 122.

123.     Paragraph 123 does not contain factual allegations directed at Skytrail Defendants, and no further response is required. Skytrail Defendants further state that that the cited decision speaks for itself and constitutes a legal conclusion to which no responsive pleading is required. To the extent a response is required, Skytrail Defendants deny the allegations in Paragraph 123.

124.     Skytrail Defendants deny the allegations in Paragraph 124.

125.     Skytrail Defendants deny the allegations in Paragraph 125.

126.     Skytrail Defendants deny the allegations in Paragraph 126.

127.     Paragraph 127 does not contain factual allegations directed at Skytrail Defendants. Skytrail Defendants admit that the Band is an Indian tribal government that was federally recognized by treaty with the United States in 1854.

128.     Paragraph 128 does not contain factual allegations directed at Skytrail Defendants. Skytrail Defendants admit that the Band's reservation is located in Lac du Flambeau, Wisconsin.

129.     Paragraph 129 does not contain factual allegations directed at Skytrail Defendants. Skytrail Defendants state that Exhibit 2 speaks for itself.

130.     Paragraph 130 does not contain factual allegations directed at Skytrail Defendants. Skytrail Defendants state that Exhibit 2 speaks for itself. To the extent a response is required, the Skytrail Defendants are without sufficient information to admit or deny the allegation in Paragraph 130 and therefore deny the same.

131.     Paragraph 131 does not contain factual allegations directed at Skytrail Defendants. Skytrail Defendants are without sufficient information to admit or deny the allegation in Paragraph 131 and therefore deny the same.

132.    Paragraph 132 does not contain factual allegations directed at Skytrail Defendants. Skytrail Defendants are without sufficient information to admit or deny the allegation in Paragraph 132 and therefore deny the same.

133.    Paragraph 133 does not contain factual allegations directed at Skytrail Defendants. Skytrail Defendants are without sufficient information to admit or deny the allegation in Paragraph 133 and therefore deny the same.

134.    Paragraph 134 does not contain factual allegations directed at Skytrail Defendants. Skytrail Defendants are without sufficient information to admit or deny the allegation in Paragraph 134 and therefore deny the same.

135.    Paragraph 135 does not contain factual allegations directed at Skytrail Defendants. Skytrail Defendants are without sufficient information to admit or deny the allegation in Paragraph 135 and therefore deny the same.

136.    Paragraph 136 does not contain factual allegations directed at Skytrail Defendants. Skytrail Defendants are without sufficient information to admit or deny the allegation in Paragraph 136 and therefore deny the same.

137.    Paragraph 137 does not contain factual allegations directed at Skytrail Defendants. Skytrail Defendants are without sufficient information to admit or deny the allegation in Paragraph 137 and therefore deny the same.

138.    Paragraph 138 does not contain factual allegations directed at Skytrail Defendants. Skytrail Defendants are without sufficient information to admit or deny the allegation in Paragraph 138 and therefore deny the same.

139.    Paragraph 139 does not contain factual allegations directed at Skytrail Defendants. Skytrail Defendants are without sufficient information to admit or deny the allegation in Paragraph 139 and therefore deny the same.

140.    Paragraph 140 does not contain factual allegations directed at Skytrail Defendants. To the extent a response is required, Skytrail Defendants deny the allegations in Paragraph 140.

141.    Paragraph 141 does not contain factual allegations directed at Skytrail Defendants. Skytrail Defendants are without sufficient information to admit or deny the allegation in Paragraph 141 and therefore deny the same.

142.    Paragraph 142 does not contain factual allegations directed at Skytrail Defendants. Skytrail Defendants are without sufficient information to admit or deny the allegation in Paragraph 142 and therefore deny the same.

143.    Paragraph 143 does not contain factual allegations directed at Skytrail Defendants. Skytrail Defendants are without sufficient information related to LDF Holdings day to day operations admit or deny the allegation in Paragraph 143 and therefore deny the same.

144.    Paragraph 144 does not contain factual allegations directed at Skytrail Defendants. Skytrail Defendants are without sufficient information related to LDF Holdings corporate structure admit or deny the allegation in Paragraph 144 and therefore deny the same.

145.    Paragraph 145 does not contain factual allegations directed at Skytrail Defendants. Skytrail Defendants are without sufficient information admit or deny the allegation in Paragraph 145 and therefore deny the same.

146.    Paragraph 146 does not contain factual allegations directed at Skytrail Defendants. Skytrail Defendants are without sufficient information admit or deny the allegation in Paragraph 145 and therefore deny the same.

147.     Paragraph 147 does not contain factual allegations directed at Skytrail Defendants. Skytrail Defendants are without sufficient information admit or deny the allegation in Paragraph 147 and therefore deny the same.

148.     Paragraph 148 does not contain factual allegations directed at Skytrail Defendants. Skytrail Defendants are without sufficient information admit or deny the allegation in Paragraph 148 and therefore deny the same.

**F.     Collection from Consumers**

149.     Skytrail Defendants deny that the tribal loans at issue in this litigation are "usurious." Skytrail Defendants expressly deny they are subject to the laws of the states of Virginia, Georgia, Maryland, and Florida.

150.     Skytrail Defendants deny that the tribal loans at issue in this litigation are subject to the laws of the states of Virginia, Georgia, Maryland, and Florida.

151.     Skytrail Defendants deny that they charged interest rates, much less astronomical interest rates, because they deny that they made loans.

152.     Skytrail Defendants deny that they charged interest rates, much less excessive interest rates, because they deny that they made loans.

153.     Skytrail Defendants deny that the tribal loans at issue in this litigation are subject to the laws of any of the allegedly applicable state laws. Skytrail Defendants further state that Paragraph 153 constitutes a legal conclusion to which no responsive pleading is required.

154.     Paragraph 154 does not contain factual allegations directed at Skytrail Defendants. Skytrail Defendants are without sufficient information admit or deny the allegation in Paragraph 154 and therefore deny the same.

155.    Paragraph 155 does not contain factual allegations directed at Skytrail Defendants. Skytrail Defendants are without sufficient information admit or deny the allegation in Paragraph 155 and therefore deny the same.

156.    Paragraph 156 does not contain factual allegations directed at Skytrail Defendants. Further, Exhibit 10 speaks for itself. Skytrail Defendants are without sufficient information admit or deny the allegation in Paragraph 156 and therefore deny the same.

157.    Paragraph 157 does not contain factual allegations directed at Skytrail Defendants. Skytrail Defendants are without sufficient information admit or deny the allegation in Paragraph 157 and therefore deny the same. Skytrail Defendants further state that Paragraph 157 constitutes a legal conclusion to which no responsive pleading is required. Skytrail Defendants expressly deny they are subject to the laws of the state of Virginia.

158.    Paragraph 158 does not contain factual allegations directed at Skytrail Defendants. Further, Exhibit 11 speaks for itself. Skytrail Defendants are without sufficient information admit or deny the allegation in Paragraph 158 and therefore deny the same.

159.    Paragraph 159 does not contain factual allegations directed at Skytrail Defendants. Skytrail Defendants are without sufficient information admit or deny the allegation in Paragraph 159 and therefore deny the same. Skytrail Defendants further state that Paragraph 159 constitutes a legal conclusion to which no responsive pleading is required. Skytrail Defendants expressly deny they are subject to the laws of the state of Virginia.

160.    Paragraph 160 does not contain factual allegations directed at Skytrail Defendants. Further, Exhibit 12 speaks for itself. Skytrail Defendants are without sufficient information admit or deny the allegation in Paragraph 160 and therefore deny the same.

161.    Paragraph 161 does not contain factual allegations directed at Skytrail Defendants. Skytrail Defendants are without sufficient information admit or deny the allegation in Paragraph 161 and therefore deny the same. Skytrail Defendants further state that Paragraph 161 constitutes a legal conclusion to which no responsive pleading is required. Skytrail Defendants expressly deny they are subject to the laws of the state of Virginia.

162.    Paragraph 162 does not contain factual allegations directed at Skytrail Defendants. Further, Exhibit 13 speaks for itself. Skytrail Defendants are without sufficient information admit or deny the allegation in Paragraph 162 and therefore deny the same.

163.    Paragraph 163 does not contain factual allegations directed at Skytrail Defendants. Skytrail Defendants are without sufficient information admit or deny the allegation in Paragraph 163 and therefore deny the same. Skytrail Defendants further state that Paragraph 163 constitutes a legal conclusion to which no responsive pleading is required. Skytrail Defendants expressly deny they are subject to the laws of the state of Virginia.

164.    Paragraph 164 does not contain factual allegations directed at Skytrail Defendants. Further, Exhibit 14 speaks for itself. Skytrail Defendants are without sufficient information admit or deny the allegation in Paragraph 164 and therefore deny the same.

165.    Paragraph 165 does not contain factual allegations directed at Skytrail Defendants. Skytrail Defendants are without sufficient information admit or deny the allegation in Paragraph 165 and therefore deny the same. Skytrail Defendants further state that Paragraph 165 constitutes a legal conclusion to which no responsive pleading is required. Skytrail Defendants expressly deny they are subject to the laws of the state of Virginia.

166.     Paragraph 166 does not contain factual allegations directed at Skytrail Defendants. Skytrail Defendants are without sufficient information admit or deny the allegation in Paragraph 166 and therefore deny the same.

167.     Paragraph 167 does not contain factual allegations directed at Skytrail Defendants. Further, Exhibit 15 speaks for itself. The Skytrail Defendants are without sufficient information admit or deny the allegation in Paragraph 167 and therefore deny the same.

168.     Paragraph 168 does not contain factual allegations directed at Skytrail Defendants. Skytrail Defendants are without sufficient information admit or deny the allegation in Paragraph 168 and therefore deny the same.

169.     Paragraph 169 does not contain factual allegations directed at Skytrail Defendants. Skytrail Defendants are without sufficient information admit or deny the allegation in Paragraph 169 and therefore deny the same. Skytrail Defendants further state that Paragraph 169 constitutes a legal conclusion to which no responsive pleading is required. Skytrail Defendants expressly deny they are subject to the laws of the state of Virginia.

170.     Paragraph 170 does not contain factual allegations directed at Skytrail Defendants. Skytrail Defendants are without sufficient information admit or deny the allegation in Paragraph 170 and therefore deny the same.

171.     Paragraph 171 does not contain factual allegations directed at Skytrail Defendants. Skytrail Defendants are without sufficient information admit or deny the allegation in Paragraph 171 and therefore deny the same.

172.     Paragraph 172 does not contain factual allegations directed at Skytrail Defendants. Skytrail Defendants are without sufficient information admit or deny the allegation in Paragraph 172 and therefore deny the same.

173.     Paragraph 173 does not contain factual allegations directed at Skytrail Defendants. Skytrail Defendants are without sufficient information admit or deny the allegation in Paragraph 173 and therefore deny the same.

174.     Paragraph 174 does not contain factual allegations directed at Skytrail Defendants. Skytrail Defendants are without sufficient information admit or deny the allegation in Paragraph 174 and therefore deny the same.

175.     Paragraph 175 does not contain factual allegations directed at Skytrail Defendants. Skytrail Defendants are without sufficient information admit or deny the allegation in Paragraph 175 and therefore deny the same.

176.     Paragraph 176 does not contain factual allegations directed at Skytrail Defendants. Skytrail Defendants are without sufficient information admit or deny the allegation in Paragraph 176 and therefore deny the same.

177.     Paragraph 177 does not contain factual allegations directed at Skytrail Defendants. Skytrail Defendants are without sufficient information admit or deny the allegation in Paragraph 177 and therefore deny the same.

178.     Paragraph 178 does not contain factual allegations directed at Skytrail Defendants. Skytrail Defendants are without sufficient information admit or deny the allegation in Paragraph 178 and therefore deny the same. Skytrail Defendants further state that Paragraph 178 constitutes a legal conclusion to which no responsive pleading is required. Skytrail Defendants expressly deny they are subject to the laws of the state of Georgia.

179.     Paragraph 179 does not contain factual allegations directed at Skytrail Defendants. Skytrail Defendants are without sufficient information admit or deny the allegation in Paragraph 179 and therefore deny the same.

180.     Paragraph 180 does not contain factual allegations directed at Skytrail Defendants. Skytrail Defendants are without sufficient information admit or deny the allegation in Paragraph 180 and therefore deny the same.

181.     Paragraph 181 does not contain factual allegations directed at Skytrail Defendants. Skytrail Defendants are without sufficient information admit or deny the allegation in Paragraph 181 and therefore deny the same.

182.     Paragraph 182 does not contain factual allegations directed at Skytrail Defendants. Skytrail Defendants are without sufficient information admit or deny the allegation in Paragraph 182 and therefore deny the same.

183.     Paragraph 183 does not contain factual allegations directed at Skytrail Defendants. Skytrail Defendants are without sufficient information admit or deny the allegation in Paragraph 183 and therefore deny the same.

184.     Paragraph 184 does not contain factual allegations directed at Skytrail Defendants. Skytrail Defendants are without sufficient information admit or deny the allegation in Paragraph 184 and therefore deny the same.

185.     Paragraph 185 does not contain factual allegations directed at Skytrail Defendants. Skytrail Defendants are without sufficient information admit or deny the allegation in Paragraph 185 and therefore deny the same.

186.     Paragraph 186 does not contain factual allegations directed at Skytrail Defendants. Skytrail Defendants are without sufficient information admit or deny the allegation in Paragraph 186 and therefore deny the same.

187.     Paragraph 187 does not contain factual allegations directed at Skytrail Defendants. Skytrail Defendants are without sufficient information admit or deny the allegation in Paragraph 187 and therefore deny the same.

188.     Paragraph 188 does not contain factual allegations directed at Skytrail Defendants. Skytrail Defendants are without sufficient information admit or deny the allegation in Paragraph 188 and therefore deny the same.

189.     Skytrail Defendants admit that Angela Maville received a loan from Ningodwaaswi, LLC d/b/a Sky Trail Cash on February 20, 2020.

190.     Skytrail Defendants state that Ms. Maville's loan documents speak for themselves and no other responsive pleading is required.

191.     Mr. Pruett denies that he performed any acts related to Ms. Maville's loan. Skytrail Servicing Group denies that it performed all of the acts related to the origination of Ms. Maville's loan, including both the underwriting and the funding of the loan.

192.     Skytrail Defendants admit that Skytrail Servicing Group obtained Ms. Maville's credit report from a consumer reporting agency prior to her receiving a loan from Ningodwaaswi, LLC.

193.     Skytrail Defendants admit the allegations in Paragraph 193.

194.     Mr. Pruett denies that he initiated debits on Ms. Maville's account or received any payment from Ms. Maville. Skytrail Servicing Group denies that it initiated debits on Ms. Maville's account, or that it received the "vast majority" of the amount Ms. Maville paid on her loan. Skytrail Defendants deny the characterization that the Tribe received a "kickback."

195.     Skytrail Defendants are without sufficient information to admit or deny the allegations in Paragraph 195, and therefore deny the same.

**COUNT ONE:**
**VIOLATIONS OF RICO, 18 U.S.C. § 1962(c)**
**(CLASS CLAIM AGAINST ALL DEFENDANTS)**

196.    Skytrail Defendants restate their answers to each of the following paragraphs as if fully set forth herein.

197.    Skytrail Defendants deny that a class action is proper or may be certified, and deny all other allegations in Paragraph 197.

198.    Skytrail Defendants deny that the subclass is proper or may be certified, and deny all other allegations in Paragraph 198.

199.    Skytrail Defendants deny that the subclass is proper or may be certified, and deny all other allegations in Paragraph 199.

200.    Skytrail Defendants deny that the subclass is proper or may be certified, and deny all other allegations in Paragraph 200.

201.    Skytrail Defendants deny that the subclass is proper or may be certified, and deny all other allegations in Paragraph 201.

202.    Skytrail Defendants deny that the subclass is proper or may be certified, and deny all other allegations in Paragraph 202.

203.    Skytrail Defendants deny that a class is proper or may be certified, and deny all other allegations in Paragraph 203.

204.    Skytrail Defendants deny that a class is proper or may be certified, and deny all other allegations in Paragraph 204.

205.    Skytrail Defendants deny that a class is proper or may be certified, and deny all other allegations in Paragraph 205.

206.    Skytrail Defendants deny that a class is proper or may be certified, and deny all other allegations in Paragraph 206.

207.    Skytrail Defendants deny that a class is proper or may be certified, and deny all other allegations in Paragraph 207.

208.    Paragraph 208 constitutes a legal conclusion to which no responsive pleading is required. To the extent a response is required, Skytrail Defendants deny the allegations in Paragraph 208.

209.    Paragraph 209 constitutes a legal conclusion to which no responsive pleading is required. To the extent a response is required, Skytrail Defendants deny the allegations in Paragraph 209.

210.    Skytrail Defendants deny the allegations in Paragraph 210.

211.    Paragraph 211 constitutes a legal conclusion to which no responsive pleading is required. To the extent a response is required, Skytrail Defendants deny the allegations in Paragraph 211.

212.    Skytrail Defendants state that cited statute speaks for itself, and no responsive pleading is required. To the extent a response is required, Skytrail Defendants deny the allegations in Paragraph 212.

213.    Paragraph 213 constitutes a legal conclusion to which no responsive pleading is required. To the extent a response is required, Skytrail Defendants deny the allegations in Paragraph 213.

214.    Paragraph 214 constitutes a legal conclusion to which no responsive pleading is required. To the extent a response is required, Skytrail Defendants deny the allegations in Paragraph 214.

215.    Paragraph 215 constitutes a legal conclusion to which no responsive pleading is required. To the extent a response is required, Skytrail Defendants deny the allegations in Paragraph 215. Skytrail Defendants specifically deny that Plaintiffs are entitled to any relief.

**COUNT TWO:**
**VIOLATIONS OF RICO, 18 U.S.C. § 1962(d)**
**(CLASS CLAIM ALL PLAINTIFFS AGAINST ALL DEFENDANTS IN THEIR**
**INDIVIDUAL CAPACITIES ONLY)**

216.    Skytrail Defendants restate their answers to each of the following paragraphs as if fully set forth herein.

217.    Skytrail Defendants deny that a class is proper or may be certified, and deny all other allegations in Paragraph 217.

218.    Skytrail Defendants deny that the subclass is proper or may be certified, and deny all other allegations in Paragraph 218.

219.    Skytrail Defendants deny that the subclass is proper or may be certified, and deny all other allegations in Paragraph 219.

220.    Skytrail Defendants deny that the subclass is proper or may be certified, and deny all other allegations in Paragraph 220.

221.    Skytrail Defendants deny that the subclass is proper or may be certified, and deny all other allegations in Paragraph 221.

222.    Skytrail Defendants deny that the subclass is proper or may be certified, and deny all other allegations in Paragraph 222.

223.    Skytrail Defendants deny that a class is proper or may be certified, and deny all other allegations in Paragraph 223.

224.    Skytrail Defendants deny that a class is proper or may be certified, and deny all other allegations in Paragraph 224.

225.    Skytrail Defendants deny that a class is proper or may be certified, and deny all other allegations in Paragraph 225.

226.    Skytrail Defendants deny that a class is proper or may be certified, and deny all other allegations in Paragraph 226.

227.    Skytrail Defendants deny that a class is proper or may be certified, and deny all other allegations in Paragraph 227.

228.    Paragraph 228 constitutes a legal conclusion to which no responsive pleading is required. To the extent a response is required, Skytrail Defendants deny the allegations in Paragraph 228.

229.    Paragraph 229 constitutes a legal conclusion to which no responsive pleading is required. To the extent a response is required, Skytrail Defendants deny the allegations in Paragraph 229.

230.    Skytrail Defendants deny the allegations in Paragraph 230.

231.    Paragraph 231 constitutes a legal conclusion to which no responsive pleading is required. To the extent a response is required, Skytrail Defendants deny the allegations in Paragraph 231.

232.    Paragraph 232 constitutes a legal conclusion to which no responsive pleading is required. To the extent a response is required, Skytrail Defendants deny the allegations in Paragraph 232.

233.    Paragraph 233 constitutes a legal conclusion to which no responsive pleading is required. To the extent a response is required, Skytrail Defendants deny the allegations in Paragraph 233. Skytrail Defendants specifically deny that Plaintiffs are entitled to any relief.

**COUNT THREE:**
**VIOLATIONS OF STATE USUARY and LICENSING LAWS**
**(CLASS CLAIM AGAINST THE TRIBAL COUNCIL**
**DEFENDANTS IN THEIR OFFICIAL CAPACITIES ONLY)**

234.    Count 3 and Paragraph 234 do not contain factual allegations directed at Skytrail Defendants, and no further response is required. Skytrail Defendants restate their answers to each of the following paragraphs as if fully set forth herein.

235.    Count 3 and Paragraph 235 do not contain factual allegations directed at Skytrail Defendants, and no further response is required.

236.    Count 3 and Paragraph 236 do not contain factual allegations directed at Skytrail Defendants, and no further response is required.

237.    Count 3 and Paragraph 237 do not contain factual allegations directed at Skytrail Defendants, and no further response is required.

238.    Count 3 and Paragraph 238 do not contain factual allegations directed at Skytrail Defendants, and no further response is required.

239.    Count 3 and Paragraph 239 do not contain factual allegations directed at Skytrail Defendants, and no further response is required.

240.    Count 3 and Paragraph 240 do not contain factual allegations directed at Skytrail Defendants, and no further response is required.

241.    Count 3 and Paragraph 241 do not contain factual allegations directed at Skytrail Defendants, and no further response is required.

242.    Count 3 and Paragraph 242 do not contain factual allegations directed at Skytrail Defendants, and no further response is required.

243.    Count 3 and Paragraph 243 do not contain factual allegations directed at Skytrail Defendants, and no further response is required.

244.    Count 3 and Paragraph 244 do not contain factual allegations directed at Skytrail Defendants, and no further response is required.

245.    Count 3 and Paragraph 245 do not contain factual allegations directed at Skytrail Defendants, and no further response is required.

**COUNT FOUR:**
**DECLARATORY JUDGMENT**
**(CLASS CLAIM AGAINST THE TRIBAL COUNCIL DEFENDANTS)**

246.    Count 4 and Paragraph 246 do not contain factual allegations directed at Skytrail Defendants, and no further response is required.

247.    Count 4 and Paragraph 247 do not contain factual allegations directed at Skytrail Defendants, and no further response is required.

248.    Count 4 and Paragraph 248 do not contain factual allegations directed at Skytrail Defendants, and no further response is required.

249.    Count 4 and Paragraph 249 do not contain factual allegations directed at Skytrail Defendants, and no further response is required.

250.    Count 4 and Paragraph 250 do not contain factual allegations directed at Skytrail Defendants, and no further response is required.

251.    Count 4 and Paragraph 251 do not contain factual allegations directed at Skytrail Defendants, and no further response is required.

252.    Count 4 and Paragraph 252 do not contain factual allegations directed at Skytrail Defendants, and no further response is required.

253.    Count 4 and Paragraph 253 do not contain factual allegations directed at Skytrail Defendants, and no further response is required.

254.    Count 4 and Paragraph 254 do not contain factual allegations directed at Skytrail Defendants, and no further response is required.

255.    Count 4 and Paragraph 255 do not contain factual allegations directed at Skytrail Defendants, and no further response is required.

256.    Count 4 and Paragraph 256 do not contain factual allegations directed at Skytrail Defendants, and no further response is required.

257.    Count 4 and Paragraph 257 do not contain factual allegations directed at Skytrail Defendants, and no further response is required.

258.    Count 4 and Paragraph 258 do not contain factual allegations directed at Skytrail Defendants, and no further response is required.

**COUNT FIVE:**
**UNJUST ENRICHMENT**
**(CLASS CLAIM: PLAINTIFF MAVILLE AGAINST PRUETT AND SKY TRAIL SERVICING GROUP)**

259.    Skytrail Defendants restate their answers to each of the following paragraphs as if fully set forth herein.

260.    Skytrail Defendants deny that a class is proper or may be certified, and deny all other allegations in Paragraph 260.

261.    Skytrail Defendants deny that a class is proper or may be certified, and deny all other allegations in Paragraph 261.

262.    Skytrail Defendants deny that a class is proper or may be certified, and deny all other allegations in Paragraph 262.

263.    Skytrail Defendants deny that a class is proper or may be certified, and deny all other allegations in Paragraph 263.

264.    Skytrail Defendants deny that a class is proper or may be certified, and deny all other allegations in Paragraph 264.

265.    Skytrail Defendants deny that a class is proper or may be certified, and deny all other allegations in Paragraph 265.

266.    Paragraph 266 constitutes a legal conclusion to which no responsive pleading is required. To the extent a response is required, Skytrail Defendants deny the allegations in Paragraph 266.

267.    Skytrail Defendants deny the allegations in Paragraph 267. Skytrail Defendants specifically state that Nongodwaaswi, LLC d/b/a Sky Trail Cash is owned by the Lac du Flambeau Band of Lake Superior Chippewa Indians.

268.    Skytrail Defendants state that Exhibit 3 speaks for itself. Skytrail Defendants deny the remaining allegations in Paragraph 268.

269.    Skytrail Defendants deny that the tribal loans offered by Nongodwaaswi, LLC are unlawful. Paragraph 269 includes a legal conclusion to which no responsive pleading is required. Skytrail Defendants deny the remaining allegations in Paragraph 269.

270.    Skytrail Defendants specifically deny that Plaintiffs are entitled to any relief.

## PRAYER FOR RELIEF

Skytrail Defendants deny that Plaintiffs are entitled to any of the relief sought.

## ADDITIONAL DEFENSES

1.    Plaintiffs' claim fails to state a claim on which relief can be granted.

2.    The Court is not the proper venue or forum in which to hear Plaintiffs' claims, including for the reasons set forth in previously filed motions.

3.      Plaintiffs' claims fail because the Skytrail Defendants are not subject to the Court's jurisdiction.

4.      Plaintiffs' claims are barred by their failure to perform the contract.

5.      Plaintiffs' claims are barred because they failed to comply with the contractual dispute resolution process.

6.      Plaintiffs' claims are barred by the doctrines of waiver, laches, and estoppel.

7.      Plaintiffs' damages are due to the conduct of others for which the Skytrail Defendants are not responsible.

8.      Plaintiffs are barred from recovery to the extent that they have failed to mitigate damages.

9.      Plaintiffs have unclean hands because Plaintiffs are in default or have otherwise breached.

10.     Plaintiffs' claims fail for lack of standing.

11.     This action may not properly proceed as a class action under Federal Rule of Civil Procedure 23 to the extent that, among other reasons, Plaintiffs' claims are not typical of the claims of each putative class member; questions of law and fact allegedly common to the putative class do not predominate over the numerous questions affecting only putative class members; a class action is not superior to other available methods for the fair and efficient adjudication of Plaintiffs' claims and any claims of putative class members; Plaintiffs and their counsel are unable to fairly and adequately protect the interests of the putative class members; and there are insurmountable difficulties that would be encountered in any attempt to proceed as a class action

12.     Plaintiffs and the putative class members cannot recover as a class action to the extent to which such class recovery would deprive the Skytrail Defendants of their due process rights to assert individualized defenses to claims of class members.

13.     Plaintiffs cannot recover from the Skytrail Defendants individually or as a class action for punitive or statutory damages to the extent any award of punitive or statutory damages would be impermissible under the Due Process Clause of the Fifth Amendment to the United States Constitution, and the Excessive Fines Clause of the Eighth Amendment to the United States Constitution, due to the lack of any actual damages suffered by Plaintiff and the gross disparity between the allegations of harm and the size of the claim.

14.     Skytrail Defendants reserve the right to add or amend their affirmative defenses as more facts come to light during the course of the investigation.

**WHEREFORE**, Skytrail Defendants request that the Court enter judgment in favor of Skytrail Defendants as follows:

1.     Dismissing Plaintiffs' complaint with prejudice;

2.     Awarding Skytrail Defendants their costs and disbursements in this action, including reasonable attorneys' fees, to the maximum extent allowed by law; and

3.     Other such relief as the Court deems proper.

**TRIAL BY JURY IS DEMANDED ON ALL CLAIMS SO TRIABLE.**

**WILLIAM CHENEY PRUETT and
SKY TRAIL SERVICING GROUP, LLC**

By: */s/ David N. Anthony*
    David N. Anthony
    Virginia State Bar No. 31696
    *Counsel for William Cheney Pruett and Sky Trail
    Servicing Group, LLC*
    TROUTMAN PEPPER HAMILTON SANDERS LLP
    1001 Haxall Point
    Richmond, VA  23219
    Telephone: (804) 697-5410
    Facsimile: (804) 698-5118
    Email: david.anthony@troutman.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of September 2023, I caused the foregoing document to be filed with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

*/s/ David N. Anthony*
David N. Anthony
Virginia State Bar No. 31696
*Counsel for William Cheney Pruett and Sky Trail Servicing Group, LLC*
TROUTMAN PEPPER HAMILTON SANDERS LLP
1001 Haxall Point
Richmond, VA  23219
Telephone: (804) 697-5410
Facsimile: (804) 698-5118
Email: david.anthony@troutman.com

162177432