**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division**

LORI FITZGERALD, *et al.*, *individually and on
behalf of others similarly situated*,

    Plaintiffs,

  v.

               Case No. 3:20-cv-00044 (NKM)

JOSEPH WILDCAT SR., *et al.*,

    Defendants.

## <u>DECLARATION OF KRISTI C. KELLY</u>

I, Kristi C. Kelly declare:

1.  My name is Kristi C. Kelly. I am over 21 years of age, of sound mind, capable of executing this declaration, and have personal knowledge of the facts stated herein, and they are all true and correct.

2.  I am one of the attorneys working on behalf of the Plaintiffs in the above-styled litigation, and I am a founder and a partner of Kelly Guzzo, PLC, a law firm located at 3925 Chain Bridge Road, Suite 202, Fairfax, Virginia 22030.  Prior to January 15, 2014, I was an attorney and equity partner at Surovell Isaacs Petersen & Levy, PLC, a nineteen-attorney law firm with offices in Fairfax, Virginia. My primary office was 4010 University Drive, Suite 200, Fairfax, Virginia 22030.  I also worked for Legal Services of Northern Virginia, focusing exclusively on housing and consumer law for approximately three years prior to Surovell Isaacs Petersen & Levy, PLC.

3.  Since 2006, I have been and presently am a member in good standing of the Bar of the highest court of the Commonwealth of Virginia, where I regularly practice law.  Since 2007, I have been and presently am a member in good standing of the Bar of the highest courts of the

District of Columbia and since 2014 of Maryland.  I am also admitted in the United States District Courts for the District of Columbia and Maryland.

4.      My law firm is committed to representing the most vulnerable—and often overlooked—consumers.  We work with various legal aid organizations to help identify areas of need, where our firm can "step up" and meet those needs through class action litigation or pro bono work.  Many of these cases include seeking remedies for credit reporting errors or lending abuses.  Kelly Guzzo was the co-recipient of the 2019 Frankie Muse Freeman Organizational Pro Bono Award by the Virginia State Bar Association.

5.      I have taught numerous Continuing Legal Education programs for other attorneys in the areas of consumer law, including mortgage servicing abuses, dormant second mortgages, landlord tenant defense, dealing with debt collectors, credit reporting, defenses to foreclosure, discovery in federal court, resolving cases, and internet lending.  I have taught these courses for various legal aid organizations, state and local bar associations, the National Consumer Law Center, the Consumer Federation of America, the National Council of Higher Education, and the National Association of Consumer Advocates at its various conferences.  I was also a panelist for the Consumer Financial Protection Bureau and Federal Trade Commission on the issue of credit reporting.  I have also served as an adjunct professor at George Mason University's Antonin Scalia School of Law, teaching a course on consumer rights litigation.

6.      My peers have recognized me as a Super Lawyer and Rising Star consistently for the past ten years, and I was selected as a Top 50 Women's Virginia Super Lawyer in 2023.  Additionally, I was selected to be a member of the Virginia Lawyers Weekly "Leader in the Law," class of 2014, and Influential Women in the Law, class of 2020.  I serve on the Board of Directors for the Legal Aid Justice Center and Virginia Poverty Law Center.  I am a former State Chair for Virginia of the National Association of Consumer Advocates and am currently a member of the

Partners' Council for the National Consumer Law Center and Board of Directors of the National Association of Consumer Advocates.

7. I have also been appointed to the Merit Selection Panel for recommendation for the Magistrate Judge by the United States District Court Eastern District of Virginia, in both the Richmond and Alexandria Divisions.

8. I have significant experience representing consumers in litigation under the Federal Consumer Credit Protection Act, 15 U.S.C. § 1601 *et seq.*, and in particular the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, the Equal Credit Opportunity Act, 15 U.S.C. § 1691 *et seq.*, the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605 *et seq.*, and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

9. My firm has litigated hundreds of consumer protection lawsuits in courts across the country. Several courts have recognized Kelly Guzzo's skill in the consumer protection arena. *See, e.g.*, Final Approval Hr'g Tr., *Campos-Carranza v. Credit Plus, Inc.*, No. 16-cv-120, at 5:3–7 (E.D. Va. Feb. 17, 2017) ("I think this is an extremely, as I say, extremely fair, reasonable, and adequate settlement. Again, the claims – and I think being generous on the time limit for the claims was also appropriate. So I have no difficulty in signing this order."); *Ceccone v. Equifax Info. Servs. LLC*, No. 13-1314, 2016 WL 5107202, at *6 (D.D.C. Aug. 29, 2016) ("Given these qualifications, and in light of Class Counsel's conduct in court and throughout these proceeding, this Court concludes that Class Counsel is qualified to prosecute the interests of this class vigorously."); *Dreher v. Experian Info. Sols., Inc*, No. 11-00624, 2014 WL 2800766, at *2 (E.D. Va. June 19, 2014) ("Dreher's counsel is well- experienced in the arena of FCRA class action litigation."); Fairness Hr'g Tr., *Burke v. Seterus, Inc*, No. 16-cv-785, at 9:19–22 (E.D. Va. 2017) ("Experience of counsel on both sides in this case is extraordinary. Ms. Kelly and Ms. Nash and

3

their colleagues are here in this court all the time with these kinds of cases and do a good job on them.").

10.     In each of the class cases where I have represented plaintiffs in a consumer protection case, the Court found me to be adequate class counsel. *See Tsvetovat, v. Segan, Mason, & Mason, PC,* No. 1:12-cv-510 (E.D. Va.); *Conley v. First Tennessee Bank*, No. 1:10-cv-1247 (E.D. Va.); *Dreher v. Experian Information Solutions*, *Inc.*, No. 3:11-cv-624 (E.D. Va.); *Shami v. Middle East Broadcast Network*, No. 1:13-cv-467 (E.D. Va.); *Goodrow v. Friedman & MacFadyen*, No. 3:11-cv-20 (E.D.Va.); *Kelly v. Nationstar*, Case No. 3:13-cv-311 (E.D. Va.); *Thomas v. Wittstadt*, No. 3:12-cv-450 (E.D. Va.); *Fariasantos v. Rosenberg & Associates, LLC*, No. 3:13-cv-543 (E.D. Va.); *Morgan v. McCabe Weisberg & Conway, LLC*, No. 3:14-cv-695 (E.D. Va.); *Burke v. Shapiro, Brown & Alt, LLP*, No. 3:14-cv-838 (E.D. Va.); *Bartlow, et al., v Medical Facilities of America, Inc.,* No. 3:16-cv-573 (E.D. Va.); *Blocker v. Marshalls of MA, Inc.,* No. 1:14-cv-1940 (D.D.C.); *Ceccone v. Equifax Info. Servs., LLC*, No. 1:13-cv-1314 (D.D.C.); *Jenkins v. Equifax Info. Servs., LLC*, No. 1:15-cv-443 (E.D. Va.); *Ridenour v. Multi-Color Corporation,* No. 2:15-cv-41 (E.D. Va.); *Hayes v. Delbert Services Corp.,* No. 3:14-cv-258 (E.D. Va.); *Campos-Carranza v. Credit Plus, Inc.,* No. 1:16-cv-120 (E.D. Va.); *Jenkins v. Realpage, Inc.*, No. 2:15-cv-1520 (E.D. Pa.); *Kelly v. First Advantage Background Services, Corp.*, No. 3:15-cv-5813 (D.N.J.); *Burke v. Seterus, Inc.,* No. 3:16-cv-785 (E.D. Va.); *Williams v. Corelogic Rental Property Solutions, LLC,* No. 8:16-cv-58 (D. Md.); *Clark v. Trans Union, LLC*, No. 3:15-cv-391 (E.D. Va.); *Clark v. Experian Information Solutions, Inc.*, No. 3:16-cv-32 (E.D. Va.); *Thomas v. Equifax Info. Servs., LLC*, No. 3:18-cv-684 (E.D. Va.); *Heath v. Trans Union, LLC*, No. 3:18-cv-720 (E.D. Va.); *Turner, v. ZestFinance, Inc.,* No. 3:19-cv-293 (E.D. Va.); *Galloway v. Williams*, No. 3:19-cv-470, 2020 WL 7482191, at *4 (E.D. Va. Dec. 18, 2020); *Gibbs v. TCV V, LP*, No. 3:19-cv-789 (E.D. Va.); *Gibbs v. Rees*, No. 3:20-cv-717 (E.D. Va.); *Pang v. Credit Plus, Inc.,* No. 1:20-cv-122 (D.

Md.); *Brown v. RP On-Site, LLC,* No. 1:20-cv-482 (E.D. Va.); *Brown v. Corelogic Rental Property Solutions, LLC*, No. 3:20-cv-363 (E.D. Va.); *Hengle v. Asner,* No. 3:19-cv-250 (E.D. Va.); *Gibbs v. Stinson,* No. 3:18-cv-676 (E.D. Va.); *Stewart v. Lexis Nexis Risk Data Retrieval Services, LLC,* No. 3:20-cv-903 (E.D. Va.); *Hill-Green v. Experian Information Solutions, Inc.*, No. 3:19-cv-708 (E.D. Va.); *Blackburn v. A.C. Israel Enterprises*, No. 3:22-cv-146 (E.D. Va.); *Meeks v. Equifax Info. Servs., LLC*, No. 3:21-cv-7727 (N.D. Ca.); *McAfee v. CIC Mortgage Credit, Inc.*, No. 3:22-cv-0772 (E.D. Va.); *Meehan v. Capital One, N.A.,* No. 1:22-cv-1073 (E.D. Va.); *Steinberg v. CoreLogic Credco, LLC*, No. 3:22-cv-498 (S.D. Ca.); and *Meeks v. Consumer Adjustment Co., Inc.*, No. 3:21-cv-3266 (N.D. Ca.).

11.     This case arises from the making and collection of high-interest loans from online lending companies owned by the LDF Business Development Corporation and its subsidiary, LDF Holdings, LLC (the "LDF Tribal Lending Entities"). The LDF Tribal Lending Entities were formed by the Lac du Flambeau Band of Lake Superior Chippewa Indians, a federally recognized Native American tribe (the "Tribe" or "LDF"). Because the LDF Tribal Lending Entities and their subsidiaries may have been entitled to immunity as arms of the Tribe, Plaintiffs brought this case against the members of the Tribe's Tribal Council (the "Tribal Officials"), as well as several high-level employees of the LDF Tribal Lending Entities. In addition, Plaintiffs sued several of the LDF Tribal Lending Entities' non-tribal business partners, namely William Pruett and Skytrail Servicing, LLC.

12.     As soon as Plaintiffs filed this case in July 2020, Defendants vigorously defended it, including by filing motions to compel arbitration and to dismiss that raised complex and novel issues of arbitrability, sovereign immunity, and the failure to join necessary parties. The Court denied those motions in an extensive opinion that addressed several matters of first impression in this District and the Fourth Circuit, including (1) the applicability of the prospective waiver

doctrine to waivers of rights under state law; and (2) absolute and legislative immunity. *See generally id*. Defendants then appealed that decision to the United States Court of Appeals for the Fourth Circuit. *See Fitzgerald v. Wildcat*, Case No. 23-cv-1930 (4th Cir.); *Fitzgerald v. Skytrail Servicing Group, LLC*, Case No. 23-cv-1929 (4th Cir.).

13.     During the pendency of the appeal, the parties attended eleven mediation sessions with the Honorable Jane M. Roush (Ret.) with the McCammon Group. Finally, after four years of litigation, the parties were able to reach a compromise that provides significant relief to the class.

14.     The proposed settlement affords substantial relief to class members, including: (1) cancellation of approximately $1,400,000,000.00 ($1.4 billion) of outstanding loans; and (2) creation of a $37,350,000.00 ($37.35 million) common fund to be distributed to consumers who repaid unlawful amounts. To my knowledge, the proposed settlement is the largest ever obtained against a participant in the tribal lending industry. And it surpasses the totals of multiple other settlements—in cases filed after this case—approved by courts in other tribal lending cases. *See, e.g., Turner v. ZestFinance, Inc.*, No. 3:19-cv-293, Final Approval Order at Dkt. 114 (E.D. Va. July 9, 2020) (granting final approval of a class settlement providing $170 million in debt cancellation and a common fund of $18.5 million); *Gibbs v. Plain Green, LLC*, No. 3:17-cv-495, Final Approval Order at Dkt. 141 (E.D. Va. Dec. 13, 2019) (granting final approval of a class settlement providing $380 million in debt cancellation and a common fund of $53 million); *Galloway v. Williams*, No. 3:19-cv-470, Final Approval Order at Dkt. 115 (E.D. Va. Dec. 18, 2020) (granting final approval of a class settlement providing $100 million in debt cancellation and a common fund of $8.7 million); *Gibbs v. TCV, V, LLP*, No. 3:19-cv-00789, Final Approval Order at Dkt. 95 (E.D. Va. Mar. 29, 2021) (granting final approval of a class settlement providing $383 million in debt cancellation and a common fund of $50 million); *Hengle v. Asner,* No. 3:19-

cv-250, Final Approval Order at Dkt. 230 (E.D. Va. Oct. 25, 2022) (granting final approval of a class settlement providing $450 million in debt cancellation and a common fund of $39 million).

15.     The settlement itself was obtained through multiple rounds of settlement mediations.  Justice Roush assisted the parties in reaching an arm's-length agreement that accounted for the risks to both sides and involved substantial concessions, despite each side's strong belief in the strength of their positions. During this process, material information and data was provided to Plaintiffs' Counsel, including class size and composition, loan amounts, etc.

16.     There was significant work left to do in this litigation, including litigation of the appeal in the Fourth Circuit, class certification, and a contested class certification motion, expert witness practice, dispositive motions, and trial preparation, as well as likely appeals. As evidenced by similar cases, litigating those issues would have taken years. The Settlement avoids the time and uncertainty of that work.  Given the significant consideration that the Settlement provides, the outcome is outstanding. Moreover, the Tribal Officials further agreed to cease collecting any of the class members' loans upon the entry of the Preliminary Approval Order. This means that borrowers will receive *immediate*  and substantial relief from the burdens of their loans without having to wait several months for the notice and approval process provided under Rule 23(e).

17.     The named plaintiffs in these related cases have been model class representatives. They have reviewed the complaint and amended complaints, kept informed of the motions to dismiss, and kept abreast of the mediation sessions.  For years, they have been actively involved in this case and put the classes' interests first, including to their detriment.

I declare under penalty of perjury of the laws of the United States that the foregoing is correct.

Signed this 17th day of July 2024.

7

_/s/ Kristi C. Kelly_
Kristi C. Kelly