CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
August 01, 2024
LAURA A. AUSTIN, CLERK
BY  s/ S. MELVIN
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

LORI FITZGERALD, *et al.*, *individually and on behalf of others similarly situated*,

Plaintiffs,

v.

JOSEPH WILDCAT SR., *et al.*

Defendants.

Case No. 3:20-cv-00044 (NKM)

**ORDER**
**GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Plaintiffs Lori Fitzgerald, Aaron Fitzgerald, Kevin Williams, Jade Singleton, Angela Maville, Daniel Goodman, Gustinna De Silva, and John Tucker (collectively, "Plaintiffs"), on behalf of themselves and all others similarly situated, have moved the Court for preliminary approval of a proposed class action settlement with Defendants Joseph Wildcat, Sr., Nicole Chapman-Reynolds, Jessi Phillips Lorenzo, John Johnson, George Thompson, Jaime Ann Allen, Jeffrey Bauman, Sr., Louis St. Germaine, Jared Poupart, Paula Poupart, Patricia Zimmerman, Lyle Chapman, Ray Allen, William Stone, Sr., William Cheney Pruett, and Skytrail Servicing Group, LLC (collectively, "Defendants"; and Defendants and Plaintiffs, together, the "Parties"). The terms and conditions of the settlement are set forth in the Stipulation and Agreement of Settlement (Dkt. 182-1) filed with the Court on July 17, 2024 ("Settlement Agreement") as an exhibit to

1

Plaintiffs' Motion for Preliminary Approval of Class Action Settlement ("Preliminary Approval Motion").[1]

Upon review and consideration of Plaintiffs' Preliminary Approval Motion, the Settlement Agreement, and the exhibits attached to the foregoing, **IT IS HEREBY ORDERED** as follows:

1. This Preliminary Approval Order incorporates the Settlement Agreement, and the capitalized terms used herein, unless stated otherwise, shall have the meanings and/or definitions given to them in the Settlement Agreement, as if fully set forth in this Order.

2. The Settlement, on the terms and conditions stated in the Settlement Agreement, is preliminarily approved by this Court as being fair, reasonable and adequate, free of collusion or indicia of unfairness, and within the range of possible final judicial approval. In making this determination, the Court has considered the current posture of this litigation, the risks and benefits to the Parties involved in both settlement of these claims and the continuation of the litigation, and the fact that Defendants deny liability and have indicated their intent to defend the litigation vigorously. The Court further finds that the settlement between Plaintiffs and Defendants was arrived at through arm's-length negotiations and exchange of information by experienced counsel.

## CONDITIONAL CERTIFICATION OF SETTLEMENT CLASS AND APPOINTMENT OF CLASS REPRESENTATIVES AND CLASS COUNSEL

3. For purposes of the Settlement, and conditioned upon the Settlement receiving Final Approval following the Final Fairness Hearing, this Court hereby conditionally certifies a Class for settlement purposes only (the "Settlement Class"), defined as follows and subject to the stated exclusions below:

> All consumers residing within the United States who executed loan agreements with any LDF Tribal Corporation between July 24, 2016 and October 1, 2023.

---

[1] All capitalized terms used in this Order have the meanings set forth in the Settlement Agreement.

4. The Court preliminarily finds that, for settlement purposes and conditioned upon the entry of this Order, the Final Approval Order, and the occurrence of the Effective Date, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied. The Court finds, in the specific context of this Settlement, that the following requirements are met:

    (a) the number of Settlement Class Members is so numerous that joinder is impracticable;

    (b) there are questions of law and fact common to the Settlement Class Members;

    (c) Plaintiffs' claims are typical of the claims of the Settlement Class Members;

    (d) Plaintiffs have fairly and adequately represented the interests of the Settlement Class and will continue to do so, and Plaintiffs have retained experienced counsel to represent them;

    (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; and

    (f) a class action provides a fair and efficient method for settling the controversy under the criteria set forth in Rule 23 and is superior to alternative means of resolving the claims and disputes at issue in this Action. The Court also concludes that, because this Action is being settled rather than litigated, the Court need not consider manageability issues that might be presented by the trial of a class action involving the issues in this case.

5. The Court finds that the Settlement falls within the range of reasonableness because it provides for meaningful remediation relative to the merits of Plaintiffs' claims and Defendants' defenses in that Settlement Class Members will obtain substantial injunctive relief cancelling over $1 billion in outstanding debt, in addition to automatic payments from a common fund based on Class Members' states of residence and payments made on their disputed loans. The Settlement

also has key indicia of fairness in that significant discovery and litigation had been undertaken by the Parties and settlement negotiations occurred at arm's length, including multiple rounds of settlement discussions with a neutral mediator over the course of many months.

6. For purposes of Settlement only, the Court finds and determines that Plaintiffs will fairly and adequately represent the interests of the Settlement Class in enforcing the rights of the Settlement Class in this Action, and thus hereby appoints Lori Fitzgerald, Aaron Fitzgerald, Kevin Williams, Jade Singleton, Angela Maville, Daniel Goodman, Gustinna De Silva, and John Tucker as representatives of the conditionally certified Settlement Class ("Class Representatives").

7. For purposes of the Settlement only, the Court appoints as Class Counsel the law firm of Kelly Guzzo, PLC. The Court finds that the attorneys of Kelly Guzzo, PLC are competent and capable of exercising their responsibilities as Class Counsel and have fairly and adequately represented the interests of the Settlement Class.

## CLASS NOTICE AND SETTLEMENT ADMINISTRATION

8. Since the Settlement Agreement is within the range of reasonableness and possible final approval, notice shall be provided to the Settlement Class under the Settlement Agreement. The Court approves, as to form and content, the Class Notice submitted with Plaintiffs' Preliminary Approval Motion, attached as Exhibit 1 to the Settlement Agreement.

9. The Court appoints American Legal Claims Services as the Settlement Administrator. The Settlement Administrator shall abide by the terms and conditions of the Settlement Agreement that pertain to the Settlement Administrator. As further set forth in the Settlement Agreement, the Settlement Administrator shall be responsible for, without limitation: (a) disseminating Notice to the Settlement Class; (b) handling returned e-mail notice and mail delivered to members of the Settlement Class; (c) fielding inquiries about the Settlement Agreement; (d) receiving and maintaining Settlement Class member correspondence regarding

requests for exclusion; (e) establishing a Settlement website with relevant case documents to which members of the Settlement Class may refer for information about the Settlement; (f) establishing a toll-free telephone line to receive calls from members of the Settlement Class; (g) assisting Defendants with providing the notices required by the Class Action Fairness Act; and (h) carrying out such other responsibilities as are provided for in the Settlement Agreement or agreed to by the Parties.

10. The Court directs the Settlement Administrator, in accordance with the Settlement Agreement, to cause a copy of the Class Notice to be sent in substantially the same form attached to Plaintiffs' Preliminary Approval Motion to the Settlement Class by a combination of e-mail notice to verified e-mail addresses and/or by U.S. mail, postage prepaid to each Settlement Class Member identified on the Class List. The Class Administrator shall use best practices to identify current Class Members, ensure that notice is received by Class Members, and will act in accordance with the process stated within the Settlement Agreement.

11. The Court further directs the Settlement Administrator to establish the Settlement Website and secure a toll-free telephone number as set forth in the Settlement Agreement, which shall be active within ten (10) days after the Court enters this Preliminary Approval Order and shall remain active until at least thirty (30) days after administration of the Settlement has concluded.

12. No later than November 13, 2024, the Settlement Administrator will file a declaration with the Court verifying that notice has been provided to the Settlement Class in accordance with the Settlement Agreement and this Order.

13. The Court finds that the Class Notice accompanying Plaintiffs' Motion for Preliminary Approval, specifically, and more generally, the notice program described above and set forth in the Settlement Agreement constitutes the best notice practicable under the

circumstances and satisfies due process and Federal Rule of Civil Procedure 23. The Court finds that the language of the proposed Class Notice is plain and easy to understand and provides neutral and objective information about the nature of the Settlement. Furthermore, the Court finds that the notice program complies with Federal Rule of Civil Procedure 23(e) as it is a reasonable manner of providing notice to those Settlement Class Members who would be bound by the settlement of the pendency of this Action and their right to participate in, object to, or exclude themselves from the Settlement. The Court also finds that the Notice Program complies with Rule 23(c) as it provides for individual notice to all Settlement Class Members and is thus the best notice practicable under the circumstances. In addition, Settlement Class Members will have access to the Settlement Website for purposes of obtaining additional information about the Settlement.

14. Class Notice and Settlement administration costs as set forth in the Settlement Agreement shall be paid from the Settlement Fund.

**REQUESTS FOR EXCLUSION**

15. Settlement Class Members may elect to exclude themselves or "opt-out" from the Settlement Agreement by following the procedures set forth in the Settlement Agreement for doing so. In the event a Settlement Class Member wishes to be excluded from the Settlement and not to be bound by the Settlement Agreement, that person must, prior to the Opt-Out Deadline, advise the Class Administrator in writing of that intent. In the written request for exclusion, the Settlement Class Member must state his or her full name, address, telephone number, email address, and account number with any LDF Tribal Corporation, if known. Further, the Settlement Class Member must include a statement in the written request that he or she wishes to be excluded from the Settlement Agreement in the Action. The request must also be signed by the Settlement Class Member.

16. Any request for exclusion or opt out must be postmarked on or before the Opt-Out Deadline of October 29, 2024. The date of the postmark on the return mailing envelope shall be the exclusive means used to determine whether a request for exclusion has been timely submitted. The Court retains jurisdiction to resolve any disputed exclusion requests.

17. A Settlement Class Member who opts out of the Settlement may opt back in so long as the opt-in request is received prior to the Opt-Out Deadline.

18. No one shall be permitted to exercise any exclusion rights on behalf of any other person, whether as an agent or representative of another or otherwise, except upon proof of a legal power of attorney, conservatorship, trusteeship, or other legal authorization, and no one may exclude other persons within the Settlement Class as a group, class, or in the aggregate.

19. Any member of the Settlement Class who submits a valid and timely request for exclusion will not be a Settlement Class Member, shall not be bound by the terms of the Settlement Agreement, and shall relinquish their rights to benefits with respect to the Settlement Agreement, should it be finally approved, and may not file an objection to the Settlement Agreement or to any application for reimbursement of attorneys' fees and costs or Service Awards or otherwise intervene in the Action.

20. Any Settlement Class Member who does not submit a valid and timely request for exclusion shall be bound by all the terms and provisions of the Settlement Agreement, including any Release set forth therein, the Final Approval Order, and the Final Judgment, whether or not such Settlement Class Member objected to the settlement.

21. The Settlement Administrator shall provide copies of any requests for exclusion to the Parties as provided in the Settlement Agreement.

## OBJECTIONS

22. Any Settlement Class Member who does not opt out of the Settlement and intends to object to any aspect of the proposed Settlement, request for reimbursement of attorneys' fees and costs, or Service Awards, must file a written objection signed by the Settlement Class Member with the Court by the Objection Deadline of October 29, 2024. For an objection to be considered by the Court, the objection must also set forth and include the following:

    a. the name of this Action;

    b. the Settlement Class Member's name, address, email address, and telephone number;

    c. the account number with any LDF Tribal Corporation;

    d. a sentence confirming that he or she is a Settlement Class Member;

    e. the reasons for his or her objection, accompanied by any legal or factual support for the objection;

    f. the name of counsel for the Objector (if any);

    g. information about other objections the Objector or his or her counsel have made in other class action cases; and

    h. whether he or she intends to appear at the Final Fairness Hearing on his or her own behalf or through counsel.

23. A Settlement Class Member may not both opt out of the Settlement and object. If a Settlement Class Member submits both a request for exclusion and objection, the request for exclusion will control.

24. No member of the Settlement Class or counsel retained by such a member of the Settlement Class shall be entitled to be heard at the Final Approval Hearing unless the Objector or his or her attorneys who intend to make an appearance at the Final Approval Hearing state their intention to appear in the objection filed with the Court in accordance with the preceding paragraphs. Counsel for any such member of the Settlement Class must enter his or her appearance with the Court by the Objection Deadline.

25. Any Settlement Class Member who fails to file and serve a valid and timely written objection in the manner specified above shall be deemed to have waived all objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement, including but not limited to the benefits to Settlement Class Members, the Service Awards, or the Final Judgment.

### FINAL FAIRNESS HEARING

26. A Final Fairness Hearing shall be held on December 13, 2024 at 2:30 p.m. via Zoom. Anyone wishing to attend the Final Fairness Hearing may access the Zoom through https://www.zoomgov.com/j/1611574077, Meeting ID: 161 157 4077, Passcode: 352705. During the Final Fairness Hearing, the Court will consider and determine: (1) whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate; (2) whether any objections to the Settlement Agreement should be overruled; (3) whether Class Counsel's requested for Service Awards to the Class Representatives should be approved; and (4) whether a judgment finally approving the Settlement Agreement should be entered.  The date of the Final Fairness Hearing may be continued by the Court from time to time without the necessity of further notice to the Settlement Class.

27. Any Settlement Class Member may enter an appearance in this Action at his or her own expense, individually or through counsel.  However, if a Settlement Class Member wishes to object to the Settlement at the Final Fairness Hearing (either personally or through counsel), the Settlement Class Member must submit a written objection as set forth in the Settlement Agreement and this Order.  All Settlement Class Members who do not enter an appearance will be represented by Class Counsel.

28. The motion for final approval of the Settlement Agreement and any papers the Parties wish to submit in support of final approval of the Settlement Agreement, shall be filed with

the Court no later than November 13, 2024. Any response to any Objection to the Settlement Agreement shall be filed with the Court no later than November 29, 2024.

## STAY OF LITIGATION

29. Pending the Final Fairness Hearing, all proceedings in this Action are stayed and suspended until further order of this Court, except such actions as may be necessary to carry out or enforce the terms and conditions of the Settlement Agreement and this Preliminary Approval Order.

## OTHER PROVISIONS

30. For the benefit of the Settlement Class and to protect this Court's jurisdiction, this Court retains continuing jurisdiction over the Settlement proceedings relating to the interpretation, administration, implementation, effectuation, and enforcement of this Settlement.

31. Any deadlines set in this Preliminary Approval Order may be extended by order of the Court, for good cause shown, without further notice to the Settlement Class, except that notice of any such extensions shall be posted to the Settlement Website. Members of the Settlement Class should check the Settlement Website regularly for updates, changes, and/or further details regarding extensions of these deadlines.

32. Within three (3) business days of the entry of this Order, the Tribal Officials are ordered to carry out their obligations under Section 3.4(a)(ii) of the Settlement Agreement, including, that the Tribal Officials may and will not sell, transfer, or assign for collection any Outstanding Loans and that they must cease all direct or indirect collection activity on Outstanding Loans. To the extent any amounts are collected, inadvertently or otherwise, on the Outstanding Loans after the entry of this Order, the Tribal Officials will remit the funds back to the respective Settlement Class Member. The Tribal Officials must certify their compliance with Section

3.4(a)(ii) of the Settlement Agreement in declarations to be filed by the Tribal Officials with the Court within fourteen (14) days after the Effective Date.

33. The Parties hereby authorized to use all reasonable procedures in connection with approval and administration of the settlement that are not materially inconsistent with this Order or the Settlement Agreement, including making, without further approval of the Court, minor changes to the Settlement Agreement or to the form or content of the Class Notice that the Parties jointly agree are reasonable or necessary, and which do not limit the rights of Settlement Class Members under the Settlement Agreement.

34. In the event that the proposed Settlement is not finally approved by the Court, is not upheld on appeal, becomes null and void or is otherwise terminated for any reason, this Preliminary Approval Order and all orders entered in connection with the Settlement Agreement shall become null and void, shall be of no further force and effect. The Settlement Class shall be decertified, and the Settlement Agreement and all negotiations, proceedings, documents prepared, and statements made in connection therewith, shall be without prejudice to any Party and shall not be deemed or construed to be an admission or confession by any Party of any fact, matter, or proposition of law. The Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if the Settlement Agreement had never been executed.

**IT IS SO ORDERED.**

Dated: August 1, 2024

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE