# Exhibit 3

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

LORI FITZGERALD, *et al.*, *individually and on behalf of others similarly situated*,

    Plaintiffs,

v.

JOSEPH WILDCAT SR., *et al.*,

    Defendants.

Case No. 3:20-cv-00044 (NKM)

## DECLARATION OF KRISTI C. KELLY

I, Kristi C. Kelly declare:

1. My name is Kristi C. Kelly. I am over 21 years of age, of sound mind, capable of executing this declaration, and have personal knowledge of the facts stated herein, and they are all true and correct.

2. I am one of the attorneys working on behalf of the Plaintiffs in the above-styled litigation, and I am a founder and a partner of Kelly Guzzo, PLC, a law firm located at 3925 Chain Bridge Road, Suite 202, Fairfax, Virginia 22030. Prior to January 15, 2014, I was an attorney and equity partner at Surovell Isaacs Petersen & Levy, PLC, a nineteen-attorney law firm with offices in Fairfax, Virginia. My primary office was 4010 University Drive, Suite 200, Fairfax, Virginia 22030. I also worked for Legal Services of Northern Virginia focusing exclusively on housing and consumer law for approximately three years prior to Surovell Isaacs Petersen & Levy, PLC.

3. Since 2006, I have been and presently am a member in good standing of the Bar of the highest court of the State of Virginia, where I regularly practice law. Since 2007, I have been and presently am a member in good standing of the Bar of the highest courts of the District of Columbia and since 2014 of Maryland. I am also admitted in the United States District Courts for

the District of Columbia and Maryland.

4. My law firm is committed to representing the most vulnerable – and often overlooked – consumers. We work with various legal aid organizations to help identify areas of need, where our firm can "step up" and meet those need through class action litigation or pro bono work. Many of these cases include seeking remedies for credit reporting errors or lending abuses. Kelly Guzzo was the co-recipient of the 2019 Frankie Muse Freeman Organizational Pro Bono Award by the Virginia State Bar Association.

5. I have taught numerous Continuing Legal Education programs for other attorneys and for various legal aid organizations, state and local bar associations, and other groups focused on consumer law, such as the National Consumer Law Center, the Consumer Federation of America, the National Council of Higher Education, and the National Association of Consumer Advocates. I have taught courses about mortgage servicing abuses, landlord tenant defense, dealing with debt collectors, credit reporting, defenses to foreclosure, discovery in federal court, resolving cases, and internet lending. I also served as a panelist for the Consumer Financial Protection Bureau and Federal Trade Commission on the issue of credit reporting. I have also served as an adjunct professor at George Mason University's Antonin Scalia School of Law, teaching a course on consumer rights litigation.

6. My peers have recognized me as a Super Lawyer and Rising Star consistently for the past twelve years, and I was selected as a Top 50 Women's Virginia Super Lawyer in 2023. Additionally, I was selected to be members of the Virginia Lawyers Weekly "Leader in the Law," class of 2014, and Influential Women in the Law, class of 2020. I serve on the Board of Directors for the Legal Aid Justice Center and Virginia Poverty Law Center. I am a former State Chair for Virginia of the National Association of Consumer Advocates and am currently a member of the

Partners' Council for the National Consumer Law Center and Board of Directors of the National Association of Consumer Advocates.

7. I have also been appointed to the Merit Selection Panel for recommendation of magistrate judge appointees for the United States District Court for the Eastern District of Virginia, in both the Richmond and Alexandria Divisions.

8. My firm has litigated hundreds of consumer protection lawsuits in courts across the country. Several courts have recognized Kelly Guzzo's skill in prosecuting class actions for various consumer protection violations. *See, e.g.*, *Campos-Carranza v. Credit Plus, Inc.*, Case No. 16-cv-120, Final Approval Hr'g Trans. at 5:3-7 (LMB/MSN) (E.D. Va. Feb. 17, 2017) ("I think this is an extremely, as I say, extremely fair, reasonable, and adequate settlement. Again, the claims – and I think being generous on the time limit for the claims was also appropriate. So I have no difficulty in signing this order."); *Ceccone v. Equifax Info. Servs. LLC*, No. 13-1314, 2016 WL 5107202, at *6 (D.D.C. Aug. 29, 2016) ("Given these qualifications, and in light of Class Counsel's conduct in court and throughout these proceeding, this Court concludes that Class Counsel is qualified to prosecute the interests of this class vigorously."); *Dreher v. Experian Info. Sols., Inc.*, No. 11-00624, 2014 WL 2800766, at *2 (E.D. Va. June 19, 2014) ("Dreher's counsel is well- experienced in the arena of FCRA class action litigation."); *Burke v. Seterus, Inc.*, No. 16-cv-785, Fairness Hr'g Tr. at 9:19-22 (E.D. Va. 2017) ("Experience of counsel on both sides in this case is extraordinary. Ms. Kelly and Ms. Nash and their colleagues are here in this court all the time with these kinds of cases and do a good job on them.").

9. In each of the class cases where I have represented plaintiffs in a consumer protection case, including cases like the instant case, the Court found me to be adequate class counsel. *See Tsvetovat, v. Segan, Mason, & Mason, PC,* No. 1:12-cv-510 (E.D. Va.); *Conley v. First Tennessee Bank*, No. 1:10-cv-1247 (E.D. Va.); *Dreher v. Experian Information Solutions*,

3

*Inc.*, No. 3:11-cv-624 (E.D. Va.); *Shami v. Middle East Broadcast Network*, No. 1:13-cv-467 (E.D. Va.); *Goodrow v. Friedman & MacFadyen*, No. 3:11-cv-20 (E.D.Va.); *Kelly v. Nationstar*, Case No. 3:13-cv-311 (E.D. Va.); *Thomas v. Wittstadt*, No. 3:12-cv-450 (E.D. Va.); *Fariasantos v. Rosenberg & Associates, LLC*, No. 3:13-cv-543 (E.D. Va.); *Morgan v. McCabe Weisberg & Conway, LLC*, No. 3:14-cv-695 (E.D. Va.); *Burke v. Shapiro, Brown & Alt, LLP*, No. 3:14-cv-838 (E.D. Va.); *Bartlow, et al., v Medical Facilities of America, Inc.,* No. 3:16-cv-573 (E.D. Va.); *Blocker v. Marshalls of MA, Inc.,* No. 1:14-cv-1940 (D.D.C.); *Ceccone v. Equifax Info. Servs., LLC*, No. 1:13-cv-1314 (D.D.C.); *Jenkins v. Equifax Info. Servs., LLC*, No. 1:15-cv-443 (E.D. Va.); *Ridenour v. Multi-Color Corporation,* No. 2:15-cv-41 (E.D. Va.); *Hayes v. Delbert Services Corp.,* No. 3:14-cv-258 (E.D. Va.); *Campos-Carranza v. Credit Plus, Inc.,* No. 1:16-cv-120 (E.D. Va.); *Jenkins v. Realpage, Inc.*, No. 2:15-cv-1520 (E.D. Pa.); *Kelly v. First Advantage Background Services, Corp.*, No. 3:15-cv-5813 (D.N.J.); *Burke v. Seterus, Inc.,* No. 3:16-cv-785 (E.D. Va.); *Williams v. Corelogic Rental Property Solutions, LLC,* No. 8:16-cv-58 (D. Md.); *Clark v. Trans Union, LLC*, No. 3:15-cv-391 (E.D. Va.); *Clark v. Experian Information Solutions, Inc.*, No. 3:16-cv-32 (E.D. Va.); *Thomas v. Equifax Info. Servs., LLC*, No. 3:18-cv-684 (E.D. Va.); *Heath v. Trans Union, LLC*, No. 3:18-cv-720 (E.D. Va.); *Turner, v. ZestFinance, Inc.,* No. 3:19-cv-293 (E.D. Va.); *Galloway v. Williams*, No. 3:19-cv-470, 2020 WL 7482191, at *4 (E.D. Va. Dec. 18, 2020); *Gibbs v. TCV V, LP*, No. 3:19-cv-789 (E.D. Va.); *Gibbs v. Rees*, No. 3:20-cv-717 (E.D. Va.); *Pang v. Credit Plus, Inc.,* No. 1:20-cv-122 (D. Md.); *Brown v. RP On-Site, LLC,* No. 1:20-cv-482 (E.D. Va.); *Brown v. Corelogic Rental Property Solutions, LLC*, No. 3:20-cv-363 (E.D. Va.); *Hengle v. Asner,* No. 3:19-cv-250 (E.D. Va.); *Gibbs v. Stinson,* No. 3:18-cv-676 (E.D. Va.); *Stewart v. Lexis Nexis Risk Data Retrieval Services, LLC,* No. 3:20-cv-903 (E.D. Va.); *Hill-Green v. Experian Information Solutions, Inc.*, No. 3:19-cv-708 (E.D. Va.); *Blackburn v. A.C. Israel Enterprises*, No. 3:22-cv-146 (E.D. Va.); *Meeks v. Equifax Info. Servs., LLC*, No. 3:21-cv-7727 (N.D. Ca.); *McAfee*

4

*v. CIC Mortgage Credit, Inc.*, No. 3:22-cv-0772 (E.D. Va.); *Meehan v. Capital One, N.A.,* No. 1:22-cv-1073 (E.D. Va.); *Steinberg v. CoreLogic Credco, LLC*, No. 3:22-cv-498 (S.D. Ca.); and *Meeks v. Consumer Adjustment Co., Inc.*, No. 3:21-cv-3266 (N.D. Ca.).

10. Most of my law firm's work, including in this case, is contingent or brought under a fee-shifting statute so we generally will not charge our clients a fee. Other attorneys from my firm that have worked on this case include Andrew Guzzo, Casey Nash, J. Patrick McNichol, Matthew Rosendahl and Paisly Bender. We were also assisted by paralegals Natalie Cahoon, Ada Beltran and Jenn Doughton.

11. Andrew Guzzo was an associate at Surovell Isaacs Petersen & Levy, PLC and is currently is a partner at Kelly Guzzo, PLC. He graduated from law school at Washington & Lee University in 2011. The entire time he has been practicing law, he has practiced exclusively in the field of consumer protection litigation; litigating more than 500 hundred cases in federal court, including dozens of class actions. He is licensed to practice law in Virginia and Hawaii. He is the State Chair for Hawaii of the National Association of Consumer Advocates. He has also taught and trained lawyers, including class action and internet lending training sessions, as well as trainings for the annual Virginia Legal Aid Conference and the Consumer Federation of America. He has been named a Super Lawyer Rising Star for the past several years. He received the National Consumer Law Center's Rising Star Award in 2019.

12. Casey Nash was an associate at Consumer Litigation Associates, PC and is currently an associate at Kelly Guzzo, PLC. I supervise and work closely with Casey. She graduated from law school at the Catholic University of America in 2012. The entire time she has been practicing law, she has practiced exclusively in the field of consumer protection litigation. She has significant federal litigation experience, including litigation of over 250 federal cases and dozens of complex class actions. She is licensed to practice law in Virginia and Washington, D.C.

5

She has been named a Super Lawyers' Rising Star in Virginia and Washington, D.C. for the past several years. She has also taught and trained lawyers, including providing training about the FCRA and other consumer protection statutes to legal aid organizations and the National Consumer Law Center and National Association of Consumer Advocates. She has been approved as class counsel in numerous class actions, including some of the cases listed above, as well as several others that she litigated during her time at Consumer Litigation Associates. *See, e.g.*, *Soutter v. Equifax Information Services, LLC*, No. 3:10-cv-107 (E.D. Va.); *James v. Experian Information Solutions, Inc.*, No. 3:12-cv-908 (E.D. Va.); *Manuel v. Wells Fargo Nat'l Bank, N.A.*, No. 3:14-cv-00238 (E.D. Va.); *Milbourne v. JRK Residential Am., LLC*, No. 3:12-cv-00861 (E.D. Va.); *Thomas v. FTS USA, LLC*, No. 3:13-cv-825- REP (E.D. Va.).

13.   Matthew Rosendahl is also a lawyer at Kelly Guzzo, PLC. Prior to joining Kelly Guzzo, Matt practiced law for three years at McGuireWoods LLP, where he worked on complex intellectual property litigation, including patent, trademark, copyright, and trade secrets cases in federal courts across the country. Matt was recognized as a Rising Star in Intellectual Property (Virginia) in 2023. Matt graduated from William & Mary Law School in 2018, after which he clerked for two years for the Honorable David J. Novak of the United States District Court for the Eastern District of Virginia. Matt has been published in the *William & Mary Law Review*, receiving nationwide recognition as a top-15 law student author. He has also published articles in the *William & Mary Environmental Law and Policy Review* and the *Creighton International and Comparative Law Journal*.

14.   These cases were aggressively litigated by the Plaintiffs and Defendants. As soon as Plaintiffs filed this case in July 2020, Defendants vigorously defended it, including by filing motions to compel arbitration and to dismiss that raised complex and novel issues of arbitrability, sovereign immunity, and the failure to join necessary parties. *See, e.g., Fitzgerald v. Wildcat*, 687

6

F. Supp. 3d 756, 767 (W.D. Va. 2023). The Court denied those motions in an extensive opinion—spanning 61 pages—that addressed several matters of first impression in this District and the Fourth Circuit, including (1) the applicability of the prospective waiver doctrine to waivers of rights under state law; and (2) absolute and legislative immunity. *See generally id*. Defendants then appealed that decision to the United States Court of Appeals for the Fourth Circuit. *See Fitzgerald v. Wildcat*, Case No. 23-cv-1930 (4th Cir.); *Fitzgerald v. Skytrail Servicing Group, LLC*, Case No. 23-cv-1929 (4th Cir.).

15.  If approved, the settlement would resolve and terminate what has already been four years of litigation. The settlement would also avoid a timely, expense, and high stakes appeal involving multiple dispositive issues, primarily this Court's arbitration and sovereign immunity rulings. If Defendants succeeded on any of the issues, they could have disposed of the entire litigation. *See, e.g., Dunn v. Glob. Tr. Mgmt., LLC*, 2024 WL 4379966, at *1 (11th Cir. Oct. 3, 2024) (tribal lending case where appellate court reversed district court's decision regarding enforceability of delegation provision).

16.  The proposed settlement provides substantial relief to class members, primarily through the: The proposed settlement affords substantial relief to class members, including: (1) cancellation of approximately $1,400,000,000.00 ($1.4 billion) of outstanding loans; and (2) creation of a $37,350,000.00 ($37.35 million) common fund to be distributed to consumers who repaid unlawful amounts. In addition to this value, any negative credit reporting associated with the loans will be deleted.

17.  The proposed settlement is the **largest** ever obtained against participants in the tribal lending industry, and it surpasses multiple settlements approved by other federal courts in similar tribal lending cases. *See Turner v. ZestFinance, Inc.*, No. 3:19-cv-293, Final Approval Order at Dkt. 114 (E.D. Va. July 9, 2020) (Judge Novak granting final approval of a class

7

settlement providing $170 million in debt cancellation and a common fund of $18.5 million); *Gibbs v. Plain Green, LLC*, No. 3:17-cv-495, Final Approval Order at Dkt. 141 (E.D. Va. Dec. 13, 2019) (Judge Lauck granting final approval of a class settlement providing $380 million in debt cancellation and a common fund of $53 million); *Galloway v. Williams*, No. 3:19-cv-470, Final Approval Order at Dkt. 115 (E.D. Va. Dec. 18, 2020) (Judge Payne granting final approval of a class settlement providing $100 million in debt cancellation and a common fund of $8.7 million); *Gibbs v. TCV, V, LLP*, No. 3:19-cv-00789, Final Approval Order at Dkt. 95 (E.D. Va. Mar. 29, 2021) (Judge Lauck granting final approval of a class settlement providing $383 million in debt cancellation and a common fund of $50 million); *Hengle v. Asner,* No. 3:19-cv-250, Final Approval Order at Dkt. 230 (E.D. Va. Oct. 25, 2022) (Judge Novak granting final approval of a class settlement providing $450 million in debt cancellation and a common fund of $39 million); *Blackburn v. A.C. Israel Enterprises*, Case No. 3:22-cv-146, Final Approval Order at Dkt. 228 (E.D. Va.) (Judge Novak granting final approval of a class settlement creating a common fund of $25.5 million).

18. The settlement not only cancels an unprecedented amount of outstanding debt, but has far greater value when considering the fact that these loans carried triple digit interest rates. If these loans remain unpaid for just six months, the $1.4 billion outstanding balance could *quickly skyrocket* to billions of dollars due to the interest rates imposed. This is why it was also critical that the Tribal Officials further agreed to cease collecting any of the class members' loans upon the entry of the Preliminary Approval Order. *Id.* § 3.4(a)(ii). And "[t]o the extent any amounts are collected, inadvertently or otherwise, after the entry of the Preliminary Approval Order, the Tribal Officials will remit the funds back to the Settlement Class Member." *Id.* This means that—during the five months approval process—borrowers received immediate and critical relief from the burdens of their loans without having to wait several months for the notice and approval process

8

provided under Rule 23(e).

19.     The settlement also provides meaningful cash payments to class members who repaid unlawful amounts on their loans. As explained in the declaration from the Settlement Administrator, ALCS, 61 borrowers will receive a payment between $1,000 and $3,597; 4,991 borrowers will receive a payment between $250 and $1,000; 36,365 borrowers will receive a payment between $100 and $250; and 696,196 borrowers will receive payments between $2.00 and $100.00. These amounts are meaningful to consumers who take out small dollar loans at high-interest rates. And critically, many will receive both debt cancellation and a cash payment.

20.     While Plaintiffs believed fully in the strength of their claims, the biggest impediment was the risk that they could recover nothing because of the sovereign immunity of the tribal lending entities. *See, e.g., Williams v. Big Picture Loans, LLC*, 929 F.3d 170, 174 (4th Cir. 2019) (dismissing case against tribal lending entities because they were arms of the tribe). In addition, Defendants' appeal would have likely delayed this case for years—all while they continued to collect on the loans to the detriment of Class Members. *See, e.g., Dunn*, 2024 WL 4379966, at *1 (on appeal for over two years).

21.     Given these circumstances, I endorse the settlement as beyond fair and adequate when considering the substantial recovery obtained.

22.     As part of the settlement, Class Counsel has created a designated email account and telephone number for class members to contact us. So far, we have corresponded and communicated with more than a thousand consumers about the Settlement, and the response has been overwhelmingly positive. Class Counsel has also fielded numerous inquiries about the settlement and explained the process moving forward.

23.     I have no doubt that Class Counsel will spend a significant amount of additional time after final approval to help administer the settlement, continue to respond to class member

9

inquiries, and assist the settlement administrator with disbursement issues.

24. Lastly, each of the Plaintiffs in these cases were committed to litigating this case as a class action and securing relief for all of the class members affected by Defendants' conduct.

25. Throughout the course of this litigation, each of the Plaintiffs regularly communicated with counsel to stay updated on the case's status, reviewed the copies of pleadings that we sent to them, and stayed informed of settlement negotiations. They were also available for consultation for several of the mediation sessions and reviewed and approved the settlement agreement in this case.

26. Each Plaintiff put their reputation and privacy on the line by agreeing to participate in this hard-fought litigation. They spent significant time and effort to help Class Counsel prosecute the claims on behalf on the class.

27. Additionally, the Plaintiffs that I represent who seek to be class representatives have stayed aware of what is going on in this case so they can adequately protect the interests of absent class members.

I declare under penalty of perjury of the laws of the United States that the foregoing is correct.

Signed this 11th day of November, 2024.

                                              */s/ Kristi C. Kelly*
                                              Kristi C. Kelly