Exhibit 4

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division**

LORI FITZGERALD, *et al.*, *individually and on
behalf of others similarly situated*,

        Plaintiffs,

    v.

JOSEPH WILDCAT SR., *et al.*,

        Defendants.

Case No. 3:20-cv-00044 (NKM)

## <u>DECLARATION OF DALE W. PITTMAN</u>

I, Dale W. Pittman, Esquire, declare under penalty of perjury as follows:

1.      My name is Dale W. Pittman.  I am over the age of 18 and have personal knowledge

of the facts set forth herein.

2.      I am a member in good standing of the bars of the following courts:

Supreme Court of the United States
Washington, DC
February, 1997


Supreme Court of Virginia
Richmond, Virginia
June 8, 1976


U. S. Court of Appeals for the Fourth Circuit
Richmond, Virginia
September 2, 1980


United States District Court for the Western District of Virginia
Roanoke, Virginia

United States District Court for the Eastern District of Virginia
Richmond, Virginia
December 30, 1976

U.S. Bankruptcy Court for the Eastern District of Virginia
Richmond, Virginia
November, 1997.

3.      I am a 1971 graduate of Hampden-Sydney College and a 1976 graduate of the T. C.

Williams School of Law of the University of Richmond, Virginia. I am a member of the Virginia State

Bar, the Virginia Trial Lawyers Association, the Virginia Bar Association, the National Association of

Consumer Advocates, the Federal Bar Association, and the Petersburg Bar Association, of which I am

a past President. I am a member of the Council of the Virginia State Bar, the State Bar's governing

body, now serving in my sixth term on Bar Council, having served prior five terms over the course of

the past twenty-five years, as the elected representative of the Eleventh Judicial Circuit. My sixth term

on Bar Council began on July 1, 2023. I am a member of the Board of Governors of the Virginia Trial

Lawyers Association, and I chair the VTLA's Consumer Law Section. I serve on the Board of Directors

of the Legal Services Corporation of Virginia (LSCV), which provides funding for programs offering

civil legal assistance to low-income Virginians. I served as President of the LSCV Board for five years.

4.      From February 1, 1977, until September 13, 1996, I was employed by Southside

Virginia Legal Services, in Petersburg, Virginia, the local Legal Aid Society, as its General Counsel

(Chief Executive Officer). My caseload at Southside Virginia Legal Services evolved over the years

into a primarily consumer law practice.

5.      From September 16, 1996, until the present I have maintained a private law practice

with an office located in Petersburg. My work in private practice is limited almost exclusively to the

representation of consumers, with particular emphasis on representing consumer debtors under the Fair

Debt Collections Practices Act. I have a statewide consumer law practice and have represented

consumers from all regions of the Commonwealth and elsewhere.

6.     I was a contributing editor to the consumer law sections of *Virginia Practice Manual*, a practice manual for Legal Aid lawyers and for private lawyers handling cases under the auspices of *pro bono* initiatives in Virginia.

7.     Pleadings and discovery from many of my consumer law cases appear in the National Consumer Law Center's *Consumer Law Pleadings*, nationally distributed form books of consumer law pleadings, beginning in 1994. Pleadings and discovery from my cases appear in Books 1, 2, 5, 6, 7, 10, and 11.

8.     I have given over eighty lectures to lawyers that qualified for continuing legal education credit.

9.     I have made two presentations on consumer protection law and litigation to Virginia's General District Court judges at the Judicial Conference of Virginia for General District Court judges, one in 1987 on consumer protection laws generally, and one in 2008 on arbitration in consumer financial services cases.

10.     My consumer protection law continuing legal education lectures include the following:

| FDCPA Developments | National Consumer Law Center Consumer Rights Litigation Conference | October 26, 2024 |
|---|---|---|
| Mastering Wrongful Repossession Cases | National Association of Consumer Advocates Webinar | April 26, 2024 |
| Proving Attorney Fees: The Effective and Ethical Method | Virginia Trial Lawyers Association Zoom CLE | October 6, 2022 |

3

| | | |
|---|---|---|
| Ethical Issues in FDCPA Practice | 2022 Fair Debt Collection Conference, Orlando | April 25, 2022 |
| Rental Repairs: Making the Right Choice for Your Client | Virginia Poverty Law Center Annual Statewide Training Conference | October 14, 2021 |
| Spotting Violations of the FDCPA Regulations: Communications | National Consumer Law Center Fair Debt Collections Conference | March 4, 2021 |
| Phone Cases | 2018 Fair Debt Collections Conference, Chicago | March 19, 2018 |
| Consumer Protection Litigation and Bankruptcy: Intersections and Collisions, Fair Debt Collections Practices Act | Richmond Bar Association, Richmond | October 24, 2017 |
| Class Actions and Multiple Claims: End Games Planning (co-presenter with Judge John A. Gibney, Jr., Orran L. Brown, Sr, W. James Young, and M. Peebles Harrison) | Hampden-Sydney Bar Association CLE Event Hampden-Sydney | October 20, 2017 |
| Serious Illness, the Law, and Pro Bono Services, Part 3: Relief from Creditors | Legal Information Network Cancer, in conjunction with Virginia State Bar Access to Legal Services Committee | November 17, 2016 |
| Representing the Pro Bono Client: Consumer Law Basics 2016 | Practicing Law Institute, San Francisco | July 22, 2016 |

| | | |
|---|---|---|
| Fair Debt Collections Practices Act | Old Dominion Bar Association Winter Meeting, Williamsburg | January, 30, 2016 |
| Fair Debt Collections Practices Act Overview | Virginia State Bar Young Lawyers Section Professional Development Conference | September 24, 2015 |
| Consumer Law (FDCPA) | A Law Day Celebration Ft. Lee, Virginia | May 1, 2015 |
| FDCPA: Ask the Experts | National Association of Consumer Advocates Fair Debt Collection Training Conference, Washington, DC | March 11, 2015 |
| "It May Not Be a Payday Loan…." | Virginia Poverty Law Center 2014 Annual Statewide Legal Aid Conference, Portsmouth | October 23, 2014 |
| Meeting the Legal Needs of Individuals Facing Serious Illness Through Pro Bono – Relief From Creditors | Virginia State Bar and the Legal Information Network for Cancer Webinar | April 23, 2014 |
| Ethical Responsibilities of Class Counsel to Class Representatives, the Class and Objectors | Fair Debt Collection Practices Act Training Conference, San Antonio, Texas | March 8, 2014 |
| Fair Debt Collections Practices Act | Working With Military Clients, Military Law Section of the Virginia State Bar, Williamsburg, Virginia | October 18, 2013 |
| How the Consumer Bar Views FDCPA Compliance by Collection Attorneys | National Association of Retail Collection Attorneys Fall Collection Conference, Washington, DC | October 17, 2013 |

5

| | | |
|---|---|---|
| Making the Bad Guys Pay | Virginia Poverty Law Center, Richmond | May 9, 2013 |
| FDCPA: Ask the Experts | National Association of Consumer Advocates Fair Debt Collection Training Conference, Baltimore | March 8, 2013 |
| FDCPA Update | JAG School, Charlottesville, VA | December 11, 2012 |
| Fair Debt Collections Practices Act | VA CLE, Charlottesville, VA | September, 2012 |
| FDCPA | ABA Standing Committee on Legal Assistance to Military Personnel, George Mason University Law School | March 15, 2012 |
| Fair Debt Collections Practices Act | Ft. Lee Legal Assistance Division JAG Office CLE | May 5, 2011 |
| Handling Fair Debt Collections Practices Act Cases | 65th Legal Assistance Course, The Judge Advocate General's Legal Center and School, Charlottesville | November 16, 2009 |
| Handling Fair Debt Collections Practices Act Cases | VPLC Statewide Legal Aid Conference, Williamsburg | November 5, 2009 |
| Challenging Predatory Small Loans | National Consumer Law Center Consumer Rights Litigation Conference, Philadelphia | October 23, 2009 |

| | | |
|---|---|---|
| The Fair Debt Collections Practices Act: Update 2009 | VA CLE Webinar | September, 2009 |
| Handling Fair Debt Collections Practices Act Cases | 2009 Mid-Atlantic Joint Services Consumer Law Symposium, Naval Legal Service Office Mid-Atlantic Legal Assistance Department, Norfolk | June 12, 2009 |
| Handling Fair Debt Collections Practices Act Cases | 64th Legal Assistance Course, The Judge Advocate General's Legal Center and School, Charlottesville | April 2, 2009 |
| Defending Consumers in Medical Debt Collection Cases | National Consumer Law Center's Consumer Rights Litigation Conference in Portland, Oregon | October, 2008 |
| Combating Consumer Issues Facing the Military, FDCPA Cases | Consumer Law Intensive for Military Personnel Advocates, National Consumer Law Center's Consumer Rights Litigation Conference in Portland, Oregon | October, 2008 |
| Issues in Arbitration Cases | Judicial Conference of Virginia for District Court Judges, Virginia Beach | August 13, 2008 |
| A Perfect Storm – The Intersection of the FDCPA and the FCRA in Debt Collection Harassment Cases | Virginia CLE Solo and Small Firm Institute, Williamsburg | May 13, 2008 |
| Defending Debt Collection Suits | National Consumer Rights Litigation Conference, Washington, D.C. | November 11, 2007 |

| | | |
|---|---|---|
| Emerging Issues in Debt Collection Abuse & False Credit Reporting | Virginia Trial Lawyers Association Solo & Small Firm Conference, Richmond | October 19, 2007 |
| The Fair Debt Collections Practices Act (Including 2006 Amendments) | Virginia CLE | September 24, 2007 |
| Fair Debt Collections Practices Act | Naval Legal Service Office Mid-Atlantic Joint Services Consumer Law Symposium, Norfolk | May 11, 2007 |
| How to Win (or Not Lose) an Arbitration | National Consumer Rights Litigation Conference Miami, Florida | November 11, 2006 |
| Consumer Debt Collection | 59th Legal Assistance Course The Judge Advocate's School Charlottesville | November 2, 2006 |
| Consumer Credit: Remedies You Should be Aware Of | Virginia Trial Lawyers Association Solo & Small Firm Conference, Williamsburg | October 20, 2006 |
| Collection Law From Start to Finish (Presentation on the FDCPA) | National Business Institute Richmond | October 10, 2006 |
| Overview of the Fair Debt Collections Practices Act | Framme Law Firm, Richmond | June 23, 2006 |
| Fair Debt Collection Practices Act | Naval Justice School Newport, Rhode Island | May 22 , 2006 |

| | | |
|---|---|---|
| Fair Debt Collection Practices Act – Essential Tips for Both Debtors and Creditors | Virginia CLE - 4th Annual Advanced Consumer Bankruptcy, Richmond | April 28, 2006 |
| Fair Debt Collection Practices Act | 3rd Annual Naval Legal Service Office, Mid-Atlantic, Auto Fraud Symposium, Norfolk | April 12, 2006 |
| What the Virginia Lawyer Must Know About Consumer Protection | Solo and Small Firm Conference – Virginia Trial Lawyers Association, Charlottesville | September 30, 2005 |
| Points to Consider if You are Going to Arbitration | National Consumer Law Center's 13th Annual Consumer Rights Litigation Conference | November 7, 2004 |
| Protecting Your Client's Consumer Rights – Fair Debt Collections Practices Act | Virginia CLE - Richmond and Tysons Corner | April 21 and 22, 2004 |
| Fair Debt Collections Practices Act Training Conference – Practice Issues | National Consumer Law Center and National Association of Consumer Advocates, Kansas City | February 22, 2004 |
| Fair Debt Collections Practices Act | Henrico County Bar Association and Virginia Creditor's Bar Association, Richmond | February 19, 2004 |
| Using Experts in Automobile Sale Wreck Damage Cases | IVAN Diminished Value Conference, Chesapeake | January 31, 2004 |
| Consumer Law: Everything You Need to Know to be an Expert in Handling the Latest in Consumer Cases | First Annual Solo and Small Firm Conference – Virginia Trial Lawyers Association, Charlottesville | October 10, 2003 |

| | | |
|---|---|---|
| Points To Consider If You Are Going To Arbitration | Virginia Women Attorney's Association, Southside Chapter, Petersburg | July 31, 2003 |
| Fair Debt Collection Practices Act | Virginia CLE, First Advanced Consumer Bankruptcy Conference | May 2, 2003 |
| Fair Debt Collection Practices Act Fair Credit Reporting Act | Naval Justice School Newport, Rhode Island | April 3, 2003 |
| Overview of the Fair Debt Collections Practices Act | Framme Law Firm, Richmond | December 17 & 18, 2002 |
| Arbitrating: Who's Afraid of the Big Bad Wolf? | National Consumer Law Center Consumer Rights Litigation Conference, Atlanta | October 26, 2002 |
| Mobile Home Litigation Issues | National Consumer Law Center Consumer Rights Litigation Conference, Atlanta | October 25, 2002 |
| Settlement Agreements and Confidentiality Issues: Recent Cases in the News and the Problems News Attention Can Create | Virginia Trial Lawyers Association Fall Fiesta, Richmond | September 28, 2002 |
| Practice Pointers Roundtable | Virginia Trial Lawyers Association Fall Fiesta, Richmond | September 27, 2002 |
| Arbitration and Beyond: What to Do If You Are Forced Into Arbitration and What Happens After the Arbitral Award | Virginia Trial Lawyers Association Fall Fiesta, Richmond | September 27, 2002 |

| | | |
|---|---|---|
| Fair Debt Collection | ABA Standing Committee on Legal Assistance for Military Personnel Legal Assistance Symposium, Quantico | August 15, 2002 |
| Practical Applications of Consumer Protection Laws for the General Practitioner – Part II | Virginia Women Attorneys Association, Southside Chapter, Petersburg | June 27, 2002 |
| Practical Applications of Consumer Protection Laws for the General Practitioner – Part I | Virginia Women Attorneys Association, Southside Chapter, Petersburg | April 25, 2002 |
| Federal Court-Fun & Easy | Annual Statewide Legal Aid Conference, Virginia Beach | November 1, 2001 |
| FDCPA Compliance for the Virginia Practitioner | National Business Institute CLE for Virginia Lawyers, Richmond | October 11, 2001 |
| Use of Magnuson-Moss Warranty Act in the Recovery of Attorney's Fees | Virginia Trial Lawyers Association Fiesta 3, Richmond | September 28, 2001 |
| Credit Reporting Abuse | Petersburg Kiwanis Breakfast Club, Petersburg | September 18, 2001 |
| A Consumer Lawyer's Perspective on Mobile Home Transactions | Virginia Manufactured Housing Association, Virginia Beach | August 8, 2001 |
| Debt Collection Harassment, Credit Reporting Abuse, Home Solicitation Sales, Fraud. | Elder Law Day | May 11, 2001 |

11

| | | |
|---|---|---|
| Truth in Lending Act and Title Issues in Car Sales | VA Independent Automobile Dealers Association, District 1 Dinner Meeting, Virginia Beach, Virginia | April 11, 2001 |
| What Do These Attorneys Know About The Used Car Business That You Don't? | VA Independent Automobile Dealers Association, District 2 Dinner Meeting, Richmond, Virginia | January 30, 2001 |
| Mobile Home Litigation Issues | National Consumer Law Center Consumer Rights Conference | October 28, 2000 |
| Update on the Fair Debt Collection Practices Act | Virginia CLE® | July 12 and 19, 2000 |
| Consumer Privacy in the Electronic Age | The Bar Association of the City of Richmond | May 31, 2000 |
| Consumer Law Update for Virginia Practitioners, Fair Debt Collection Practices Act. | Virginia CLE® | December 7 and 8, 1999 |
| Recent Developments in Fair Debt Collection, With an Emphasis on the Fourth Circuit | Annual Statewide Legal Aid Conference | November 3, 1999 |
| Recent Developments in Fair Debt Collection | The Bankruptcy Section of the Bar Association of the City of Richmond | October 26, 1999 |
| Consumer Law Seminar | Office of the Staff Judge Advocate, Ft. Eustis, Virginia | August 27, 1999 |

| | | |
|---|---|---|
| Automobile Fraud and Financing Issues | Annual Statewide Legal Aid Conference | November 11, 1998 |
| Consumer Law for Support Staff | Annual Statewide Legal Aid Conference | November 11, 1998 |
| First Day in Practice (Topic: Consumer Law Practice) | Virginia State Bar | November 3, 1998 |
| Complying with the Fair Debt Collection Practices Act in Virginia | National Business Institute CLE for Virginia Lawyers | September 9, 1998 |
| Basic Overview of Several Consumer Protection Laws Available to Assist Victims of Consumer Fraud and Abuse | Charlottesville-Albemarle Bar Association Bankruptcy/Creditors' Rights Committee | February 10, 1998 |
| Overview of Consumer Law for Support Staff | Annual Statewide Legal Aid Conference | November 6, 1997 |
| The Fair Debt Collection Practices Act | Annual Statewide Legal Aid Conference | November 6, 1997 |
| Recent Developments under the Fair Debt Collection Practices Act | Virginia Creditor's Bar Association | September 25, 1997 |
| Fair Debt Collection Practices Act | 10th Circuit Bar Association, Keysville, VA | April 23, 1997 |

13

| | | |
|---|---|---|
| Complying With the Fair Debt Collection Practices Act in Virginia | National Business Institute CLE for Virginia Lawyers | February 11, 1997 |
| State and Federal Consumer Protection Statutes Frequently Applicable to General District Court Cases | Judicial Conference of Virginia General District Court Judges | April 29, 1989 |
| Everything Under the Sun You Ever Wanted to Know About Handling Home Improvement Cases | Elderly Law Task Force of Virginia Legal Services Programs | |
| Consumer Law for Non-Consumer Lawyers | Virginia Legal Services Attorneys | |
| Handing Home Improvement Cases | Consumer Law Training for Virginia Legal Services Attorneys | |

11.    The Summer 2006 edition of *The Journal of the Virginia Trial Lawyers Association* included "Disputing Home Loan Servicing Abuse Through RESPA," an article that I prepared for that publication.

12.    For nearly a decade, I prepared annual reports on Virginia law for the American Bar Association's *Survey of State Class Action Law*.

13.    I was Section Chairman and Program Moderator for a Virginia Trial Lawyers Association Consumer Law Seminar entitled "Keeping the Big Boys Honest," that took place on April 25, 1997, and covered the Fair Debt Collections Practices Act, the Fair Credit Reporting Act, Consumer Class Actions, Motor Vehicle Litigation, and Recovering Attorney's Fees in Consumer Litigation. I was Program Chair for the Consumer Law portion of the VTLA's February Fiesta

CLE that took place in Williamsburg in February, 2000. I was a presenter on Mobile Home Sales, and in a Consumer Law Practice Roundtable. I was Program Chair for the Consumer Law portion of the VTLA's Fall Fiesta that took place in Williamsburg on October 14 and 15, 2000, and was a presenter on Emerging Issues in Mobile Home Sales Fraud. I was Program Chair for the Consumer Law portion of the VTLA's Fiesta 3 that took place in Richmond on September 28 and 29, 2001, and was a presenter on "Use of the Magnuson-Moss Warranty Act to Recover Attorney's Fees." I was Program Chair for the Consumer Law portion of the VTLA's Fiesta 2002 that took place in Richmond on September 27 and 28, 2002, and was a presenter with Judge Dohnal and others on "Settlement Agreements and Confidentiality Issues: Recent Cases in the News and the Problems News Attention Can Create," "Arbitration and Beyond: What to Do If You Are Forced Into Arbitration and What Happens After the Arbitral Award," and a roundtable participant in a "Practice Pointers Roundtable."

14.     I was the 1996 recipient of the Virginia State Bar Legal Aid Award, given annually by the Virginia State Bar to recognize a Legal Aid attorney in Virginia who demonstrates innovation and creativity in advocacy and excellence in service to low-income clients. On November 9, 2007, I received the 2007 Consumer Attorney of the Year Award from the National Association of Consumer Advocates at its Annual Meeting in Washington, D.C. On October 21, 2010, I received the Virginia Lawyers Weekly "Leader in the Law 2010" award. On November 4, 2010, I received the Virginia Poverty Law Center's John Kent Shumate, Jr. Advocate of the Year Award, in recognition of my having made a significant impact in advocating for low-income Virginia residents. The Virginia Trial Lawyers Association recognized me as only the fifth recipient of its Oliver White Hill Courageous Advocate Award at the VTLA's 2014 annual convention, an award periodically presented to an advocate who has demonstrated courage and

commitment to the ideals of justice in representing an individual or cause at considerable personal risk. I received the Dr. David E. Marion Award for Legal Excellence, presented by the Hampden-Sydney College Bar Association, on October 20, 2017. I was named to the Virginia Lawyers Hall of Fame for 2019 by Virginia Lawyers Media, being honored for my career accomplishments, contributions to the development of the law in Virginia, contributions to the Bar and to the Commonwealth at Large and efforts to improve the quality of justice in Virginia. I have been selected to Virginia Super Lawyers every year since 2011. I am a fellow of the Virginia Law Foundation, whose mission is to promote, through philanthropy, the rule of law, access to justice, and law-related education. I am a member of the Virginia Poverty Law Center Advisory Council, a group of key community leaders advising the Center and serving as its ambassador by championing its mission of breaking down systemic barriers that keep low-income consumers in the cycle of poverty.

15.     I have been involved in many consumer cases involving a range of consumer protection laws, with an emphasis on the Fair Debt Collection Practices Act. Fair Debt Collection Practices Act, Fair Credit Reporting Act, Real Estate Settlement Procedures Act, Truth in Lending Act, and Equal Credit Opportunity Act cases that I have handled alone or co-counseled with others include *Bayone, et al, v. RAM's Auto Sales*, Civil Action No. 81-0847 (E.D. Va. 1981); *Withers v. Eveland*, 988 F. Supp. 942 (E.D. Va. 1997); *Creighton v. Emporia Credit Service, Inc.,* 981 F. Supp. 411 (E.D. Va. 1997); *Morgan v. Credit Adjustment Board*, 999 F. Supp. 803 (E.D. Va. 1998); *Talbott v. GC Services Limited Partnership*, 53 F. Supp. 2d 846 (W.D. Va. 1999); *Talbott v. GC Services Limited Partnership*, 191 F.R.D. 99 (W.D. Va. 2000); *Woodard v. Online Information Servs.*, 191 F.R.D. 502 (E.D.N.C., Jan. 19, 2000); *Pitchford v. Oakwood Mobile Homes*, 124 F. Supp.2d 958, 961 (W.D. Va. 2000); *Sydnor v. Conseco Financial Services Corp.*, 252 F.3d 302, 305 (4th Circ. 2001); *Jones v. Robert Vest*, 2000 U.S. Dist. LEXIS 18413 (E.D. Va. 2000); *Kelly v. Jormandy*, 2005 U.S. Dist. LEXIS 29901 (W.D. Va.

2005); *Lynch v. McGeorge Camping Center,* 2005 U.S. Dist. LEXIS 10201, *12 (E.D. Va. 2005);

*Thornton v. Cappo Mgmt. V, Inc.*, 2005 U.S. Dist. LEXIS 10202, *6 (E.D. Va. 2005); *Gansauer v.*

*Transworld Systems, Inc.*, Civil Action No. 7:00cv00931 (W.D. Va. 2007); *Croy v. E. Hall &*

*Associates, P.L.L.C.*, 2007 U.S. Dist. LEXIS 14830 (W.D. Va. 2007); *Turner v. Shenandoah Legal*

*Group, P.C.*, 2006 U.S. Dist. LEXIS 39341 (E.D. Va., June 12, 2006); *Karnette v. Wolpoff & Abramson*

*L.L.C.,* 444 F. Supp.2d 640 (E.D. Va. 2006); *Karnette v. Wolpoff & Abramson, L.L.P.,* 2007 U.S. Dist.

LEXIS 20794 (E.D. Va. March 23, 2007); *Bicking v. Law Offices of Rubenstein and Cogan*, 783 F.

Supp. 2d at 841v (E.D. Va. 2011); *James v. Encore Capital Corp.*, No. 3:11cv226 (E.D. Va.), *Goodrow*

*v. Friedman & MacFadyen, P.A.,* 788 F. Supp. 2d 464 (E.D. Va. 2011); *Goodrow v. Friedman &*

*MacFadyen, P.A.,* 2013 U.S. Dist. LEXIS 105395 (E.D. Va. July 26, 2013); *Kelly v. Nationstar*, 2013

U.S. Dist. LEXIS 156515 (E.D. VA 2013); *Cross v. Prospect Mortgage, LLC*, 986 F. Supp. 2d 688

(E.D. Va. 2013); *Fariasantos v. Rosenberg & Associates, LLC*, 2014 WL 928206, 2014 U.S. Dist.

LEXIS 30898, (E.D. Va. 2014); *DeCapri v. Law Offices of Shapiro Brown & Alt, LLP*, 2014 U.S. Dist.

LEXIS 131979, 2014 WL 4699591 (E.D. Va. 2014); *Lengrand v. WellPoint*, No. 3:11-CV-333 (E.D.

Va.); *Henderson v. Verifications, Incorporated*, Civil Action No. 3:11cv514 (ED Va.); and *Thomas v.*

*Wittstadt Title & Escrow Company*, LLC, No. 3:12cv450 (E.D. Va.); *Souter v. Equifax Information*

*Services*, *LLC*, 307 F.R.D. 183 (E.D. Va. 2015); *Henderson v. Corelogic, Inc., et al.*, Civil Action No.

3:12cv97 (E.D. Va.); *Berry, et al. v. Schulman*, 807 F.3d 600 (4th Cir. 2015); *Henderson v. First*

*Advantage Background Services Corp.*, Civil Action No. 3:14cv221 (E.D. Va.); *Hayes v. Delbert*

*Services Corp.*, et al, Civil Action No. 3:14cv258 (E.D. Va.); *Cornell v. Brock & Scott, PLLC*, Civil

Action No. 3:14cv841 (E.D. Va.); *Reese v. Stern & Eisenberg Mid Atlantic, PC*, Civil Action No.

3:16cv496 (E.D. Va.); *Bralley v. Carey*, 2011 U.S. Dist. LEXIS 107015 (E.D. Va. 2011); *Bralley v.*

*Carey*, 2011 U.S. Dist. LEXIS 142896 (E.D. Va. 2011); *Bralley v. Carey*, 2012 U.S. Dist. LEXIS

15191 (E.D. Va. 2012); *Hicks v. Fay Servicing, LLC*, 3:17cv780 (E.D. Va.); *Biber v. Pioneer Credit*

*Recovery, Inc.,* 2018 U.S. Dist. LEXIS 62325 (E.D. Va. 2018); *McClain v. Portfolio Recovery*

*Associates, LLC*, 2:18cv482 (E.D. Va.); *Cassell v. Receivables Performance Management, LLC*, 7:2018cv648 (W.D. Va.); *Grimes v. SunTrust Bank*, 3:2019cv400 (E.D. Va.); *Taylor v. Timepayment Corporation*, 3:18cv378 (E.D. Va.); *Baker v. NRA*, Civil Action No. 3:19cv48 (W.D. Va.); *Curtis v. Propel Property Tax Funding*, 915 F.3d 234 (2019); *Street v. Glen Allen Towing & Recovery, Inc.*, 3:19cv567 (E.D. Va.); *Blank v. Hyundai Capital America, Inc.,* 3:19cv735 (E.D. Va.); *Tinnell v. Durham & Durham, LLP*, 3:2019cv632 (E.D. Va.); *Lynda B. Harris v. American Coradius International, LLC*, 3:20cv625 (E.D. Va.); *Carter v. R&B Corporation of Virginia,* 4:20cv202 (E.D. Va.); *Louk v. Wright Way Motors*, LLC, 5:2020cv14 (W.D. Va.); *Cowles v. Peroutka, Miller, Klima & Peters, P.A.*, 3:20cv470 (E.D. Va.); *Green v. Kinum, Inc.*, 3:20cv329 (E.D. Va.); *Turner v. Faber & Brand, LLC*, Civil Action No. 3:21cv30 (E.D. Va.); *Beavers v. Summit Community Bank, Inc.,* 1:21cv42 (W.D. Va.); *Paul v. Freedom Mortgage Corporation*, 2:21cv633 (E.D. Va.); *Beville v. Experian Information Solutions, Inc.,*3:21cv343 (E.D. Va.); *Mejias v. Hyundai Lease Titling Trust,* 3:21cv393 (E.D. Va.); *Bohannon v. Elite Auto, Inc.,* 3:21cv402 (E.D. Va.); *Henderson v. Source for Public Data, L.P.,* 540 Supp. 3d 539 (E.D. Va. 2021); 53 F.4th 110 (4th Cir. 2022); *Hammack v. PHH Mortgage Corporation*, 3:22cv111 (E.D. Va.); *McAfee v. Synchrony Bank, et.al*, 3:22cv261 (E.D. Va.); *McAfee v. CIC Mortgage Credit, Inc.*, 3:22cv772 (E.D. Va.); and *Tate v. Freedom Mortgage Corp.,* 2023 U.S. Dist. LEXIS 206292, 2023 WL 8006194 (D. Or. 2023). I was one of several lawyers representing plaintiff classes in a Multidistrict FDCPA class action, styled *In Re Dun & Bradstreet, Inc. Debt Collection Practices Litigation*, MDL #1198. The cases, originally transferred by the Judicial Panel on Multidistrict Litigation to the Western District of Virginia, Danville Division, for consolidated pretrial proceedings, were centralized before the Northern District of Illinois for purposes of finalizing settlement. Classes were certified in *Talbott, Woodard, Gansauer, Karnette, Bicking, Goodrow, Kelly, Fariasantos, DeCapri, Lengrand, Henderson v. Verifications, Incorporated, Thomas, Soutter, Henderson v. Corelogic, Inc., Berry, Henderson v. First Advantage Background Services Corp., Hayes*, Cornell, *Reese,* and *Turner v. Faber & Brand*.

16.    I served as Special Master in a case styled *Silva v. Haynes Furniture Company, Inc.,* Civil Action No. 4:04cv082, (E.D. Va.), an ECOA/FCRA class action, having been appointed by Judge Kelley on January 27, 2006.

17.    Very few Virginia attorneys are willing to accept consumer cases because of the special expertise required and the risk of nonpayment. This case is not only a consumer case requiring such special expertise at the risk of nonpayment, but it is more complex than most consumer actions I have seen in my years of legal practice.

18.    I have extensive experience in consumer cases brought filed in federal courts in Virginia. I routinely represent plaintiffs in cases brought in the Eastern District of Virginia under the FDCPA and FCRA. I have been involved in many cases involving requests for attorneys' fees under different consumer protection claims and statute and am familiar with the rates charged by both plaintiffs' and defense attorneys in this region. My knowledge of the attorneys' fee recoveries, factors and rates in this District and this region comes from a variety of sources, including my own personal experience requesting, or opposing requests for, attorneys' fees, research and discussions with other attorneys, advertised rates, case decisions and other publications. I have had an opportunity to survey and I keep track of the attorneys' fees recovered in complex and consumer finance class action cases in this District and Division, as well as in the consumer protection field.

19.    Given the specific knowledge I have as to attorneys fees awarded and charged in this field and this market, I am able to testify as to the reasonable and expected ranges of fees in class action common fund settlements. In Virginia, an approved common fund percentage will almost always be between 25% and 35%. Within that range, the most common fee percentages are 30%, 33% and 35%.

20.    The largest factor effecting the percentage of common fund approved is the size of the common fund. Cases that settle for gross funds in excess of $15,000,000 are more likely to have a fee

set closer to 30%. Cases with gross settlement funds below $2,000,000 are more likely to have a fee set closer to 35%.

21.     In this case, Plaintiffs and the Class recovered a gross settlement common fund greater than $15,000,000 but less than $40,000,000. While I believe this settlement for over consumers is excellent, this is not a "superfund" settlement that would likely result in a lowered percentage. The 33.33% sought by Plaintiffs and Class Counsel here is a reasonable percentage that is not an outlier, but rather consistent with my expectations for the awards made for funds in this range. It is also consistent with every other tribal lending cases. *See Turner v. ZestFinance, Inc.*, No. 3:19-cv-293, Final Approval Order, Dkt. 114 (E.D. Va. July 9, 2020) (granting final approval of a class settlement providing $170 million in debt cancellation and a common fund of $18.5 million); *Gibbs v. Plain Green, LLC*, No. 3:17-cv-495, Final Approval Order, Dkt. 141 (E.D. Va. Dec. 13, 2019) (granting final approval of a class settlement providing $380 million in debt cancellation and a common fund of $53 million); *Galloway v. Williams*, No. 3:19-cv-470, Final Approval Order, Dkt. 115 (E.D. Va. Dec. 18, 2020) (granting final approval of a class settlement providing $100 million in debt cancellation and a common fund of $8.7 million); *Gibbs v. TCV, V, LLP*, No. 3:19-cv-00789, Final Approval Order, Dkt. 95 (E.D. Va. Mar. 29, 2021) (granting final approval of a class settlement providing $383 million in debt cancellation and a common fund of $50 million); *Hengle v. Asner,* No. 3:19-cv-250, Final Approval Order, Dkt. 230 (E.D. Va. Oct. 25, 2022) (granting final approval of a class settlement providing $450 million in debt cancellation and a common fund of $39 million); *Blackburn v. A.C. Israel Enterprises*, Case No. 3:22-cv-146, Final Approval Order, Dkt. 228 (E.D. Va.) (granting final approval of a class settlement creating a common fund of $25.5 million).

22.     The 33.33% of the cash fund is not only reasonable on its own, but it is even more reasonable when considering extraordinary debt cancellation achieved by Class Counsel. It is well

established that a court "must also consider the overall benefit to the class, including non-monetary benefits, when evaluating the fee request." *Bell v. Pension Comm. of ATH Holding Co., LLC*, 2019 WL 4193376, at *2 (citing *Spano v. Boeing Co*, 2016 WL 3791123, at *1 (S.D. Ill. Mar. 31, 2016)); *see also Gradie v. C.R. England, Inc.*, 2020 WL 6827783, at *12 (D. Utah Nov. 20, 2020) ("The Court finds it appropriate to include the debt relief portion of the Settlement in the gross value because the debt relief provides real and tangible benefit to Participating Class Members, and courts routinely include debt relief as part of the total settlement fund, as the cases cited by Plaintiffs demonstrate."); *Sorace v. Wells Fargo Bank*, 2024 WL 643229, at *10 (E.D. Pa. Feb. 15, 2024) ("Courts frequently include debt forgiveness in the value of settlements."). When accounting for the debt cancellation, the requested fee is .0088% percent of the value of the settlement, which is obviously reasonable. Also, the debt cancellation is not a coupon (or other form of consideration without meaningful value), but eliminates the legal right for the tribal entities to pursue what they view to be lawful and enforceable loan contracts. Elimination of the loans not only has a high-dollar value, but also alleviates the psychological strain associated with these debt traps—which often cause consumers to take out multiple loans to pay off a prior debt. This is an outstanding result, which will directly benefit members of the class.

23.    I am familiar with the law firms of Kelly Guzzo PLC, who are Class Counsel in this case. I know from personal observation that each such lawyer participating from those firms is a top-notch attorney. I also know from personal observation that they are among the very best attorneys who constitute Virginia's consumer-side consumer protection bar, and also are among the best in their field nationwide.

24.    In my opinion, Kelly Guzzo (KG) is one of America's best consumer-side consumer protection litigation law firms. I cannot point to any other law firm in the country that I

would describe as doing a better job representing consumers in federal court in consumer protection litigation, especially in tribal lending cases.

25.    I have known Kristi C. Kelly for roughly fourteen years. I have followed her career by attending consumer protection lectures that she has given, by consulting regularly with her on matters of consumer protection law, and by working together with her in cases that we have co-counseled. I know her to be an extremely skilled, thorough and tenacious litigator, who enjoys the well-deserved reputation of being perhaps the top mortgage lending and mortgage foreclosure abuse lawyer in Virginia and nationally is recognized for her work on tribal lending cases.

26.    I have known Andrew J. Guzzo for roughly ten years. Throughout the time that I have known Mr. Guzzo, he has worked in affiliation with Ms. Kelly.

27.    Mr. Guzzo and I have collaborated on motions briefing, discovery issues, and other aspects of a number of consumer protection matters, primarily in cases arising under the Fair Debt Collection Practices Act. As an example, we worked closely together on a Motion to Dismiss briefing in *Kelly v. Nationstar Mortgage*, Civil Action No. 3:13-cv-311(JAG), a Richmond Division FDCPA case. His work there, as in all the other work that I have seen him do, was excellent, and contributed significantly in my opinion to the favorable ruling that we received from Judge Gibney in that case. *Kelly v. Nationstar Mortgage, LLC*, 3013 U.S. Dist. Lexis 156515 (E.D. Va. 2013).

28.    I have known Casey Nash for roughly eleven years, having met her through her work at CLA. I know Ms. Nash to be a conscientious, extremely bright, and hard-working lawyer who has assisted in developing and litigating several ground-breaking consumer-protection litigation theories in cases in which I have worked as co-counsel, including for example her enormous contributions to the Complaint preparation and briefing in *Goodrow v. Friedman & MacFadyen*, Civil Action No. 3:11-

cv-20(MHL), a mortgage foreclosure case in the Richmond Division that asserted a number of cutting edge consumer protection theories.

29.      I have known Pat McNichol and Matt Rosendahl for several years since their respective clerkships on the Eastern District of Virginia.  Both as law clerks and in private practice, they have gained reputations as creative and hardworking lawyers and excellent advocates.  Both are strong additions to the bench at KG.

30.      I believe that the fee sought by Class Counsel in this matter is not only fair and reasonable, given the qualifications of Class Counsel, the strong success in obtaining a landmark settlement, but also that anything less would underestimate the value of Class Counsel's work and effort expended on this litigation given its incredible complexity. As such, this case demanded specialized skill and experience that even some of the best consumer class action attorneys operating at the highest level of legal practice do not have. It is clear to me that Class Counsel in this case both possess and implemented the necessary specialized skill and experience. In addition, they faced these challenges brilliantly while facing some of the most premier defense law firms in the country.

I declare under penalty of perjury of the laws of the United States that the foregoing is correct.

Signed this 12th day of November, 2024.


*/s/ Dale W. Pittman*
Dale W. Pittman