CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

12/17/2024

LAURA A. AUSTIN, CLERK
BY: s/ CARMEN AMOS
     DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

| | |
|---|---|
| LORI FITZGERALD, *et al.*, *individually and on behalf of others similarly situated*, <br><br> Plaintiffs, <br><br> v. <br><br> JOSEPH WILDCAT SR., *et al.* <br><br> Defendants. | CASE NO. 3:20-cv-00044 <br><br> ORDER <br><br> JUDGE NORMAN K. MOON |

## ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND ENTERING JUDGMENT

This matter comes before the Court on the Motion for Final Approval of the Settlement and Final Certification of the Settlement Class ("Final Approval Motion"), filed by Plaintiffs Lori Fitzgerald, Aaron Fitzgerald, Kevin Williams, Jade Singleton, Angela Maville, Daniel Goodman, Gustinna De Silva, and John Tucker (collectively, "Plaintiffs"), on behalf of themselves and the preliminarily certified Settlement Class. *See* Dkt. 193 (motion for final approval); Dkt. 194 (memorandum in support).

The Court has reviewed the papers filed in support of the Final Approval Motion, the Settlement Agreement filed with Plaintiff's Preliminary Approval Motion, the memoranda and arguments submitted on behalf of the Settlement Class, and all supporting exhibits and declarations thereto, as well as the Court's Preliminary Approval Order. The Court held a Final Fairness Hearing on December 13, 2024, at which time the Parties and other interested persons were given an opportunity to be heard in support of and in opposition to the proposed settlement.

Based on the papers filed with the Court and the presentations made at the Final Fairness Hearing, the Court finds that the Settlement Agreement is fair, reasonable, and adequate.

Accordingly, the Court hereby ORDERS, ADJUDGES, and DECREES as follows:

1. This Final Approval Order incorporates and makes a part this Order the Settlement Agreement and the Preliminary Approval Order, as if fully set forth herein. Unless otherwise provided, the capitalized terms used in this Order shall have the same meanings and/or definitions given to them in the Preliminary Approval Order and the Settlement Agreement.

2. This Court has jurisdiction over matters relating to the Settlement, including, without limitation, the administration, interpretation, effectuation, and enforcement of the Settlement, the Settlement Agreement, and this Final Order and Judgment.

## CERTIFICATION OF THE SETTLEMENT CLASS AND APPOINTMENT OF CLASS COUNSEL AND CLASS REPRESENTATIVES

3. In the Preliminary Approval Order, this Court previously certified preliminarily, for settlement purposes only, a Settlement Class defined as follows:

> All consumers residing within the United States who executed loan agreements with any LDF Tribal Corporation between July 24, 2016 and October 1, 2023.

4. Certification of the Settlement Class is hereby reaffirmed as the final Settlement Class pursuant to Federal Rule of Civil Procedure 23. For the reasons set forth in the Preliminary Approval Order, the Court finds, on the record before it, that the Action, for purposes of this Settlement, may be maintained as a class action.

5. In the Preliminary Approval Order, this Court previously appointed the above-identified Plaintiffs Lori Fitzgerald, Aaron Fitzgerald, Kevin Williams, Jade Singleton, Angela Maville, Daniel Goodman, Gustinna De Silva, and John Tucker as Class Representatives and

hereby reaffirms that appointment, finding, on the record before it, that the Class Representatives have and continue to adequately represent the Settlement Class.

6. In the Preliminary Approval Order, this Court previously appointed the law firm of Kelly Guzzo PLC as Class Counsel for settlement purposes only and hereby reaffirms that appointment, finding on the record before it that Class Counsel have and continue to adequately and fairly represent the Settlement Class.

## CLASS NOTICE

7. The record shows, and the Court finds, that Class Notice has been given to the Settlement Class in the manner approved by the Court in its Preliminary Approval Order. The Court finds that such Notice constitutes: (i) the best notice practicable to the Settlement Class under the circumstances; (ii) notice that was reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of this Action and the terms of the Settlement Agreement, their rights to exclude themselves from the Settlement or to object to any part of the Settlement, their rights to appear at the Final Fairness Hearing (either on their own or through counsel hired at their own expense), and the binding effect of the Final Order and Final Judgment, whether favorable or unfavorable, on all persons who do not exclude themselves from the Settlement Class; (iii) due, adequate, and sufficient notice to all persons or entities entitled to received notice; and (iv) notice that fully satisfies the requirements of the United States Constitution (including the Due Process Clause), Federal Rules of Civil Procedure 23(c)(2)(B) and 23(e)(1), and any other applicable law.

8. Due and adequate notice of the proceedings having been given to the Settlement Class and a full opportunity having been offered to the Settlement Class Members to participate in the Final Fairness Hearing, it is hereby determined that all Settlement Class Members except

those who timely and properly opted out, as identified in Exhibit A to this Order, are bound by this Order and the Final Judgment. No Settlement Class Members, other than those listed in Exhibit A to this Order, are excluded from the Settlement Class, from the terms of the Settlement Agreement, or from the effect of this Final Approval Order and Final Judgment.

### FINAL APPROVAL OF THE SETTLEMENT AGREEMENT

9. Pursuant to Federal Rule of Civil Procedure 23(e), the Court hereby finally approves in all respects the Settlement as set forth in the Settlement Agreement and finds that the Settlement, the Settlement Agreement, the benefits to the Settlement Class Members, and all other parts of the Settlement are, in all respects, fair, reasonable, and adequate, and in the best interest of the Settlement Class, within a range that responsible and experienced attorneys could accept considering all relevant risks and factors and the relative merits of Plaintiffs' claims and any defenses of the Defendants, and are in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause, and the Class Action Fairness Act. Accordingly, the Settlement shall be consummated in accordance with the terms and provisions of the Settlement Agreement, with each Settlement Class Member bound by the Settlement Agreement, including any releases therein.

10. Specifically, the Court finds that the Settlement is fair, reasonable, and adequate given the following factors, among others:

    a.    This Action was complex and time consuming and would have continued to be so through summary judgment and/or trial if it had not settled;

    b.    Defendants have denied liability and have indicated their intent to continue to defend the litigation vigorously had it not settled, including through their pending appeal before the Fourth Circuit Court of Appeals;

       c.       Class Counsel had a well-informed appreciation of the strengths and weaknesses of the Action while negotiating the Settlement;

       d.       The monetary and injunctive relief provided for by the Settlement is well within the range of reasonableness in light of the best possible recovery and the risks the Parties would have faced if the case had continued to verdicts as to jurisdiction, liability, and damages, and includes approximately $1.4 billion in cancelled debt and automatic cash payments to Class Members who qualify based on the amounts they paid and the applicable state law;

       e.       The Settlement was the result of arm's-length good faith negotiations and exchange of information by experienced counsel, while also involving a neutral mediator; and,

       f.       The reaction of the Class to the Settlement has been positive, with only 40 potential class members timely requesting to opt out, and there have been no objections to the Settlement.

11.       Accordingly, the Settlement shall be consummated in accordance with the terms and provisions of the Settlement Agreement.

## MONETARY CONSIDERATION AND INJUNCTIVE RELIEF

12.       The Court approves the Parties' plan to distribute the Cash Awards provided for by the Settlement Agreement to the Settlement Class Members as set forth in the Settlement Agreement.

13.       The Court also approves the agreements reached with respect to injunctive relief, as set forth in the Settlement Agreement, including that: (1) the Tribal Officials shall reduce the balance of each Outstanding Loan to zero on the basis that the debt is disputed and shall inform effected Class Members that no further payments are due on their loans; (2) the Tribal Officials will not sell, transfer, or assign for collection any Outstanding Loans and will cease all direct or

indirect collection activity on Outstanding Loans; and (3) the L.D.F. Business Development Corporation shall send to all consumer reporting agencies to which the LDF Tribal Corporations previously had reported information regarding loans originated during the class period and request permanent removal of any negative tradelines previously reported to the CRAs in the name of the LDF Tribal Corporations.

14.     The relief provided by the Settlement is significant. All Settlement Class Members who have made qualifying payments on the loans in question (as described in Section 3.4(b)(ii) of the Settlement Agreement) will receive cash payments. Those with Outstanding Loans in the class period will also have those loans completely reduced and will no longer owe any payments on the loans, resulting in the cancellation of approximately $1.4 billion of loans. The Tribal Officials have also agreed not to sell or attempt to collect any Outstanding Loans issued to the Settlement Class during the class period and to request deletion of negative tradelines in the Class Members' credit reports. These additional benefits to Class Members have significant value. Further, Class members will receive these benefits without having to prove any harm or take any affirmative actions. In other words, Class Members will not be required to submit any forms or claims for payment or other benefits.

## DISMISSAL OF CLAIMS AND RELEASES

15.     This Action and all Released Claims of Settlement Class Members are hereby DISMISSED WITH PREJUDICE and, except as otherwise provided herein or in the Settlement Agreement, without costs to any Party.

16.     Pursuant to the Settlement Agreement, as of the Effective Date of this Settlement, the Releases set forth in the Settlement Agreement shall have full force and effect against all Settlement Class Members.

**AWARD OF ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS**

17.  At the conclusion of a successful class action, class counsel may apply to a court for an award of attorneys' fees.  *See* Fed. R. Civ. P. 23(h).  Pursuant to the Settlement Agreement, Class Counsel may request reasonable attorneys' fees and reimbursement of costs to be paid from the Fund, provided that the total amount requested does not exceed one-third of the Fund provided to Settlement Class Members.

18.  Because this is a common fund case, it is appropriate to employ a percentage of the fund method for calculating a proper fee award.  When a representative party confers a substantial benefit upon a class, counsel is entitled to attorneys' fees based on the benefit obtained.  *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980); *see also, e.g.*, *Blackburn v. A.C. Israel Enters.*, No. 3:22-cv-146-DJN, ECF No. 228 (E.D. Va. Mar. 7, 2024); *Milbourne v. JRK Residential America, LLC*, No. 3:12-cv-861-REP, ECF No. 324 (ED. Va. Jan. 4, 2017); *Mayfield v. Memberstrust Credit Union*, No. 3:07-cv-506-REP, ECF No. 22 (E.D. Va. Nov. 7, 2008); *Conley v. First Tennessee*, No. 1:10-cv-1247-JFA, ECF No. 37 (E.D. Va. Aug. 18, 2011); *Lengrand v. Wellpoint*, No. 3:11-cv-333-HEH, ECF No. 42 (E.D. Va. Nov. 13, 2012).

19.  No class member or Government entity has objected to Class Counsel's request.

20.  The Court, having reviewed the declarations, exhibits, and points and authorities submitted in support of and opposition to Class Counsel's request for attorneys' fees and reimbursement of costs, approves the award of attorneys' fees and costs to Class Counsel in the amount of **$12,449,999.90** ("Fee and Expense Award").  The Court finds that the Fee and Expense Award is reasonable and appropriate under all the circumstances presented.

21. The Settlement Agreement also provides that Plaintiffs may request a Service Award to be paid from the Fund, provided such awards do not exceed $15,000 for each Class Representative.

22. Courts routinely grant service awards to compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation. *See, e.g.*, *Manuel v. Wells Fargo Bank*, No. 3:14-cv-238-DJN, 2016 WL 1070819, at *6 (E.D. Va. Mar. 15, 2016) (explaining that service awards are "intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general"). Here, the Court finds that the requested Service Awards are reasonable and within the range of awards granted by courts in this and other circuits. *See, e.g.*, *id.* (approving $10,000 award); *Blackburn*, No. 3:22-cv-146, ECF No. 228 (E.D. Va. Mar. 7, 2024) (approving $15,000 awards); *Lemus v. H & R Block Enters. LLC*, No. 09-cv-3179, 2012 WL 3638550, at *5-6 (N.D. Cal. Aug. 22, 2012) (same). Moreover, these Service Awards are justified by the time and effort expended by the Class Representatives on behalf of the Settlement Class Members and the risk each assumed in bringing this action. Accordingly, the Court finds that each of the Class Representatives shall be awarded $15,000 for their efforts, to be paid from the Fund.

23. The Court further notes that the percentage of requested attorneys' fees and reimbursement of costs and the dollar amount of the Service Awards was included in the notice materials disseminated to the Settlement Class.

24. The award of attorneys' fees and costs and Service Awards shall be paid by the Defendants from the Fund, as set forth in the Settlement Agreement.

25. The Parties' distribution plan of payments to the Tier 1 and Tier 2 Class Members (as described in Section 3.4(b)(iii) of the Settlement Agreement) in *pro rata* allocations of the Settlement Fund, following the above deductions, is approved for implementation. Should funds remain after all distributions are made and the check negotiation period provided for in the Settlement Agreement has passed, then such residual funds shall be paid, after approval from the Court pursuant to the *cy pres* doctrine, to a mutually agreeable recipient as determined by the Parties. If the Parties do not agree on a *cy pres* recipient, the Parties must submit the issue to the Court.

## OTHER PROVISIONS

26. The Court has jurisdiction to enter this Final Order and Final Judgment. Without in any way affecting the finality of this Final Order or the Final Judgment, and by consent of the Parties, the Court expressly retains exclusive and continuing jurisdiction over the Settlement and the Settlement Agreement, including all matters relating to the administration, consummation, validity, enforcement, and interpretation of the Settlement Agreement or the Final Order and Judgment, including without limitation, for the purpose of:

    a. Enforcing the terms and conditions of the Settlement Agreement and resolving any disputes, claims, or causes of action that, in whole or in part, are related to or arise out of the Settlement Agreement, the Final Order, or the Final Judgment (including whether a person or entity is or is not a Settlement Class Member);

    b. Entering such additional orders, if any, as may be necessary or appropriate to protect or effectuate the Final Order, the Final Judgment, or the Settlement Agreement, or to ensure the fair and orderly administration of the Settlement; and,

c. Entering any other necessary or appropriate orders to protect and effectuate this Court's retention of continuing jurisdiction over the Settlement Agreement, the Final Order, or the Final Judgment.

27. Without affecting the finality of this Order or the Final Judgment, the Defendants, each Settlement Class Member, and the Administrator hereby irrevocably submit to the exclusive jurisdiction of the Court for the limited purpose of any suit, action, proceeding, or dispute arising out of the Settlement Agreement or the applicability of the Settlement Agreement, including any suit, action, proceeding, or dispute relating to the Release provisions herein.

28. The Parties are hereby directed to carry out their obligations under the Settlement Agreement.

29. Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement. Likewise, the Parties may, without further order of the Court or notice to the Settlement Class, agree to and adopt such amendments to the Settlement Agreement (including exhibits) as are consistent with this Final Order and the Final Judgment that do not limit the rights of the Settlement Class Members under the Settlement Agreement.

30. In the event that the Settlement becomes null and void, certification of the Settlement Class shall be automatically decertified and vacated and this Final Approval Order and Final Judgment, as well as all other orders entered and releases delivered in connection with the Settlement Agreement, shall be vacated and shall become null and void, shall be of no further force and effect, and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if the Settlement Agreement had never been executed. The Settlement Agreement and all negotiations, proceedings, documents prepared, and statements in made in

connection therewith, shall be without prejudice to any Party and shall not be deemed or construed to be an admission or confession by any Party of any fact, matter, or proposition of law.

31.   This Final Approval Order and Final Judgment is final for purposes of appeal and may be appealed immediately, and the Clerk is hereby directed to enter judgment thereon.

This case is now CLOSED.

It is so **ORDERED**.

The Clerk of the Court is directed to send a certified copy of this Order to all counsel of record.

Entered this 17th day of December, 2024.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE